# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| CENTRIPETAL NETWORKS, INC., | ) |
| Plaintiff, | ) No. 2:18-cv-00094-MSD-LRL |
| vs. | ) |
| CISCO SYSTEMS, INC., | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF CENTRIPETAL NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## **TABLE OF CONTENTS**

Page

I.   INTRODUCTION .................................................................................................................1

II.  STATEMENT OF FACTS ..................................................................................................1

     A.   Before the Complaint Was Filed, Cisco Knew of Centripetal's Patents ..................1

     B.   Centripetal Files This Lawsuit ..................................................................................3

III. ARGUMENT .......................................................................................................................3

     A.   Centripetal Pled Sufficient Facts Showing Cisco's Indirect Infringement ..............4

          1.   Centripetal Pled Pre-Suit Knowledge of the Asserted Patents. ................... 4

          2.   Centripetal Pled Cisco's Specific Intent to Induce Infringement. .............. 5

     B.   Centripetal Pled Sufficient Facts Showing Cisco's Willful Infringement ...............8

     C.   At The Very Least, Centripetal Should Be Given Leave to Amend......................11

IV. CONCLUSION..................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................................3, 8

*Audio MPEG, Inc. v. HP Inc.*,
    No. 2:15-cv-00073-HCM-RJK, 2016 WL 7010947 (E.D. Va. July 1, 2016)...........................8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................................................3

*CarFax, Inc. v. Red Mountain Tech.*,
    119 F.Supp.3d 404 (E.D. Va. 2015) .........................................................................................6

*Davis v. Piper Aircraft Corp.*,
    615 F.2d 606 (4th Cir. 1980) ..................................................................................................12

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*,
    935 F.Supp.2d 772 (D. Del. 2013)..........................................................................................12

*Finjan, Inc. v. Cisco Sys., Inc.*,
    No. 17-00072, No. 17-00072, Dkt. No. 99, Order Denying Defendant Cisco
    Systems Inc.'s Motion to Dismiss Willful Infringement Claims at 11-12
    (N.D. Cal. Feb. 6, 2018)..........................................................................................................10

*Finjan, Inc. v. Juniper Networks, Inc.*,
    No. C 17-05659 WHA, 2018 WL 905909 (N.D. Cal. Feb.14, 2018).....................................11

*Global Tech LED, LLC v. Every Watt Matters, LLC*,
    No. 15-cv-61933-BLOOM, Dkt. No. 62,
    Order on Motion to Dismiss (S.D. Fla. July 29, 2016)............................................................10

*Halo Elecs. Inc. v. Pulse Elecs., Inc.*,
    136 S.Ct. 1923 (2016)...............................................................................................................8

*Laber v. Harvey*,
    438 F.3d 404 (4th Cir. 2006) ..................................................................................................11

*Lexington Luminance LLC v. TCL Multimedia Tech. Holdings Ltd.*,
    No. 16-cv-11458-DJC, 2017 WL 3795769 (D. Mass. Aug. 30, 2017)....................................9

*Palmetto Pharms. LLC v. Astrazeneca Pharms. LP*,
    No. 2:11-cv-00807-SB-JDA, 2012 WL 484907 (D.S.C. Jan. 4, 2012) .................................6, 7

*Princeton Digital Image Corp. v. Ubisoft Entm't SA*,
   No. 13-335-LPS-CJB, 2016 WL 6594076 (D. Del. Nov. 4, 2016) ..........................................11

*Rembrandt Social Media, LP v. Facebook, Inc.*,
   950 F.Supp. 2d 876 (E.D. Va. June 12, 2013) ....................................................................11

*Shire Viropharma Inc. v. CSL Behring LLC*,
   No. 17-414, Dkt. No. 43, Memorandum Opinion (D. Del. Jan. 8, 2018) ..............................10

*Simplivity Corp. v. Springpath, Inc.*,
   No. 4:15-13345-TSH, 2016 WL 5388951 (D. Mass. July 15, 2016) ......................................5

