**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | | |
|---|---|---|
| CENTRIPETAL NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:18-cv-00094-MSD-LRL |
| | ) | |
| vs. | ) | |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF CENTRIPETAL NETWORKS, INC.'S
<u>MOTION TO TRANSFER OR REASSIGN CASE TO JUDGE MORGAN</u>**

**I.      INTRODUCTION**

Plaintiff Centripetal Networks, Inc. ("Centripetal") respectfully requests that this Court transfer or reassign this case to the Honorable Henry C. Morgan, Jr. in the Norfolk Division of this Court.  This case is in its early stages—the Court has not yet scheduled a Rule 16 conference and no substantive pleadings have been filed outside of the Complaint, a motion to dismiss and a motion to stay the case pending *inter partes* review proceedings.  Just a few weeks ago, Judge Morgan held a jury trial in a related patent infringement case, *Centripetal Networks, Inc. v. Keysight Technologies, Inc.*, 2:17cv383-HCM-LRL ("Keysight Case"), which involves the same or related types of technologies, including five of the same patents related to data packet analysis in computer network security products.

Judge Morgan presided over the Keysight Case for over a year where he spent significant time familiarizing himself with the technology of the asserted patents, construed 21 claim terms, and considered numerous substantive motions, including motions for summary judgment, a judgment on the pleadings, and several *Daubert* motions.  He presided over a jury trial until the parties settled a few weeks ago in the middle of trial.  Given his extensive familiarity with the subject matter of Centripetal's asserted patents, he will be able to quickly get up to speed on the technology in this case.  In the interests of efficiency for the parties and judicial economy, Centripetal respectfully requests the Court transfer or reassign the case to Judge Morgan.

**II.     STATEMENT OF FACTS**

On July 20, 2017, in the Keysight Case, Centripetal filed a Complaint in the Eastern District of Virginia asserting that Defendants Keysight Technologies, Inc. and Ixia infringed and continue to infringe four of its patents: U.S. Patent Nos. 9,560,077 ("the '077 Patent"), 9,413,722 ("the '722 Patent"), 9,137,205 ("the '205 Patent"), and 9,264,370 ("the '370 Patent").  Keysight Case, Dkt. No. 1.  That case was assigned to Judge Morgan.  On June 13, 2018, Centripetal

1

amended its complaint to add claims of infringement of U.S. Patent Nos. 9,565,213 ("the '213 Patent") and 9,917,856 ("the '856 Patent"). *Id.*, Dkt. No. 192. During the Keysight Case, Judge Morgan construed 21 claim terms across the six asserted patents and considered numerous substantive motions, including three motions for summary judgment, a motion for judgment on the pleadings, and *Daubert* motions concerning multiple technical and damages experts. *See, e.g., id.*, Dkt. Nos. 256, 484 (minutes and order regarding the technology tutorial and claim construction); *id.*, Dkt. Nos. 146, 266, 269, 277, 282, 346, 375, 431, 439, 446, 469, 515. The case proceeded to trial on October 2, 2018, and the parties settled the case on October 11, 2018, after a week of trial. *Id.*, Dkt. No. 589.

On February 13, 2018, Centripetal filed its Complaint in this action alleging Cisco's infringement of ten patents: U.S. Patent Nos. 9,686,193, 9,560,176, 9,203,806, 9,160,713, 9,124,552, 9,674,148, and four patents which were also asserted in the Keysight Case (the '077, '722, '205, '370, '213, and '856 Patents). Dkt. No. 1. A month later, after U.S. Patent No. 9,917,856 issued on March 13, 2018, Centripetal filed an Amended Complaint adding claims of infringement of the '856 Patent, a patent that was also asserted in the Keysight Case. Dkt. No. 29. This case remains in its early stages, as there has been no Rule 16 conference, no Rule 26 conference, no Scheduling Order, neither party has served any discovery, and the only motions pending before the Court are Cisco's motion to dismiss and a motion to stay the case due to *inter partes* reviews. Dkt. Nos. 37, 45. On November 2, 2018, Centripetal requested that Cisco consent to transferring the case to Judge Morgan, given his familiarity with the technology, patents, and claim construction issues. *See* Declaration of Lisa Kobialka filed herewith ("Kobialka Decl."), Ex. 1. Despite Judge Morgan's extensive experience with the issues involved in this case, Cisco refused to join Centripetal's motion. *Id.*

### III. ARGUMENT

#### A. Transfer or Reassignment of this Case to Judge Morgan Is In the Best Interests of the Court and the Parties

Centripetal respectfully requests that this Court transfer or reassign this case to Judge Morgan who is the most familiar with the patents and technology at issue. Transferring this case to Judge Morgan will allow the Court to conserve judicial resources and will allow the parties to most efficiently resolve Centripetal's patent infringement claims.[1]

##### 1. Judge Morgan Is Intimately Familiar with the Technology of the Asserted Patents

Over the last year and several months, Judge Morgan presided over the Keysight Case and spent significant time understanding the technology of the asserted patents in the Keysight Case that relate to the complex field of computer network security technology involving data packet analysis. In the Keysight Case, Judge Morgan held a claim construction tutorial and hearing, construed 21 claim terms across all asserted patents, and ruled on numerous substantive pretrial motions, including *Daubert* motions of technical and damages experts, motions for summary judgment, and a motion for judgment on the pleadings, all which involved issues related to validity and patentability of the asserted patents. *See, e.g.*, Keysight Case, Dkt. No. 256, 484 (minutes and order regarding the technology tutorial and claim construction); *id.*, Dkt. Nos. 146, 266, 269, 277, 282, 346, 375, 431, 439, 446, 469, 515. The Keysight Case proceeded to a jury trial, and recently settled a few weeks ago. *Id.*, Dkt. No. 589.

