**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| CENTRIPETAL NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 2:18cv94 |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on Plaintiff Centripetal Networks, Inc. ("Plaintiff")'s

Motion to Lift the Stay and Reopen the Case ("Motion"). Doc. 59. Plaintiff filed this motion on

June 10, 2019. Defendant Cisco Systems, Inc. ("Defendant") opposed the motion on June 24,

2019. Doc. 61 ("Opposition"). Plaintiff replied to the opposition on July 1, 2019. Doc. 62

("Reply"). The issue in this Motion is whether this Court should lift the stay pending inter partes

review ("IPR"), issued on February 25, 2019. Doc. 58. The Court held a hearing on the Motion

on Wednesday, September 11, 2019. For reasons discussed herein and on the bench at the

September 11 hearing, the Court **GRANTS** the motion **IN PART.**

## I. BACKGROUND

### A.    THE INSTANT LITIGATION

Plaintiff is a "start-up" corporation organized under the laws of Delaware with its principle

place of business in Herndon, Virginia. Doc. 29 ¶ 1, Reply at 1. Plaintiff is in the business of

creating technology that "meet[s] the scale of the cyber threat intelligence challenge." Doc. 29 ¶

1. Plaintiff owns several patents, some of which are asserted in this case.[1]

---

[1] In this case, Plaintiff asserts United States Patent Numbers: 9,686,193 (July 20, 2017); 9,50,176 (Jan. 31, 2017); 9,560,077 (Jan. 31, 2017); 9,413,722 (Aug. 9, 2016); 9,203, 806 (Dec. 1, 2015); 9,160,713 (Oct. 13, 2015); 9,124,552

Defendant is a corporation organized under California law, with its principal place of business in San Jose, California. Id. ¶ 2. Defendant maintains facilities in Richmond, Herndon, and Reston, Virginia. Id. Much like Plaintiff, Defendant is also involved in the tech-networking industry. See id. ¶¶ 35-58.

This case was filed on February 13, 2018. Doc. 1. This case was reassigned on November 27, 2018, because of the undersigned's experience of presiding over a similar matter. Doc. 55.

On March 29, 2018, Plaintiff filed an Amended Complaint. Doc. 29. Plaintiff pleads twenty-two (22) counts of either direct or indirect patent infringement. Id. at 24-180. On April 13, 2018, Defendant moved to dismiss Plaintiff's second, fourth, sixth, eighth, tenth, twelfth, fourteenth, sixteenth, eighteenth, twentieth, and twenty-second causes of action under rule 12(b)(6). Doc. 37. That motion remains pending.

Shortly after the motion to dismiss became ripe, Defendant filed a motion to stay pending IPR. Doc. 45. On February 25, 2019, about three (3) months after the case was re-assigned, this Court granted the stay pending IPR. Doc. 58.

## B.   THE **INTER PARTES** REVIEW PROCEEDINGS

On August 14, 2018, Defendant filed notice that it requested IPR from the Patent Trial and Appeals Board (the "PTAB"). Doc. 43. Defendant initially filed nine (9) petitions for IPR but anticipated additional IPR petitions. Id. at 1-2.

As it stands now, seven (7) of the Asserted Patents are undergoing IPR, either in whole or in part. Opposition at Appendix A.[2] The most recent IPR was granted on April 2, 2019. Id. A decision is expected in March of 2020, but may be as late as September 2020, depending on

---

(Sept. 1, 2015); 9,565,213 (Feb. 7, 2017); 9,137,205 (Sept. 15, 2015); 9,674,148 (June 6, 2017); 9,917,856 (March 13, 2018) (collectively, "the Asserted Patents"). Am. Compl. ¶¶ 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31.

[2] Those are the '213, '552, '713, '205, '148, '077, '722 patents. Opposition at App'x A.

extensions. Id. at 8.

## II. LEGAL STANDARD

On September 16, 2012, the United States Patent and Trademark Office ("USPTO") revised its "rules of practice to implement the provisions of the Leahy-Smith America Invents Act" ("AIA"), which created new IPR proceedings before the PTAB. 77 F. Reg. 48680-01 (Aug. 14, 2012). The purpose of the AIA was "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." Id. Formerly, IPR proceedings were conducted by USPTO examiners, but post-AIA they are conducted by the PTAB, which consists of a three-member panel of administrative patent judges. 35 U.S.C. § 6. In determining whether to institute IPR proceedings, the reviewing body must determine that the petition "shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314. If the IPR proceedings result in a final written decision by the PTAB, the petitioner is esptopped from asserting in a civil action that the applicable claims are "invalid on any ground petitioner raised or reasonably could have raised during that post-grant review." 35 U.S.C. § 325(e)(2).

Under the AIA, a party may seek a stay of a pending civil action after filing a petition for IPR. AIA § 18(b). The District Court has discretion in deciding whether to stay the action, but must base its decision on the following factors:

> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
> (B) whether discovery is complete and whether a trial date has been set;
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

AIA § 18(b)(1); See also Cobalt Boats, LLC v. Sea Ray Boats, Inc., No. 2:15CV21, 2015 WL

7272199, at *2 (E.D. Va. Nov. 16, 2015) (considering "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."); In re: TLI Commc'ns Inc. Patent Litig., No. 1:14-cv- 02534, 2014 WL 12615711, *1 (E.D. Va. Aug. 11, 2014) (granting stay of district court proceedings after filing of IPR petitions). These factors, however, are not exclusive, and the Court must decide based on the totality of the circumstances. Cobalt Boats, 2015 WL 7272199, at *2.