*Smart Wearable Techs., Inc. v. Fitbit, Inc.*,
   274 F.Supp.3d 371 (E.D. Va. 2017) ......................................................................................8

*SynQor, Inc. v. Artesyn Techs., Inc.*,
   No. 07 Civ. 497, 2011 WL 3624957, at *3 (E.D. Tex. Aug. 17, 2011),
   aff'd, 709 F.3d 1365 (Fed. Cir. 2013) ....................................................................................5

*Water Techs. Corp. v. Calco Ltd.*,
   850 F.2d 660 (Fed. Cir. 1998) ...............................................................................................6

*Wilkins v. Wells Fargo Bank, N.A.*,
   320 F.R.D. 125 (E.D. Va. 2017) ..........................................................................................12

*Zond, Inc. v. SK Hynix Inc.*,
   No. 13-11591-RGS, 2014 WL 346008 (D. Mass. Jan. 31, 2014) ..........................................10

*Zond, LLC v. Renesas Elecs. Corp.*,
   No. 13-11625-NMG, 2014 WL 4161348 (D. Mass. Aug. 15, 2014) ....................................12

**Statutes**

35 U.S.C. § 101 .................................................................................................................................6

35 U.S.C. § 271(b) ............................................................................................................................6

**Other Authorities**

Federal Rules of Civil Procedure 11 ................................................................................................1

Federal Rules of Civil Procedure 15(a)(2) .....................................................................................11

I.  **INTRODUCTION**

The Court should deny Defendant Cisco Systems, Inc. ("Cisco") Motion to Dismiss Plaintiff Centripetal Networks, Inc. ("Centripetal")'s claims of indirect infringement and willful infringement because (1) Centripetal sufficiently pled facts in its Amended Complaint showing that Cisco had knowledge of the Asserted Patents before the Amended Complaint was filed, (2) Cisco instructed others, including its customers, to use its Accused Products in an infringing manner, and (3) Cisco engaged in deliberate copying of Centripetal's patented technology with knowledge of the Asserted Patents despite the objectively high likelihood of infringement.

Cisco makes numerous unsupported, conclusory arguments in its opening memorandum, including the assertion that the Amended Complaint is insufficient to show pre-suit notice of the Asserted Patents.[1]  For the reasons discussed in detail below, the Court should deny Cisco's Motion to Dismiss as Centripetal satisfies the pleading standard for indirect infringement and willful infringement claims.  Alternatively, at the very least, in the event the Court grants any part of Cisco's Motion, Centripetal should be granted leave to amend.

II.  **STATEMENT OF FACTS**

  A.  **Before the Complaint Was Filed, Cisco Knew of Centripetal's Patents**

On or around 2014, Centripetal partnered with ThreatGRID, a company that makes threat intelligence technology which Centripetal integrates with its patented products.  Dkt. No. 29, ¶¶ 66, 90, 120, 147, 174, 201, 228, 258, 289, 315, 343, 382.  About a year and a half later, in January 2016, Cisco requested an introduction to Centripetal through Granite Hill Partners, a mutual contact.  *Id.*, ¶¶ 67, 91, 121, 148, 175, 202, 229, 259, 291, 316, 344, 383.  Around that time, Cisco acquired ThreatGRID, and gained increased exposure to Centripetal's patented

---

[1] Centripetal notes that Cisco failed to sign its Motion and Memorandum of Points and Authorities in violation of Federal Rule of Civil Procedure 11.  *See* Dkt. Nos. 37, 38.