---

[1] While there is no specific case law governing *intra-*district transfers, the law governing inter-district and inter-divisional transfers under 28 U.S.C. § 1404 is informative. *See, e.g.*, *ePlus, Inc. v. Lawson Software, Inc.*, No. 2:09-cv232, 2009 WL 10676338, at *2, 4-5, Dkt. No. 96 at *4, 9 (E.D. Va. Sept. 30, 2009) (if the claims could have been brought in the transferee district, then the court should evaluate whether the interest of justice and convenience of parties and witnesses justifies a transfer; holding that the prior familiarity of a judge with the patents-in-suit results in less consumption of judicial resources). *See* Kobialka Decl., Ex. 2.

3

Because Judge Morgan is already recently and extensively familiar with the technology of the asserted patents in this case (there are five overlapping patents between the cases, and the remaining five patents asserted here are either a related patent or in the same technology space of data packet analysis for network security), transfer or reassignment of this case to him would conserve judicial resources and avoid unnecessary time and effort spent by the Court in getting up to speed on the complex technology and the patent claims. Transferring or reassigning the case to Judge Morgan will also help achieve consistency of claim construction rulings between the Keysight Case and this case. *See, e.g.*, *Hunter Eng'g Co. v. ACCU Indus.*, 245 F. Supp. 2d 761, 776 (E.D. Va. 2002) (applying 28 U.S.C. § 1404(a) test and holding that avoiding inconsistent claim construction of the "same or related patent terms" favors transfer to a judge with "unique expertise in the subject matter" of the controversy).

This Court has previously granted motions to transfer cases to judges that are most familiar with the asserted patents. *See, e.g.,* Kobialka Decl., Ex. 2, *ePlus*, No. 2:09-cv-232, 2009 WL 10676338, at *4, Dkt. No. 96 at 9 (granting an interdivision motion to transfer when another judge "invested a significant amount of time in understanding the patents at issue," held a *Markman* hearing, construed thirty-five terms, including twenty-five means-plus-function claims, and presided over a multi-week jury trial); *Verizon Servs. Corp. v. Cox Fibernet Va., Inc.*, No. 2:08-cv-20, Dkt. No. 27 at 5 (E.D. Va. Feb. 21, 2008) (granting an interdivision motion to transfer when another judge has "necessarily acquired a detailed grasp of the technology underlying" the suit); *NTP, Inc. v. Palm, Inc.*, No. 2:06-cv-627, ECF No. 15 at 3 (E.D. Va. Dec. 18, 2006) (granting an interdivision motion to transfer when another judge "presided over two independent lawsuits concerning the patents at issue"); *Inline Connection Corp. v. Verizon Internet Servs., Inc.*, 402 F. Supp. 2d 695, 702 (E.D. Va. 2005) (granting motion to transfer and

holding, "[i]n light of the prospective duplication of efforts involved with two courts litigating the same patent claims brought by the same party, the balance of hardships in this case clearly favors transfer.") For these reasons, Centripetal respectfully requests the Court transfer or reassign this case to Judge Morgan.

### 2. The Parties Will Benefit from Judge Morgan's Familiarity with the Technology and Patents

Given that this case is in its early stages—there has been no Rule 16 conference, no Rule 26 conference, no Scheduling Order, no discovery, and no substantive orders from the Court, it is in a position where transfer or reassignment to Judge Morgan can be accomplished without prejudicing any party. In fact, it would benefit both parties to try the case before Judge Morgan given his familiarity with the technology of the patents and his prior consideration of substantive key issues related to the technology of the asserted patents. His recent extensive study of the technology of the asserted patents will aid in the expedient resolution of any disputes between the parties, including any disputed issues related to claim construction, as he is already familiar with five of the asserted patents, and the remaining five asserted patents are either related or in the same technology space of data packet analysis for network security. Having Judge Morgan preside over this case will eliminate any potential inconstancies between rulings in the Keysight Case and the present case. For such reasons, it is in the parties' interest to have Judge Morgan preside over this case.

### IV. CONCLUSION

For these reasons discussed above, Centripetal respectfully requests the Court grant its Motion to Transfer or Reassign the Case to Judge Morgan.

Dated: November 6, 2018	Respectfully submitted,

/s/ *Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
**KAUFMAN & CANOLES, P.C.**
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (888) 360-9092
Email: senoona@kaufcan.com

Paul J. Andre
Lisa Kobialka
James Hannah
Hannah Lee
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
hlee@kramerlevin.com

*Attorneys for Plaintiff,*
CENTRIPETAL NETWORKS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of electronic filing (NEF) to the following:

>Christopher Joseph Tyson
>Email: cjtyson@duanemorris.com
>
>Daniel T. McCloskey
>Email: DTMcCloskey@duanemorris.com
>
>Jennifer H. Forte
>Email: jhforte@duanemorris.com
>
>John Robert Gibson
>Email: jrgibson@duanemorris.com
>
>Joseph A. Powers
>Email: japowers@duanemorris.com
>
>Louis Norwood Jameson
>Email: wjameson@duanemorris.com
>
>Dabney J. Carr, IV
>Email: dabney.carr@troutmansanders.com
>
>Matthew C. Gaudet
>Email:  mcgaudet@duanemorris.com

>*/s/ Stephen E. Noona*
>Stephen E. Noona
>Virginia State Bar No. 25367
>**KAUFMAN & CANOLES, P.C.**
>150 West Main Street, Suite 2100
>Norfolk, VA 23510
>Telephone: (757) 624-3000
>Facsimile: (888) 360-9092
>Email:  senoona@kaufcan.com