## III. DISCUSSION

### A. SIMPLIFYING THE ISSUES FOR TRIAL

The "critical" question in evaluating whether to stay the matter is whether a stay of the action pending IPR will simplify the issues for trial. Segin Systems, Inc. v. Stewart Tital Guar. Co., 30 F. Supp. 3d 476, 481 (E.D. Va. 2014), Cobalt Boats, 2015 WL 7272199, at *3. To determine whether the issues in question will be simplified by the IPR, the Court examines whether the IPR addresses the claims and issues involved in the litigation. Cobalt Boats, 2015 WL 7272199, at *3. "[A]n IPR petition that . . . would leave substantial issues unresolved would do little to simplify the action since the parties ultimately would litigate the unresolved issues in a court." Id.

When this Court first granted the stay, the petitions for IPR had been filed, and the PTAB had granted review on a number of claims. Doc. 55 at 2-5. Now, the Court has been advised that the PTAB has decided whether it will conduct IPR in each of the petitions. It appears that no IPR petitions were filed with regard to the '856 patent or the '806 patent; the PTAB has denied IPR

over all asserted claims in the '193 patent and the '176 patent; and the PTAB has denied IPR over some claims and issues relating to the '205 patent.[3]

Furthermore, at oral argument, Plaintiff's counsel asserted that at least one Asserted Patent in each asserted patent group encompasses a claim or claims which are not undergoing IPR. Therefore, if the Court lifted the stay, the discovery that the parties would take after lifting the stay would be similar to the discovery that the parties would take if the Court waited for the entire IPR process to be exhausted.

Accordingly, while many claims and patents involved in this matter are undergoing IPR, there are enough claims and patents not subject to IPR to conclude that IPR will not simplify the issues in this case to such a degree that a stay, which could last years, is appropriate. Therefore, this factor weighs heavily in favor of lifting the stay with regard to those patents and claims as to which IPR was not sought and as to which IPR has been denied.

## B.  WHETHER DISCOVERY IS COMPLETE, OR A TRIAL DATE IS SET

Although discovery has not been completed and a trial date had not been set before the instant hearing, this case has been pending for more than one and a half years. Of course, this factor counsels against lifting the stay with respect to the claims which are under IPR. However, there does not appear to be a persuasive reason to continue to delay in litigation on the Asserted Patents and claims which are not subject to IPR. Therefore, this factor weighs in favor of partially lifting the stay and permitting the case to proceed with regard to the Asserted Patents and claims which are not subject to IPR.

---

[3] With regard to the '205 patent, the PTAB denied IPR of IPR2018-1505 and IPR 2018-1506 on March 6, 2019.

## C.    PREJUDICE TO PLAINTIFF AND TACTICAL ADVANTAGE OF DEFENDANT

This factor examines "the patentee's need for an expeditious resolution of its claim" and the extent to which delay prejudices the nonmoving party. VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1318 (Fed. Cir. 2014). "[C]ompetition between parties can weigh in favor of finding undue prejudice." Id. at 1318. Additionally, "[d]elays based on statutory frameworks, such as those pursuant to IPR proceedings, do not normally cause undue prejudice." Cobalt Boats, LLC, 2015 WL 7272199, at *3. However, IPR should not be used as a tool for delaying litigation, even if it is a statutory framework. See id.

As the stay of this case continues, the prejudice to Plaintiff grows. "[P]otential loss of market share and an erosion of goodwill" are an ever-present concern, especially when delay in a final resolution of the patent infringement action is continued. See Davol, Inc. v. Atrium Medical Corp., Civil Action No. 12958, 2013 WL 3013343, at *3 (D. Del. June 17, 2013). In a highly competitive and innovative industry, such as the technology industry implicated here, delay causes particular problems, because by the time protracted proceedings come to a close, the value of the invention may not justify the costs of the litigation.

The IPR petitions in this matter were filed in a staggered fashion, i.e., rather than filing all of its petitions for IPR together, Defendant filed one petition on July 12, 2018; two petitions on July 20, 2018; two petitions on July 27, 2018; one petition on August 3, 2018; three petitions on August 10, 2018; and one petitions on September 18, 2018. Doc. 61 at App'x A. While the Court lacks sufficient evidence to determine whether such staggered filings were parts of an intentional strategy to delay the case, the fact that the petitions were filed in this fashion extends the date on which the IPR proceedings will be resolved. Although the last final written decision is expected

by May 20, 2020, not counting any extensions, the party which loses at IPR can appeal the decisions to the United States Court of Appeals for the Federal Circuit.

Given the facts of this case, where claims from each asserted patent group are not under IPR and the PTAB may not reach a decision on a large number of asserted claims for an extended period of time, the prejudice to Plaintiff and advantage to Defendant can be alleviated by partially lifting the stay and permitting the claims that are not under review to proceed to trial.

### D.    THE BURDENS OF LITIGATION

Whenever the IPR process comes to a close, this litigation will continue, absent settlement by the parties. Therefore, trial, discovery, and motions practice are inevitable. While the PTAB could ultimately render a finding against the validity of some or all of the claims under IPR, it is not clear that such a finding would impact the claims and patents not subject to IPR. Thus, the claims and patents not subject to IPR will likely be litigated regardless of the outcome of the IPR. Thus, this factor weighs in favor of lifting the stay as to the claims and patents not under IPR.

### IV.  CONCLUSION

Therefore, the Motion is **GRANTED IN PART**. Accordingly, the stay in this case is **LIFTED AND THE CASE IS RE-OPENED IN PART EFFECTIVE OCTOBER 2, 2019**, as to the patents and claims not currently subject to IPR. On or before October 2, 2019, the parties are **DIRECTED** to confer and submit a proposed case scheduling order consistent with trial commencing at **10:00 a.m. on April 7, 2020**.

The Clerk is **REQUESTED** to deliver a copy of this Order to counsel of record.

It is so **ORDERED**.

_____/s/_____
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

September 18, 2019