1

technology. Dkt. No. 29, ¶¶ 66, 90, 120, 147, 174, 201, 228, 258, 289, 315, 343, 382. Cisco then invited Centripetal to give a demonstration of its patented products in Cisco's "Security Partner Village" booth at its Cisco partner conference, "Cisco Live." Dkt. No. 29, ¶¶ 68, 92, 122, 149, 176, 203, 230, 260, 291, 317, 345, 384. At Cisco's invitation, Centripetal demonstrated its RuleGATE Threat Intelligence Gateway product that was marked with patent numbers. *Id.*

At the time of the partner conference, four of the Asserted Patents (the '806, '713, '552, '205 Patents) had issued and were clearly marked on Centripetal's products, applications for three Asserted Patents (the '193, '077, and '213 Patents) had published and were publicly available on the U.S. Patent and Trademark Office website, and the remaining four Asserted Patents (the '722, '148, '176, and '856 Patents) either issued or most were published shortly thereafter.[2] *See* Dkt. No. 29, ¶ 64 ("Centripetal's products and services are marked with Centripetal's patents. For example, Centripetal builds and sells RuleGATE2000, a product which is marked with at least the '806 Patent, the '713 Patent, the '205 Patent, the '552 Patent, the '213 Patent, the '077 Patent, and the '176 Patent"); Declaration of Hannah Lee in Support of Centripetal's Opposition to Cisco's Motion to Dismiss ("Lee Decl.,"), Ex. A (current label showing all patents marked on Centripetal's RuleGATE products). Centripetal's products have been continuously marked with its patents as they issue, and Cisco, to this day, continues to identify Centripetal as part of its "partner ecosystem" of products that integrate with Cisco's products. Dkt. No. 29, ¶¶ 64, 68, 92, 122, 149, 176, 203, 230, 260, 291, 317, 345, 384; *id.,*

---

[2] The issuance dates of the Asserted Patents are set forth in Appendix A of the Motion. As indicated on the face of the patents, the '213 application published on October 22, 2015, the '077 application published on November 26, 2015, the '193 application published on March 10, 2016, the '148 Patent application published on July 7, 2016, the '722 Patent issued on August 9, 2016, the '176 application published on August 11, 2016, and the '856 application published on June 29, 2017.

Ex. 32; Lee Decl., Ex. A. All the Asserted Patents were publicly available before Centripetal filed its Amended Complaint.

### B. Centripetal Files This Lawsuit

On February 13, 2018, Centripetal filed its Complaint in this action alleging Cisco's direct infringement, indirect infringement, and willful infringement of ten of its patents (U.S. Patent Nos. 9,686,193, 9,560,176, 9,560,077, 9,413,722, 9,203,806, 9,160,713, 9,124,552, and 9,565,213, 9,137,205, and 9,674,148) based on Cisco's infringement and deliberate copying of Centripetal's patented technologies. Dkt. No. 1. A month later, after U.S. Patent No. 9,917,856 issued on March 13, 2018, Centripetal filed an Amended Complaint adding claims of direct infringement, indirect infringement, and willful infringement of the '856 Patent. Dkt. No. 29. As set forth below, in its Amended Complaint, Centripetal pled detailed and specific allegations of indirect infringement and willful infringement, including Cisco's pre-suit notice of the Asserted Patents, and egregious behavior.

### III. ARGUMENT

Centripetal's pleading of its indirect infringement and willful infringement claims satisfies the pleading standards under *Twombly* and *Iqbal*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (in evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pled facts as true and construe them in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint). At the pleading stage, the plaintiff need not undertake a full evaluation of "probability," but simply plead "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As discussed below, Centripetal pled sufficient facts to show there is more than a sheer possibility that Cisco indirectly infringes and willfully infringes the Asserted Patents.

A.  **Centripetal Pled Sufficient Facts Showing Cisco's Indirect Infringement**

Cisco improperly attacks Centripetal's pleading on two purported grounds that have no merit because: (1) the Amended Complaint has sufficient facts regarding pre-suit knowledge of the Asserted Patents and (2) shows Cisco's specific intent to induce infringement. Accordingly, the Court should deny Cisco's motion to dismiss.

1.  **Centripetal Pled Pre-Suit Knowledge of the Asserted Patents.**

Contrary to Cisco's argument, Centripetal specifically pled facts sufficient to show Cisco's pre-suit knowledge of the Asserted Patents by alleging the following: "Centripetal is informed and believes that Cisco had knowledge of the Asserted Patents through various channels and despite its knowledge of Centripetal's patent rights, engaged in egregious behavior warranting enhanced damages." *See* Dkt. No. 29, ¶¶ 65, 89, 119, 146, 173, 200, 227, 257, 288, 314, 342, 381. Centripetal pled that, in 2016, when Cisco acquired ThreatGRID, Centripetal was selling products that integrated with ThreatGRID products, and Cisco, by way of its acquisition of ThreatGRID, was well aware of the integration of ThreatGRID products with Centripetal's patented products that are marked very clearly with its patent numbers. Dkt. No. 29, ¶¶ 64, 66, 90, 120, 147, 174, 201, 228, 258, 289, 315, 343, 382. Centripetal's products have been continuously marked with its patents as they issue, and Cisco, to this day, continues to identify Centripetal as part of its "partner ecosystem" of products that integrate with Cisco's products. Dkt. No. 29, ¶¶ 64, 68, 92, 122, 149, 176, 203, 230, 260, 291, 317, 345, 384; *id.*, Ex. 32; Lee Decl., Ex. A.

In addition, Centripetal pled that in 2016, Cisco invited Centripetal to participate in a partner conference and demonstrate its technology in Cisco's "Security Partner Village" booth. Dkt. No. 29, ¶¶ 68, 92, 122, 149, 176, 203, 230, 260, 291, 317, 345, 384. In response to Cisco's invitation, Centripetal demonstrated its patented RuleGATE technology "which encompasses at

4

least some of the Asserted Patents." *Id.* Thus, Centripetal pled that, as of 2016, Cisco had notice and knowledge of those asserted patents that had issued as of that time, *i.e.*, the '806, '713, '552, '205 Patents. *Id.* Furthermore, the applications of three other Asserted Patents (the '193, '077, and '213 Patents) were published and publicly available on the U.S. Patent and Trademark Office website. *Supra* n.2; *Simplivity Corp. v. Springpath, Inc.*, No. 4:15-13345-TSH, 2016 WL 5388951, at *9-10 (D. Mass. July 15, 2016) (holding knowledge of patents may be proven by either direct or circumstantial evidence and finding defendant's activities based on interactions at trade show displaying patented technology and publicly available pending patent application was sufficient to plead pre-suit knowledge) (citing *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 07 Civ. 497, 2011 WL 3624957, at *3 (E.D. Tex. Aug. 17, 2011), aff'd, 709 F.3d 1365 (Fed. Cir. 2013)).

Based on Cisco's close partnership and integration of its products with Centripetal's, Cisco would have known of Centripetal's Asserted Patents that are conspicuously marked on its products, and all the Asserted Patents were publicly available before the Amended Complaint was filed. Dkt. No. 29, ¶¶ 64, 68, 92, 122, 149, 176, 203, 230, 260, 291, 317, 345, 384; Lee Decl., Ex. A. Thus, Cisco's contention that it had no pre-suit notice of the Asserted Patents, and such facts were not pled in the Amended Complaint, is meritless. Based on the relationship between Centripetal and Cisco, there are sufficient facts pled in the Amended Complaint to show that Cisco had pre-suit knowledge of the Asserted Patents. For such reasons, the Court should deny Cisco's Motion.

### 2. Centripetal Pled Cisco's Specific Intent to Induce Infringement.

In its Amended Complaint, Centripetal sufficiently pled facts regarding Cisco's specific intent to induce infringement. Cisco makes *zero* argument regarding specific intent in the Amended Complaint. Instead, it puts a single conclusory sentence in its brief and cites to a case that does not even address pleading the intent element of induced infringement. *See* Motion at 8,

5

citing *CarFax, Inc. v. Red Mountain Tech.*, 119 F.Supp.3d 404, 415 (E.D. Va. 2015) (grant of motion to dismiss indirect infringement claims where the claims did not cover patentable subject matter under 35 U.S.C. § 101). Cisco's lack of support for its argument regarding specific intent to induce is sufficient grounds to deny Cisco's Motion outright and, moreover, is meritless given the specific allegations in the Amended Complaint. *See* Dkt. No. 29, ¶¶ 96-101, 126-131, 153-158, 180-185, 207-212, 234-239, 264-269, 295-300, 321-326, 349-354, 388-392.

Specific intent requires the plaintiff to come forward with evidence of "active steps…taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, which shows an affirmative intent that the product be used to infringe." *Palmetto Pharms. LLC v. Astrazeneca Pharms. LP*, No. 2:11-cv-00807-SB-JDA, 2012 WL 484907, at *7 (D.S.C. Jan. 4, 2012) (internal citations and quotations omitted). Such evidence can be circumstantial. *Id.* (citing *Water Techs. Corp. v. Calco Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1998)).

Centripetal's pleading satisfies the standard for pleading specific intent to induce infringement. In its Amended Complaint, Centripetal pled that Cisco "has induced and continues to induce infringement of one or more claims of [each of the Asserted Patents] under 35 U.S.C. § 271(b)" and "steps of the method claims are performed by either Cisco, its customers, purchasers, users or developers, or some combination thereof." *See* Dkt. No. 29 at ¶¶ 96-97, 100, 126-127, 130, 153-154, 157, 180-181, 184, 207-208, 211, 234-235, 238, 264-265, 268, 295-296, 299, 321-322, 325, 349-350, 353, 388, 391. Specifically, Centripetal pled that "Cisco knowingly and actively aided and abetted the direct infringement" of the Asserted Patents "by instructing, and encouraging its customers, purchasers, users, and developers to use" the Accused

6

Products, and cited to specific exemplar claims in the asserted patents. *Id.*, ¶¶ 97-98, 127-128, 154-155, 181-182, 208-209, 235-236, 265-266, 296-297, 322-323, 350-351, 388-389.

Centripetal also provided specific examples of "[s]uch instructions and encouragement" including, "advising third parties to use" the Accused Products "in an infringing manner" and identified specific products that are used for infringement (e.g. "Accused Catalyst Products, the Accused Router Products, and the Accused Stealthwatch Products"). *Id.* In addition, Centripetal pled that Cisco's advertising, promoting, and distributing guidelines and instructions of the Accused Products was infringing, citing the fact that "Cisco updates and maintains an HTTP site with Cisco's quick start guides, administration guides, user guides, operating instructions, blogs, white papers, data sheets, and training certification programs which cover in depth aspects of operating Cisco's offerings." *Id.*, ¶¶ 98-99, 128-129, 155-156, 182-183, 209-210, 236-237, 266-267, 297-298, 323-324, 351-352, 389-390. Centripetal attached numerous examples of Cisco's guides and instructions of how to operate the Accused Products in an infringing manner as exhibits to the Amended Complaint. *Id.*, ¶¶ 99, 129, 156, 183, 210, 237, 267, 298, 324, 352, 390; *id.*, Exs. 16-19, 34-37, 40-43, 45.

Furthermore, Cisco pled an example of an installation guide ("Stealthwatch System Hardware Installation Guide") that "provides instructions and recommendations on how to install and deploy [the accused products] in an infringing manner" and includes explicit excerpts from the guide. *Id.*, ¶¶ 100, 130, 157, 184, 211, 238, 268, 299, 325, 353, 391.

Given these specific and detailed allegations, Centripetal's pleading more than sufficiently satisfies the standard for pleading intent for induced infringement. *See, e.g. Palmetto*, 2012 WL 484907, at *8 (denying motion to dismiss and finding specific intent was pled on circumstantial evidence of website, promotional materials, publications and labels

7

instructing users to perform the patented method); *Smart Wearable Techs., Inc. v. Fitbit, Inc.*, 274 F.Supp.3d 371 (E.D. Va. 2017) (denying motion to dismiss claim for induced infringement and finding specific intent adequately pled based on allegations that end users infringed and defendant actively induced infringement "by way of advertising, solicitation, and provision of product instruction materials"). For such reasons, the Court should deny Cisco's Motion.

      **B.**    **Centripetal Pled Sufficient Facts Showing Cisco's Willful Infringement**

Centripetal also pled sufficient facts showing Cisco's willful infringement of the Asserted Patents. *See Audio MPEG, Inc. v. HP Inc.*, No. 2:15-cv-00073-HCM-RJK, 2016 WL 7010947, at *10 (E.D. Va. July 1, 2016) (denying motion to dismiss allegations of willful infringement under *Iqbal* and *Twombly* when complaint plausibly pled alleged infringement and that defendant had knowledge of the patents). Specifically, in its Amended Complaint, Centripetal pled facts that Cisco had knowledge of the existence of the Asserted Patents, in its partnership with Centripetal had integrated its products with Centripetal's patented products, and deliberately copied the patented technology resulting in behavior was "egregious" and "willfully blind" to Centripetal's patent rights. *See, e.g.* Dkt. No. 29, ¶¶ 71, 93, 123, 150, 177, 204, 231, 261, 292, 318, 346, 385.

While Centripetal need not prove its willfulness claims at the pleading stage, under the Supreme Court's 2016 decision in *Halo*, the standard of proving willfulness is not as rigid as it previously was under *Seagate*. The Court can exercise its discretion and take into account the particular circumstances of each case understanding there is no "precise rule or formula" for awarding enhanced damages under § 284. *Halo Elecs. Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1932 (2016); *id.* at 1934 (abrogating *Seagate*'s requirement that willfulness be proven by "clear and convincing evidence," and holding the standard to prove willfulness is a preponderance of evidence). As Centripetal pled in the Amended Complaint, Cisco knew of Centripetal's patented

8

technology through partner, ThreatGRID which it acquired, and a direct invitation to Centripetal to demonstrate its patented products at Cisco's partner conference in its "Security Partner Village" booth.  Dkt. No. 29, ¶¶ 68, 92, 122, 149, 176, 203, 230, 260, 291, 317, 345, 384.  After *Halo*, even broader allegations of willfulness without a specific showing of egregiousness are sufficient to withstand a motion to dismiss. *See Lexington Luminance LLC v. TCL Multimedia Tech. Holdings Ltd.*, No. 16-cv-11458-DJC, 2017 WL 3795769, at *6 (D. Mass. Aug. 30, 2017) (denying motion to dismiss willful infringement claim when whether plaintiff can ultimately show its entitled to enhanced damages for egregious infringement behavior is not relevant to the Court's considerations on a motion to dismiss).

Given the parties' relationship before the filing of this suit, Centripetal pled that Cisco was aware of Centripetal's products and that they practiced Centripetal's Asserted Patents, as the products were marked with patent numbers, and all the Asserted Patents were publicly available before the Amended Complaint was filed.  Dkt. No. 29, ¶¶ 64, 68, 92, 122, 149, 176, 203, 230, 260, 291, 317, 345, 384.  Despite this knowledge, Cisco elected to move forward and infringe Centripetal's patents.  Dkt. No. 29, ¶¶ 69-71 ("made the deliberate decision to sell products and services that it knew infringes Centripetal's Asserted Patents," "undertaken no efforts to avoid infringement of the Asserted Patents, despite Cisco's knowledge and understanding that Cisco's products and services infringe these patents," "Despite this knowledge and/or willful blindness, Cisco has acted with blatant and egregious disregard for Centripetal's patent rights with an objectively high likelihood of infringement"); ¶ 93 ("…despite this knowledge, Centripetal is informed and believes that Cisco deliberately copied Centripetal's patented technology, which it implemented into its products and services, such as Centripetal's CleanINTERNET service and

9

Threat Intelligence Gateway, including the RuleGATE 2000"), *see also id.*, ¶¶ 94, 123-124, 150-151, 177-178, 204-205, 231-232, 261-262, 292-293, 318-319, 346-347, 385-386.

To the extent Cisco argues that Centripetal's allegations do not identify the Asserted Patents, this argument is not true as discussed above. Moreover, that argument is not a legitimate basis to defeat Centripetal's willful infringement claims. *See, e.g. Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-00072, Dkt. No. 99, Order Denying Defendant Cisco Systems Inc.'s Motion to Dismiss Willful Infringement Claims at 11-12 (N.D. Cal. Feb. 6, 2018) (Lee Decl., Ex. B) (courts should consider facts of the parties' pre-suit relationship and may consider facts other than an explicit pre-suit accusation of infringement). Furthermore, additional details regarding Cisco's willful infringement will be discovered as the case proceeds and the record develops during discovery. *See Global Tech LED, LLC v. Every Watt Matters, LLC*, No. 15-cv-61933-BLOOM, Dkt. No. 62, Order on Motion to Dismiss at 11-12 (S.D. Fla. July 29, 2016) (Lee Decl., Ex. C) (denying motion to dismiss willful infringement allegations where question of whether defendant was reckless for continuing to infringe will be resolved once the record is fully developed and addressed by the jury).

In addition, Cisco's challenge to the truthfulness of these allegations at this point is not an appropriate consideration at the pleading stage. *Shire Viropharma Inc. v. CSL Behring LLC*, No. 17-414, Dkt. No. 43, Memorandum Opinion at 7 (D. Del. Jan. 8, 2018) (Lee Decl., Ex. D). Finally, the cases that Cisco cites have starkly different facts to the situation here. Unlike *Zond, Inc. v. SK Hynix Inc.*, Centripetal had direct interaction with Cisco at the partnership conference (indeed, was specifically invited by Cisco to demonstrate its patented products), and pled more than just "patented technology" in its Amended Complaint by pleading that its products were marked with patent numbers. Dkt. No. 29, ¶ 64; *Zond, Inc. v. SK Hynix Inc.*, No. 13-11591-

RGS, 2014 WL 346008, at *2 (D. Mass. Jan. 31, 2014). Also, unlike *Rembrandt* where the allegations rested on citation of the asserted patent in a different patent, in this case, in this case, Centripetal and Cisco have a history as partners and Cisco's knowledge of the patented products makes the allegations more than just "merely conceivable." *Rembrandt Social Media, LP v. Facebook, Inc.*, 950 F.Supp. 2d 876, 883 (E.D. Va. June 12, 2013).

Moreover, in *Finjan v. Juniper* and *Princeton Digital Image*, the courts found that there was no specific disclosure or identification of specific patents to the defendant, unlike here where Centripetal specifically identified asserted patents in its marking of its products, including demonstrating patented products at Cisco's invitation in 2016. *See Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2018 WL 905909, at *3 (N.D. Cal. Feb.14, 2018); *Princeton Digital Image Corp. v. Ubisoft Entm't SA*, No. 13-335-LPS-CJB, 2016 WL 6594076, at *11 (D. Del. Nov. 4, 2016) (holding original Complaint did not name the defendant recently accused of willful infringement, and there was no pleading of activity in three month period between filing of Complaint and expiration of patent). Decidedly, even after such knowledge of the Asserted Patents, Cisco decided to turn a blind eye and continue to infringe the Asserted Patents.

### C. At The Very Least, Centripetal Should Be Given Leave to Amend

To the extent the Court finds necessary, Centripetal respectfully requests leave to amend its complaint or, alternatively, leave to file a motion to amend its Complaint. Fed. R. Civ. P. 15(a)(2) (district courts should allow amendment "freely…when justice so requires" and only deny amendment when it would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile).

There would be no prejudice to Cisco if the Court were to grant Centripetal leave to amend its Complaint. *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006) ("[w]hether an

11

amendment is prejudicial will often be determined by the nature of the amendment and its timing"). This case is still in its very early stages, as Cisco has not yet filed an answer to Centripetal's Amended Complaint, the Court has not yet scheduled a Rule 16 conference, and the parties have not served discovery. *Id.* (holding that amendment is generally not prejudicial when no discovery has taken place and the case is not close to the time of trial). Moreover, Cisco is well aware of the details of the relationship and partnership between the companies. *Id.* (holding an amendment is not prejudicial when the defendant was fully aware of the events giving rise to the action, and allowance could not prejudice the preparation of defendant's case) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). Second, there is no bad faith on the part of Centripetal, as any additional details that it will add to the Amended Complaint will simply provide additional details to much of the information and circumstances already pled in the Amended Complaint and they are facts that should not come as any surprise to Cisco.

Third, the amendment will not be futile, as Centripetal has pled and can plead additional details regarding Cisco's knowledge of the Asserted Patents, and egregious conduct thereafter in willfully infringing the Asserted Patents. *See Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 127 (E.D. Va. 2017) (holding that amendments are futile if they could not withstand a motion to dismiss). Furthermore, at the very least, as of the filing of Centripetal's Complaint on February 13, 2018, Cisco had notice of ten Asserted Patents, and the eleventh Asserted Patent as of the date that Centripetal filed its Amended Complaint. *See, e.g., Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 935 F.Supp.2d 772, 777-78 (D. Del. 2013) (holding that post-filing knowledge of the patents suffices for purposes of stating a claim of inducement); *Zond, LLC v. Renesas Elecs. Corp.*, No. 13-11625-NMG, 2014 WL 4161348, at *6 (D. Mass. Aug. 15,

2014) (holding that plaintiff may proceed on claim of willful post-filing infringement after notice of patents provided by filing of complaint). For such reasons, Centripetal respectfully requests leave to amend its Amended Complaint in the alternative.

## IV. CONCLUSION

For the reasons discussed above, the Court should deny Cisco's Motion to Dismiss. Should the Court grant Cisco's Motion to Dismiss, Centripetal respectfully requests leave to amend.

Dated: April 27, 2018

Respectfully submitted,

*/s/ Kevin M. O'Donnell*
Kevin M. O'Donnell (VSB #30086)
Jeffery T. Martin, Jr. (VSB #71860)
HENRY & O'DONNELL, P.C.
300 N. Washington Street – Suite 204
Alexandria, VA 22314
Telephone: (703) 548-2100
Facsimile: (703) 548-2105
kmo@henrylaw.com
jtm@henrylaw.com

Paul J. Andre
Lisa Kobialka
James Hannah
Hannah Lee
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
hlee@kramerlevin.com

*Attorneys for Plaintiff,*
CENTRIPETAL NETWORKS, INC.

13

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2018, I will electronically electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of electronic filing (NEF) to the following:

Christopher Joseph Tyson
Email: cjtyson@duanemorris.com

Daniel T. McCloskey
Email: DTMcCloskey@duanemorris.com

Jennifer H. Forte
Email: jhforte@duanemorris.com

John Robert Gibson
Email: jrgibson@duanemorris.com

Joseph A. Powers
Email: japowers@duanemorris.com

Louis Norwood Jameson
Email: wjameson@duanemorris.com

Dabney J. Carr, IV
Email: dabney.carr@troutmansanders.com

Matthew C. Gaudet
Email:  mcgaudet@duanemorris.com

/s/ Kevin M. O'Donnell
Kevin M. O'Donnell (VSB #30086)
Jeffery T. Martin, Jr. (VSB #71860)
HENRY & O'DONNELL, P.C.
300 N. Washington Street – Suite 204
Alexandria, VA 22314
Telephone:  (703) 548-2100
Facsimile:   (703) 548-2105
kmo@henrylaw.com
jtm@henrylaw.com

1