**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **CENTRIPETAL NETWORKS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:18cv00094-MSD-LRL** |
| | ) | |
| **CISCO SYSTEMS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CISCO SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Cisco Systems, Inc. ("Cisco"), through its undersigned counsel, hereby answers the numbered paragraphs in the Amended Complaint for Patent Infringement ("Amended Complaint") filed by Plaintiff Centripetal Networks, Inc. ("Plaintiff" or "Centripetal") and states its affirmative defenses as follows. Cisco denies all allegations and characterizations in Plaintiff's Amended Complaint unless expressly admitted in the following paragraphs. In answering the allegations regarding indirect and willful infringement, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38). Moreover, out of an abundance of caution, Cisco has provided answers to the allegations contained in the counts regarding patents and claims that remain subject to the stay (ECF No. 58); by so answering, Cisco does not waive, and instead expressly rejects, any contention that those allegations are properly the subject of discovery, or otherwise part of the current un-stayed portion of the case.

## THE PARTIES[1]

1.      Cisco is without knowledge sufficient to admit or deny the allegations in paragraph 1 of the Amended Complaint, and Cisco therefore denies them.

2.      With regard to the allegations in paragraph 2 of the Amended Complaint, Cisco admits that it is a California corporation with its principal place of business located at 170 West Tasman Drive and that its registered agent for service of process is CSC which is located at 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, California 95833. Cisco admits that it maintains facilities in Richmond and Reston, Virginia, and denies any remaining allegations in paragraph 2 of the Amended Complaint.

3.      With regard to the allegations in paragraph 3 of the Amended Complaint, Cisco admits that it transacts business in this District, but denies that it has committed acts of infringement in this judicial district, in the Commonwealth of Virginia, or elsewhere. Cisco admits that it sells networking switches, routers and cloud products in the United States, but denies the remaining allegations in paragraph 3 of the Amended Complaint.

## JURISDICTION AND VENUE

4.      With regard to the allegations in paragraph 4 of the Amended Complaint, Cisco admits that the Amended Complaint purports to state a claim for patent infringement arising under Title 35 of the United States Code and that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338.

5.      With regard to the allegations in paragraph 5 of the Amended Complaint, solely for purposes of this action, Cisco does not contest that it is subject to personal jurisdiction in the Eastern District of Virginia. Cisco denies that it has committed acts of infringement within the

---

[1] To avoid confusion, Cisco uses the headings used by Centripetal in its Amended Complaint where appropriate, but Cisco does not intend any admissions or endorsements of their content.

Eastern District of Virginia, within the Commonwealth of Virginia or elsewhere. Cisco admits that it maintains a facility located in Richmond, Virginia within the Eastern District of Virginia and transacts business in this District. Cisco denies the remaining allegations in paragraph 5 of the Amended Complaint

6.      With regard to the allegations in paragraph 6 of the Amended Complaint, solely for purposes of this action, Cisco does not contest that venue exists in the Eastern District of Virginia, but denies that this district is the most convenient district for the parties and witnesses and denies that proceeding in this district is in the interest of justice pursuant to 28 U.S.C. § 1404(a). Cisco denies that it has committed acts of infringement within the Eastern District of Virginia or elsewhere.  Cisco admits that it employs personnel in the Eastern of District of Virginia and denies the remaining allegations of paragraph 6.

## CENTRIPETAL'S INNOVATIONS

7.      Cisco is without knowledge sufficient to admit or deny the allegations in paragraph 7 of the Amended Complaint, and therefore denies them.

8.      Cisco is without knowledge sufficient to admit or deny the allegations in paragraph 8 of the Amended Complaint, and therefore denies them.

9.      Cisco is without knowledge sufficient to admit or deny the allegations in paragraph 9 of the Amended Complaint, and therefore denies them.

10.     Cisco is without knowledge sufficient to admit or deny the allegations in paragraph 10 of the Amended Complaint, and therefore denies them.

## CENTRIPETAL'S ASSERTED PATENTS

11.     With regard to the allegations in paragraph 11 of the Amended Complaint, Cisco denies that the face of U.S. Patent No. 9,686,193 (the "'193 Patent") bears an issue date of July

20, 2017, and admits that it is entitled, "Filtering Network Data Transfers." Cisco admits that a document purporting to be a copy of the '193 Patent was filed as Exhibit 2 to the Amended Complaint. Cisco denies that the '193 Patent was duly and legally issued.

12.     Paragraph 12 of the Amended Complaint contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the allegations in paragraph 12 of the Amended Complaint.

13.     With regard to the allegations in paragraph 13 of the Amended Complaint, Cisco admits that the face of U.S. Patent No. 9,560,176 (the "'176 Patent") bears an issue date of January 31, 2017, and admits that it is entitled, "Correlating Packets in Communications Networks." Cisco admits that a document purporting to be a copy of the '176 Patent was filed as Exhibit 3 to the Amended Complaint. Cisco denies that the '176 Patent was duly and legally issued.

14.     Paragraph 14 of the Amended Complaint contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the allegations in paragraph 14 of the Amended Complaint.

15.     With regard to the allegations in paragraph 15 of the Amended Complaint, Cisco admits that the face of U.S. Patent No. 9,560,077 (the "'077 Patent") bears an issue date of January 31, 2017, and admits that it is entitled, "Methods and Systems for Protecting a Secured Network." Cisco admits that a document purporting to be a copy of the '077 Patent was filed as Exhibit 4 to the Amended Complaint. Cisco denies that the '077 Patent was duly and legally issued.

16.     Paragraph 16 of the Amended Complaint contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the allegations in paragraph 16 of the Amended Complaint.

17.     With regard to the allegations in paragraph 17 of the Amended Complaint, Cisco admits that the face of U.S. Patent No. 9,413,722 (the "'722 Patent") bears an issue date of August 9, 2016, and admits that it is entitled, "Rule-Based Network-Threat Detection." Cisco admits that a document purporting to be a copy of the '722 Patent was filed as Exhibit 5 to the Amended Complaint. Cisco denies that the '722 Patent was duly and legally issued.

18.     Paragraph 18 of the Amended Complaint contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the allegations in paragraph 18 of the Amended Complaint.

19.     With regard to the allegations in paragraph 19 of the Amended Complaint, Cisco admits that the face of U.S. Patent No. 9,203,806 (the "'806 Patent") bears an issue date of December 1, 2015, and admits that it is entitled, "Rule Swapping in a Packet Network." Cisco admits that a document purporting to be a copy of the '806 Patent was filed as Exhibit 6 to the Amended Complaint. Cisco denies that the '806 Patent was duly and legally issued.

20.     Paragraph 20 of the Amended Complaint contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the allegations in paragraph 20 of the Amended Complaint.

DM2\9040596.4

21.     With regard to the allegations in paragraph 21 of the Amended Complaint, Cisco admits that the face of U.S. Patent No. 9,160,713 (the "'713 Patent") bears an issue date of October 13, 2015, and admits that it is entitled, "Filtering Network Data Transfers." Cisco admits that a document purporting to be a copy of the '713 Patent was filed as Exhibit 7 to the Amended Complaint. Cisco denies that the '713 Patent was duly and legally issued.

22.     Paragraph 22 of the Amended Complaint contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the allegations in paragraph 22 of the Amended Complaint.

23.     With regard to the allegations in paragraph 23 of the Amended Complaint, Cisco admits that the face of U.S. Patent No. 9,124,552 (the "'552 Patent") bears an issue date of September 1, 2015, and admits that it is entitled, "Rule Swapping in a Packet Network." Cisco admits that a document purporting to be a copy of the '552 Patent was filed as Exhibit 8 to the Amended Complaint. Cisco denies that the '552 Patent was duly and legally issued.

24.     Paragraph 24 of the Amended Complaint contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the allegations in paragraph 24 of the Amended Complaint.

25.     With regard to the allegations in paragraph 25 of the Amended Complaint, Cisco admits that the face of U.S. Patent No. 9,565,213 (the "'213 Patent") bears an issue date of February 7, 2017, and admits that it is entitled, "Methods and Systems for Protecting a Secured Network." Cisco admits that a document purporting to be a copy of the '213 Patent was filed as

Exhibit 9 to the Amended Complaint. Cisco denies that the '213 Patent was duly and legally issued.

26.    Paragraph 26 of the Amended Complaint contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the allegations in paragraph 26 of the Amended Complaint.

27.    With regard to the allegations in paragraph 27 of the Amended Complaint, Cisco admits that the face of U.S. Patent No. 9,137,205 (the "'205 Patent") bears an issue date of September 15, 2015, and admits that it is entitled, "Methods and Systems for Protecting a Secured Network." Cisco admits that a document purporting to be a copy of the '205 Patent was filed as Exhibit 10 to the Amended Complaint. Cisco denies that the '205 Patent was duly and legally issued.

28.    Paragraph 28 of the Amended Complaint contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the allegations in paragraph 28 of the Amended Complaint.

29.    With regard to the allegations in paragraph 29 of the Amended Complaint, Cisco admits that the face of U.S. Patent No. 9,674,148 (the "'148 Patent") bears an issue date of June 6, 2017, and admits that it is entitled, "Rule Swapping in a Packet Network." Cisco admits that a document purporting to be a copy of the '148 Patent was filed as Exhibit 11 to the Amended Complaint. Cisco denies that the '148 Patent was duly and legally issued.

30.    Paragraph 30 of the Amended Complaint contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted

Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the allegations in paragraph 30 of the Amended Complaint.

31.     With regard to the allegations in paragraph 31 of the Amended Complaint, Cisco admits that the face of U.S. Patent No. 9,917,856 (the "'856 Patent") bears an issue date of March 13, 2018, and admits that it is entitled, "Rule-based Network-Threat Detection for Encrypted Communications." Cisco admits that a document purporting to be a copy of the '856 Patent was filed as Exhibit 49 to the Amended Complaint. Cisco denies that the '856 Patent was duly and legally issued.

32.     Paragraph 32 of the Amended Complaint contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the allegations in paragraph 32 of the Amended Complaint.

33.     With regard to the allegations in paragraph 33 of the Amended Complaint, Cisco is without knowledge or information sufficient to admit or deny whether Centripetal owns by assignment the entire right, title, and interest in and to the '193 Patent, the '176 Patent, the '077 Patent, the '722 Patent, the '806 Patent, the '713 Patent, the '552 Patent, the '213 Patent, the '205 Patent, the '148 Patent, and the '856 Patent (collectively, "the Asserted Patents"), and therefore denies the allegations.

34.     Cisco denies the allegations in paragraph 34 of the Amended Complaint.

## CISCO PRODUCTS

35.     With regard to the allegations in paragraph 35 of the Amended Complaint, Cisco admits that it offers networking products and services and that the company as a whole has a market cap in the billions of dollars. Cisco admits that its networking products include switches,

routers and cloud products but Cisco is without knowledge or information sufficient to know what Centripetal means when it refers to "a major portion of Cisco's product line focuses on enterprise grade" and therefore, Cisco denies the allegation and any remaining allegations in paragraph 35.

36.     With regard to the allegations in paragraph 36 of the Amended Complaint, Cisco admits that it has performed at least one of the alleged activities for at least certain Catalyst Switches and ASR and IRS Routers. Cisco admits that the material attached as Exhibit 12 to the Amended Complaint is marketing material entitled "Switches." Cisco admits that the material attached as Exhibit 13 to the Amended Complaint is marketing material entitled "Routers." Cisco further states that the reference to Exhibits 12 and 13 is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Thus, Cisco lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 36 and therefore denies them.

37.     With regard to the allegations in paragraph 37 of the Amended Complaint, Cisco admits that it has performed at least one of the alleged activities for the identified products. Cisco admits that the material attached as Exhibit 14 to the Amended Complaint is marketing material entitled "Cisco ASA 5500-X with FirePOWER Services." Cisco further states that the reference to Exhibit 14 is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Thus, Cisco lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 37 and therefore denies them.

38.     With regard to the allegations in paragraph 38 of the Amended Complaint, Cisco admits that it has performed at least one of the alleged activities for the identified products. Cisco admits that the material attached as Exhibit 15 to the Amended Complaint is marketing material

entitled "Cisco Stealthwatch Enterprise." Cisco further states that the reference to Exhibit 15 is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Thus, Cisco lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 38 and therefore denies them.

## CISCO SWITCH AND ROUTER PRODUCTS

39.     With regard to the allegations in paragraph 39 of the Amended Complaint, Cisco understands that Centripetal accuses the Catalyst 9400 series and Catalyst 9300 series switches identified in this paragraph to the extent these products include functionality later identified in the Complaint, but Cisco specifically denies that these products infringe any of the Asserted Patents.   Cisco admits that the material attached as Exhibit 16 to the Amended Complaint is marketing material entitled "Cisco Catalyst 9300 Series Switches." Cisco admits that the material attached as Exhibit 17 to the Amended Complaint is marketing material entitled "Cisco Catalyst 9400 Series Switch." Cisco further states that the references to Exhibits 16 and 17 are vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Thus, Cisco lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 39 and therefore denies them.

40.     With regard to the allegations in paragraph 40 of the Amended Complaint, Cisco understands that Centripetal accuses the routers identified in this paragraph to the extent these products include functionality later identified in the Complaint, but Cisco specifically denies that these products infringe any of the Asserted Patents. Cisco admits that the material attached as Exhibit 18 to the Amended Complaint is marketing material entitled "Cisco ASR 1000 Series Aggregation Services Routers." Cisco admits that the material attached as Exhibit 19 to the Amended Complaint is marketing material entitled "Cisco 4000 Series Integrated Services

Routers." Cisco further states that the references to Exhibits 18 and 19 are vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Thus, Cisco lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 40 and therefore denies them.

41.     With regard to the allegations in paragraph 41 of the Amended Complaint, Cisco admits that certain of the Accused Catalyst Products and Router Products operate with the IOS XE 16.6 operating system and may be optionally loaded with the capability to support one or more of the functionalities identified in this paragraph, depending on the features and licenses purchased by a given customer. Cisco denies any remaining allegations in paragraph 41.

42.     With regard to the allegations in paragraph 42 of the Amended Complaint, Cisco admits that Encrypted Threat Analytics ("ETA") uses advanced threat analytics to detect and analyze encrypted traffic without using decryption. Cisco admits that ETA is a network-based security solution that monitors encrypted traffic flows on the network. Cisco is without knowledge sufficient to admit or deny any remaining allegations in paragraph 41 of the Amended Complaint, and therefore denies them.

43.     With regard to the allegations in paragraph 43 of the Amended Complaint, Cisco admits that SD-Access and DNA are capabilities that can be enabled with the Accused Catalyst and Router Products to provide policy based automation, and that DNA applies policies at the network edge to monitor activity in encrypted traffic. Cisco admits that DNA supports automating one policy across the access network. Cisco admits that the material attached as Exhibit 20 to the Amended Complaint is marketing material entitled "The Network. Intuitive. Leading-edge Intelligence." Cisco admits that the material attached as Exhibit 21 to the Amended Complaint is marketing material entitled "Cisco DNA Center." Cisco further states

that the references to Exhibits 20 and 21 are vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Thus, Cisco lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 43 and therefore denies them.

44.     With regard to the allegations in paragraph 44 of the Amended Complaint, Cisco admits that Application and Control Visibility is an available, optional license that can be enabled with the Accused Catalyst and Router Products, depending on the features and licenses purchased by a given customer. Cisco admits that AVC inspects packets and supports NetFlow to export application usage and performance statistics. Cisco admits that the material attached as Exhibit 22 to the Amended Complaint is marketing material entitled "Cisco Application Control and Visibility." Cisco further states that the references to Exhibit 22  are vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Thus, Cisco lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 44 and therefore denies them.

45.     With regard to the allegations in paragraph 45 of the Amended Complaint, the last day to order the Cisco Insight Reporter for AVC was February 10, 2014, and therefore Cisco denies the allegations in paragraph 45 of the Amended Complaint.

46.     With regard to the allegations in paragraph 46 of the Amended Complaint, Cisco admits that the cited material attached as Exhibit 24 to the Amended Complaint appears to be a document entitled "Security Configuration Guide, Cisco IOS XE Everest 16.5.1a (Catalyst 9300 Switches)," dated "2017-06-20." Cisco further states that the references to Exhibit 24 are vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Paragraph 46 otherwise contains legal conclusions to which no response is required in that it refers to terms

used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 46 of the Amended Complaint.

47.     With regard to the allegations in paragraph 47 of the Amended Complaint, Cisco admits that the cited material attached as Exhibit 24 to the Amended Complaint appears to be a document entitled "Security Configuration Guide, Cisco IOS XE Everest 16.5.1a (Catalyst 9300 Switches)," dated "2017-06-20." Cisco further states that the references to Exhibit 24 are vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Cisco admits that Access Control Lists can be created for use with the Accused Router products. Paragraph 47 of the Amended Complaint otherwise contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 47 of the Amended Complaint.

48.     With regard to the allegations in paragraph 48 of the Amended Complaint, Cisco admits that the cited material attached as Exhibit 24 to the Amended Complaint appears to be a document entitled "Security Configuration Guide, Cisco IOS XE Everest 16.5.1a (Catalyst 9300 Switches)," dated "2017-06-20." Cisco further states that the references to Exhibit 24 are vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Paragraph 48 of the Amended Complaint otherwise contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 48 of the Amended Complaint.

DM2\9040596.4

49.       With regard to the allegations in paragraph 49 of the Amended Complaint, Cisco is without knowledge or information sufficient to know what Centripetal means when it refers to "multiple OSI layers" and, therefore, Cisco denies the allegation. Cisco admits that the cited material attached as Exhibit 25 to the Amended Complaint appears to be a document entitled "Encrypted Traffic Analytics." Cisco further states that the references to Exhibit 25 are vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Thus, Cisco lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 49 and therefore denies them.

50.       With regard to the allegations in paragraph 50 of the Amended Complaint, Cisco admits that a portion of Exhibit 17 states that "SD-Access enables policy-based automation from edge to cloud with foundational capabilities," and that Exhibit 17 is a document entitled, "Cisco Catalyst 9400 Series Switch." Cisco further states that the references to Exhibit 17 are vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Thus, Cisco lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 50 and therefore denies them.

51.       With regard to the allegations in paragraph 51 of the Amended Complaint, Cisco admits that the allegations appear to selectively track statements made in the material attached to the Amended Complaint as Exhibit 26. Cisco admits only that the material attached as Exhibit 26 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 51, such statements should be read within the broader context of the complete materials from which they were taken. Cisco further states that the references to Exhibit 26 are vague and ambiguous as to what if anything is alleged, and the document speaks for itself. paragraph 51 of the Amended Complaint otherwise contains legal

conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 51 of the Amended Complaint.

## CISCO STEALTHWATCH PRODUCTS

52.    With regard to the allegations in paragraph 52 of the Amended Complaint, Cisco admits that Stealthwatch Endpoint License is an available, optional license and Stealthwatch Cloud is available as a product offer that can be enabled, depending on the features and licenses purchased by a given customer. Cisco admits that the cited material attached as Exhibit 27 to the Amended Complaint appears to be a document entitled "Cisco Stealthwatch Enterprise." Cisco further states that the references to Exhibit 27 are vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Thus, Cisco lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 52 and therefore denies them.

53.    With regard to the allegations in paragraph 53 of the Amended Complaint, the allegations appear to selectively track statements made in various Cisco marketing materials and have not been presented in a form appropriate for an admission or denial. Cisco admits only that the material speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 53, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 53 of the Amended Complaint.

54.    With regard to the allegations in paragraph 54 of the Amended Complaint, Cisco admits that ETA, DNA with SD-Access and AVC are available, optional offerings that can be

enabled, depending on the features and licenses purchased by a given customer. Cisco denies the remaining allegations in paragraph 54 of the Amended Complaint.

55.     Cisco admits that the allegations set forth in paragraph 55 of the Amended Complaint appear to selectively track statements made in the material attached to the Amended Complaint as Exhibit 28. Given the number of allegations in paragraph 55 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 28 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 55, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 55 of the Amended Complaint.

56.     Cisco admits that the allegations set forth in paragraph 56 of the Amended Complaint appear to selectively track statements made in the material attached to the Amended Complaint as Exhibit 29. Given the number of allegations in paragraph 56 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 56, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 56 of the Amended Complaint.

57.     Cisco admits that the allegations set forth in paragraph 57 of the Amended Complaint appear to selectively track statements made in the material attached to the Amended Complaint as Exhibit 29. Given the number of allegations in paragraph 57 and the larger context

from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 57, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 57 of the Amended Complaint.

58.     With regard to the allegations in paragraph 58 of the Amended Complaint, Cisco admits that Exhibit 25 is a document entitled, "Encrypted Traffic Analytics." Cisco further states that the references to Exhibit 25 to the Amended Complaint are vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Paragraph 58 otherwise contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of law. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 58 of the Amended Complaint.

## CISCO ASA WITH FIREPOWER SERVICES PRODUCTS

59.     With regard to the allegations in paragraph 59 of the Amended Complaint, Cisco understands that Centripetal accuses the ASA with FirePOWER Services products identified in this paragraph to the extent these products include functionality later identified in the Complaint, but Cisco specifically denies that these products infringe any of the Asserted Patents. Cisco admits that the material attached as Exhibit 14 to the Amended Complaint is marketing material entitled "Cisco ASA 5500-X with FirePOWER Services." Cisco further states that the references to Exhibit 14 to the Amended Complaint is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Thus, Cisco lacks knowledge or information

sufficient to form a belief about the truth of any remaining allegations in paragraph 59 and therefore denies them.

60.     With regard to the allegations in paragraph 60 of the Amended Complaint, Cisco admits that the category of ASA with FirePOWER Services includes certain security appliances and that the ASA-5500-X Series is also referred to as a "Next Generation Firewall (NGFW)." Cisco admits that unified security services and task automation, AVC, Adaptive Security Device Manager ("ASDM"), and Transactional Commit Modeling are available, optional offerings that can be enabled with ASA with FirePOWER Services, depending on the features and licenses purchased by a given customer. Cisco denies the remaining allegations in paragraph 60 of the Amended Complaint.

61.     Cisco denies that Transactional-Commit Modeling can currently be considered a "new feature for rule updating," but otherwise admits that the allegations set forth in paragraph 61 of the Amended Complaint appear to selectively track statements made in the material attached to the Amended Complaint as Exhibit 30. Given the number of allegations in paragraph 61 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 30 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 61, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 61 of the Amended Complaint.

## CISCO'S [ALLEGED] INFRINGEMENT OF CENTRIPETAL'S PATENTS

62.     Cisco denies the allegations in paragraph 62 of the Amended Complaint.

63.     With regard to the allegations in paragraph 63, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 63 of the Amended Complaint in view of that Motion.

64.     Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 and therefore denies them.

65.     With regard to the allegations in paragraph 65, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 65 of the Amended Complaint in view of that Motion.

66.     With regard to the allegations in paragraph 66, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Subject to the arguments made in that Motion, Cisco admits that in 2014 Centripetal licensed a threat intelligence solution from ThreatGRID, LLC. Cisco denies that it acquired ThreatGRID in 2016. Cisco denies that it "gained increased exposure to Centripetal's patented technology as a result of the acquisition of ThreatGRID." Cisco admits that the material attached as Exhibit 31 to the Amended Complaint is a document announcing the acquisition of ThreatGRID. Cisco further states that the reference to Exhibit 31 to the Amended Complaint is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Cisco denies any remaining allegations in paragraph 66.

67.     Based on its current investigation, Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 and therefore denies them.

68.     With regard to the allegations in paragraph 68 of the Amended Complaint, Cisco understands that Centripetal attended the Cisco Live event in 2016. Cisco admits that the material attached as Exhibit 32 to the Amended Complaint appears to be taken from the cisco.com website and that it identifies a number of companies, including Centripetal, as having integrated Threat Grid into their products. Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 68 and therefore denies them.

69.     With regard to the allegations in paragraph 69, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 69 of the Amended Complaint in view of that Motion.

70.     With regard to the allegations in paragraph 70, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 70 of the Amended Complaint in view of that Motion.

71.     With regard to the allegations in paragraph 71, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of

Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 71 of the Amended Complaint in view of that Motion.

**FIRST CAUSE OF ACTION**
**(Direct Infringement of the '193 Patent pursuant to 34 U.S.C. § 271(a))**

72.     Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

73.     Cisco denies the allegations in paragraph 73 of the Amended Complaint.

74.     Cisco denies the allegations in paragraph 74 of the Amended Complaint.

75.     Cisco denies the allegations in paragraph 75 of the Amended Complaint.

76.     Cisco denies the allegations in paragraph 76 of the Amended Complaint.

77.     Cisco denies the allegations in paragraph 77 of the Amended Complaint.

78.     Cisco denies the allegations in paragraph 78 of the Amended Complaint.

79.     Cisco admits that the allegations set forth in paragraph 79 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 29. Given the number of allegations in paragraph 79 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 79, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 79 of the Amended Complaint.

80.     Cisco admits that the allegations set forth in paragraph 80 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 29. Given the number of allegations in paragraph 80 and the larger context

from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 80, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 80 of the Amended Complaint.

81.     Cisco denies the allegations in paragraph 81 of the Amended Complaint.

82.     Cisco denies the allegations in paragraph 82 of the Amended Complaint.

83.     Cisco admits that the allegations set forth in paragraph 83 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 29. Given the number of allegations in paragraph 83 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 83, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 83 of the Amended Complaint.

84.     Cisco admits that the allegations set forth in paragraph 84 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 29. Given the number of allegations in paragraph 84 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an

allegation in paragraph 84, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 84 of the Amended Complaint.

85.    Cisco admits that the allegations set forth in paragraph 85 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 33. Given the number of allegations in paragraph 85 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 33 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 85, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 85 of the Amended Complaint.

86.    Cisco admits that the allegations set forth in paragraph 86 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 86 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 86, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 86 of the Amended Complaint.

87.    Cisco denies the allegations in paragraph 87 of the Amended Complaint.

88.    Cisco denies the allegations in paragraph 88 of the Amended Complaint.

89.     With regard to the allegations in paragraph 89, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 89 of the Amended Complaint in view of that Motion.

90.     With regard to the allegations in paragraph 90, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Subject to the arguments made in that Motion, Cisco admits that in 2014 Centripetal licensed a threat intelligence solution from ThreatGRID, LLC. Cisco denies that it acquired ThreatGRID in 2016. Cisco denies that it "gained increased exposure to Centripetal's patented technology as a result of the acquisition of ThreatGRID." Cisco admits that the material attached as Exhibit 31 to the Amended Complaint is a document announcing the acquisition of ThreatGRID. Cisco further states that the reference to Exhibit 31 to the Amended Complaint is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Cisco denies any remaining allegations in paragraph 90.

91.     Based on its current investigation, Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91 and therefore denies them.

92.     With regard to the allegations in paragraph 92 of the Amended Complaint, Cisco understands that Centripetal attended the Cisco Live event in 2016. Cisco admits that the material attached as Exhibit 32 to the Amended Complaint appears to be taken from the cisco.com website and that it identifies a number of companies, including Centripetal, as having

24

integrated Threat Grid into their products. Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 92 and therefore denies them.

93.     With regard to the allegations in paragraph 93, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 93 of the Amended Complaint in view of that Motion and specifically denies that it copied Centripetal's technology.

94.     With regard to the allegations in paragraph 94, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 94 of the Amended Complaint in view of that Motion.

**SECOND CAUSE OF ACTION**
**(Indirect Infringement of the '193 Patent pursuant to 35. U.S.C. § 271(b))**

In answering the allegations contained in paragraphs 95-101, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).

95.     Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

96.     Cisco denies the allegations in paragraph 96 of the Amended Complaint.

97.     Cisco denies the allegations in paragraph 97 of the Amended Complaint.

98.     Cisco denies the allegations in paragraph 98 of the Amended Complaint.

99.     With regard to the allegations in paragraph 99 of the Amended Complaint, Cisco admits that it maintains a website containing marketing materials and other documentation for its product offerings. Cisco denies any remaining allegations set forth in paragraph 99 of the Amended Complaint, and further states that the material attached as Exhibits 34-45 and 16-19 speaks for itself but has not been presented in a form appropriate for an admission or denial.

100.    Cisco denies the allegations in paragraph 100 of the Amended Complaint and further states that the material attached as Exhibit 42 speaks for itself but has not been presented in a form appropriate for an admission or denial.

101.    Cisco denies the allegations in paragraph 101 of the Amended Complaint.

## THIRD CAUSE OF ACTION
### (Direct Infringement of the '176 Patent pursuant to 35 U.S.C. § 271(a))

102.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

103.    Cisco denies the allegations in paragraph 103 of the Amended Complaint.

104.    Cisco denies the allegations in paragraph 104 of the Amended Complaint.

105.    Cisco denies the allegations in paragraph 105 of the Amended Complaint.

106.    Cisco denies the allegations in paragraph 106 of the Amended Complaint.

107.    Cisco denies the allegations in paragraph 107 of the Amended Complaint.

108.    Cisco denies the allegations in paragraph 108 of the Amended Complaint.

109.    Cisco admits that the allegations set forth in paragraph 109 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 29. Given the number of allegations in paragraph 109 and the larger context from which they were taken and that the material has not been presented in a form

appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 109, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 109 of the Amended Complaint.

110.     Cisco admits that the allegations set forth in paragraph 110 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 29. Given the number of allegations in paragraph 110 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 110, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 110 of the Amended Complaint.

111.     Cisco denies the allegations in paragraph 111 of the Amended Complaint.

112.     Cisco denies the allegations in paragraph 112 of the Amended Complaint.

113.     Cisco admits that the allegations set forth in paragraph 113 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 113 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 113, such statements should be read within the broader

context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 113 of the Amended Complaint.

114.    Cisco admits that the allegations set forth in paragraph 114 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 33. Given the number of allegations in paragraph 114 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 33 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 114, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 114 of the Amended Complaint.

115.    Cisco admits that the allegations set forth in paragraph 115 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 115 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 115, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 115 of the Amended Complaint.

116.    Cisco admits that the allegations set forth in paragraph 116 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 116 and the larger

context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 116, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 116 of the Amended Complaint.

117.    Cisco denies the allegations in paragraph 117 of the Amended Complaint.

118.    Cisco denies the allegations in paragraph 118 of the Amended Complaint.

119.    With regard to the allegations in paragraph 119, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 119 of the Amended Complaint in view of that Motion.

120.    With regard to the allegations in paragraph 120, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Subject to the arguments made in that Motion, Cisco admits that in 2014 Centripetal licensed a threat intelligence solution from ThreatGRID, LLC. Cisco denies that it acquired ThreatGRID in 2016. Cisco denies that it "gained increased exposure to Centripetal's patented technology as a result of the acquisition of ThreatGRID." Cisco admits that the material attached as Exhibit 31 to the Amended Complaint is a document announcing the acquisition of ThreatGRID. Cisco further states that the reference to Exhibit 31

to the Amended Complaint is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Cisco denies any remaining allegations in paragraph 90.

121.    Based on its current investigation, Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121 and therefore denies them.

122.    With regard to the allegations in paragraph 122 of the Amended Complaint, Cisco understands that Centripetal attended the Cisco Live event in 2016. Cisco admits that the material attached as Exhibit 32 to the Amended Complaint appears to be taken from the cisco.com website and that it identifies a number of companies, including Centripetal, as having integrated Threat Grid into their products. Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 122 and therefore denies them.

123.    With regard to the allegations in paragraph 123, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 123 of the Amended Complaint in view of that Motion, and specifically denies that it copied Centripetal's technology.

124.    With regard to the allegations in paragraph 94, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 94 of the Amended Complaint in view of that Motion.

## FOURTH CAUSE OF ACTION
### (Indirect Infringement of the '176 Patent pursuant to 35 U.S.C. § 271(b))

In answering the allegations contained in paragraphs 125-131, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).

125.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

126.    Cisco denies the allegations in paragraph 126 of the Amended Complaint

127.    Cisco denies the allegations in paragraph 127 of the Amended Complaint.

128.    Cisco denies the allegations in paragraph 128 of the Amended Complaint.

129.    With regard to the allegations in paragraph 129 of the Amended Complaint, Cisco admits that it maintains a website containing marketing materials and other documentation for its product offerings. Cisco denies any remaining allegations set forth in paragraph 129 of the Amended Complaint, and further states that the material attached as Exhibits 34-45 and 16-19 speaks for itself but has not been presented in a form appropriate for an admission or denial.

130.    Cisco denies the allegations in paragraph 130 of the Amended Complaint and further states that the material attached as Exhibit 42 speaks for itself but has not been presented in a form appropriate for an admission or denial.

131.    Cisco denies the allegations in paragraph 131 of the Amended Complaint.

## FIFTH CAUSE OF ACTION
### (Direct Infringement of the '077 Patent pursuant to 35 U.S.C. § 271(a))

132.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

31

133.    Cisco denies the allegations in paragraph 133 of the Amended Complaint.

134.    Cisco denies the allegations in paragraph 134 of the Amended Complaint.

135.    Cisco denies the allegations in paragraph 135 of the Amended Complaint.

136.    Cisco denies the allegations in paragraph 136 of the Amended Complaint.

137.    Cisco denies the allegations in paragraph 137 of the Amended Complaint.

138.    Cisco denies the allegations in paragraph 138 of the Amended Complaint.

139.    Cisco denies the allegations in paragraph 139 of the Amended Complaint and further states that the material attached as Exhibit 25 speaks for itself but has not been presented in a form appropriate for an admission or denial.

140.    Cisco admits that the allegations set forth in paragraph 140 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 29. Given the number of allegations in paragraph 140 and the larger context from which they were taken, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 140, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 140 of the Amended Complaint.

141.    Cisco admits that the allegations set forth in paragraph 141 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 29. Given the number of allegations in paragraph 141 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that

32

material as an allegation in paragraph 141, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 141 of the Amended Complaint.

142.    Cisco denies the allegations in paragraph 142 of the Amended Complaint.

143.    Cisco admits that the allegations set forth in paragraph 143 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 17. Given the number of allegations in paragraph 143 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 17 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 143, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 143 of the Amended Complaint.

144.    Cisco denies the allegations in paragraph 144 of the Amended Complaint.

145.    Cisco denies the allegations in paragraph 145 of the Amended Complaint.

146.    With regard to the allegations in paragraph 146, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38). Cisco therefore denies the allegations in paragraph 146 of the Amended Complaint in view of that Motion.

147.    With regard to the allegations in paragraph 147, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of

DM2\9040596.4

Law in Support thereof (ECF No. 38).   Subject to the arguments made in that Motion, Cisco admits that in 2014 Centripetal licensed a threat intelligence solution from ThreatGRID, LLC. Cisco denies that it acquired ThreatGRID in 2016. Cisco denies that it "gained increased exposure to Centripetal's patented technology as a result of the acquisition of ThreatGRID." Cisco admits that the material attached as Exhibit 31 to the Amended Complaint is a document announcing the acquisition of ThreatGRID. Cisco further states that the reference to Exhibit 31 to the Amended Complaint is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Cisco denies any remaining allegations in paragraph 147.

148.    Based on its current investigation, Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148 and therefore denies them.

149.    With regard to the allegations in paragraph 149 of the Amended Complaint, Cisco understands that Centripetal attended the Cisco Live event in 2016. Cisco admits that the material attached as Exhibit 32 to the Amended Complaint appears to be taken from the cisco.com website and that it identifies a number of companies, including Centripetal, as having integrated Threat Grid into their products. Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 149 and therefore denies them.

150.    With regard to the allegations in paragraph 150, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).   Cisco therefore denies the allegations in paragraph 150 of

the Amended Complaint in view of that Motion and specifically denies that it copied Centripetal's technology.

151.    With regard to the allegations in paragraph 151, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 151 of the Amended Complaint in view of that Motion.

## SIXTH CAUSE OF ACTION
### (Indirect Infringement of the '077 Patent pursuant to 35 U.S.C § 271(b))

In answering the allegations contained in paragraphs 152-158, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).

152.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

153.    Cisco denies the allegations in paragraph 153 of the Amended Complaint.

154.    Cisco denies the allegations in paragraph 154 of the Amended Complaint.

155.    Cisco denies the allegations in paragraph 155 of the Amended Complaint.

156.    With regard to the allegations in paragraph 156 of the Amended Complaint, Cisco admits that it maintains a website containing marketing materials and other documentation for its product offerings. Cisco denies any remaining allegations set forth in paragraph 156 of the Amended Complaint, and further states that the material attached as Exhibits 34-45 and 16-19 speaks for itself but has not been presented in a form appropriate for an admission or denial.

157.    Cisco denies the allegations in paragraph 157 of the Amended Complaint and further states that the material attached as Exhibit 42 speaks for itself but has not been presented in a form appropriate for an admission or denial.

158.    Cisco denies the allegations in paragraph 158 of the Amended Complaint.

## SEVENTH CAUSE OF ACTION
### (Direct Infringement of the '722 Patent pursuant to 35 U.S.C. § 271(a))

159.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

160.    Cisco denies the allegations in paragraph 160 of the Amended Complaint.

161.    Cisco denies the allegations in paragraph 161 of the Amended Complaint.

162.    Cisco denies the allegations in paragraph 162 of the Amended Complaint.

163.    Cisco denies the allegations in paragraph 163 of the Amended Complaint.

164.    Cisco denies the allegations in paragraph 164 of the Amended Complaint.

165.    Cisco denies the allegations in paragraph 165 of the Amended Complaint.

166.    Cisco denies the allegations in paragraph 166 of the Amended Complaint.

167.    Cisco admits that the allegations set forth in paragraph 167 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 167 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 167, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 167 of the Amended Complaint.

DM2\9040596.4

168.     Cisco denies the allegations in paragraph 168 of the Amended Complaint.

169.     Cisco denies the allegations in paragraph 169 of the Amended Complaint.

170.     Cisco admits that the allegations set forth in paragraph 170 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 170 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 170, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 170 of the Amended Complaint.

171.     Cisco denies the allegations in paragraph 171 of the Amended Complaint.

172.     Cisco denies the allegations in paragraph 172 of the Amended Complaint.

173.     With regard to the allegations in paragraph 173, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 173 of the Amended Complaint in view of that Motion.

174.     With regard to the allegations in paragraph 174, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Subject to the arguments made in that Motion, Cisco admits that in 2014 Centripetal licensed a threat intelligence solution from ThreatGRID, LLC.

Cisco denies that it acquired ThreatGRID in 2016. Cisco denies that it "gained increased exposure to Centripetal's patented technology as a result of the acquisition of ThreatGRID." Cisco admits that the material attached as Exhibit 31 to the Amended Complaint is a document announcing the acquisition of ThreatGRID. Cisco further states that the reference to Exhibit 31 to the Amended Complaint is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Cisco denies any remaining allegations in paragraph 174.

175.    Based on its current investigation, Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175 and therefore denies them.

176.    With regard to the allegations in paragraph 176 of the Amended Complaint, Cisco understands that Centripetal attended the Cisco Live event in 2016. Cisco admits that the material attached as Exhibit 32 to the Amended Complaint appears to be taken from the cisco.com website and that it identifies a number of companies, including Centripetal, as having integrated Threat Grid into their products. Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 176 and therefore denies them.

177.    With regard to the allegations in paragraph 177, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38). Cisco therefore denies the allegations in paragraph 177 of the Amended Complaint in view of that Motion and specifically denies that it copied Centripetal's technology.

178.    With regard to the allegations in paragraph 178, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 178 of the Amended Complaint in view of that Motion.

## EIGHTH CAUSE OF ACTION
### (Indirect Infringement of the '722 Patent pursuant to 35 U.S.C. § 271(b))

In answering the allegations contained in paragraphs 179-185, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).

179.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

180.    Cisco denies the allegations in paragraph 180 of the Amended Complaint.

181.    Cisco denies the allegations in paragraph 181 of the Amended Complaint.

182.    Cisco denies the allegations in paragraph 182 of the Amended Complaint.

183.    With regard to the allegations in paragraph 183 of the Amended Complaint, Cisco admits that it maintains a website containing marketing materials and other documentation for its product offerings. Cisco denies any remaining allegations set forth in paragraph 183 of the Amended Complaint, and further states that the material attached as Exhibits 34-45 and 16-19 speaks for itself but has not been presented in a form appropriate for an admission or denial.

184.    Cisco denies the allegations in paragraph 184 of the Amended Complaint and further states that the material attached as Exhibit 42 speaks for itself but has not been presented in a form appropriate for an admission or denial.

185.    Cisco denies the allegations in paragraph 185 of the Amended Complaint.

## NINTH CAUSE OF ACTION
### (Direct Infringement of the '806 Patent pursuant to 35 U.S.C. § 271(a))

186.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

187.    Cisco denies the allegations in paragraph 187 of the Amended Complaint.

188.    Cisco denies the allegations in paragraph 188 of the Amended Complaint.

189.    Cisco denies the allegations in paragraph 189 of the Amended Complaint.

190.    Cisco denies the allegations in paragraph 190 of the Amended Complaint.

191.    Cisco denies the allegations in paragraph 191 of the Amended Complaint.

192.    Cisco denies the allegations in paragraph 192 of the Amended Complaint.

193.    Cisco denies the allegations in paragraph 193 of the Amended Complaint.

194.    Cisco denies the allegations in paragraph 194 of the Amended Complaint.

195.    Cisco admits that the allegations set forth in paragraph 195 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 16. Given the number of allegations in paragraph 195 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 16 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 195, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 195 of the Amended Complaint.

196.    Cisco admits that the allegations set forth in paragraph 196 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended

Complaint as Exhibit 47, which concerns the Catalyst 9300 Series Switches. Given the number of allegations in paragraph 196 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 47 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 196, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 196 of the Amended Complaint.

197.    Cisco admits that the allegations set forth in paragraph 197 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 30. Given the number of allegations in paragraph 197 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 30 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 197, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 197 of the Amended Complaint.

198.    Cisco denies the allegations in paragraph 198 of the Amended Complaint.

199.    Cisco denies the allegations in paragraph 199 of the Amended Complaint.

200.    With regard to the allegations in paragraph 200, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of

Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 200 of the Amended Complaint in view of that Motion.

201.    With regard to the allegations in paragraph 201, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Subject to the arguments made in that Motion, Cisco admits that in 2014 Centripetal licensed a threat intelligence solution from ThreatGRID, LLC.  Cisco denies that it acquired ThreatGRID in 2016. Cisco denies that it "gained increased exposure to Centripetal's patented technology as a result of the acquisition of ThreatGRID." Cisco admits that the material attached as Exhibit 31 to the Amended Complaint is a document announcing the acquisition of ThreatGRID. Cisco further states that the reference to Exhibit 31 to the Amended Complaint is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Cisco denies any remaining allegations in paragraph 201.

202.    Based on its current investigation, Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 202 and therefore denies them.

203.    With regard to the allegations in paragraph 203 of the Amended Complaint, Cisco understands that Centripetal attended the Cisco Live event in 2016. Cisco admits that the material attached as Exhibit 32 to the Amended Complaint appears to be taken from the cisco.com website and that it identifies a number of companies, including Centripetal, as having integrated Threat Grid into their products. Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 203 and therefore denies them.

204.    With regard to the allegations in paragraph 204, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 204 of the Amended Complaint in view of that Motion and specifically denies that it copied Centripetal's technology.

205.    With regard to the allegations in paragraph 205, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 205 of the Amended Complaint in view of that Motion.

**TENTH CAUSE OF ACTION**
**(Indirect Infringement of the '806 Patent pursuant to 35 U.S.C. § 271(b))**

In answering the allegations contained in paragraphs 206-212, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).

206.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

207.    Cisco denies the allegations in paragraph 207 of the Amended Complaint.

208.    Cisco denies the allegations in paragraph 208 of the Amended Complaint.

209.    Cisco denies the allegations in paragraph 209 of the Amended Complaint.

210.    With regard to the allegations in paragraph 210 of the Amended Complaint, Cisco admits that it maintains a website containing marketing materials and other documentation for its

DM2\9040596.4

product offerings. Cisco denies any remaining allegations set forth in paragraph 210 of the Amended Complaint, and further states that the material attached as Exhibits 34-45 and 16-19 speaks for itself but has not been presented in a form appropriate for an admission or denial.

211.    Cisco denies the allegations in paragraph 211 of the Amended Complaint and further states that the material attached as Exhibit 42 speaks for itself but has not been presented in a form appropriate for an admission or denial.

212.    Cisco denies the allegations in paragraph 212 of the Amended Complaint.

## ELEVENTH CAUSE OF ACTION
### (Direct Infringement of the '713 Patent pursuant to 35 U.S.C. § 271(a))

213.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

214.    Cisco denies the allegations in paragraph 214 of the Amended Complaint.

215.    Cisco denies the allegations in paragraph 215 of the Amended Complaint.

216.    Cisco denies the allegations in paragraph 216 of the Amended Complaint.

217.    Cisco denies the allegations in paragraph 217 of the Amended Complaint.

218.    Cisco denies the allegations in paragraph 218 of the Amended Complaint.

219.    Cisco denies the allegations in paragraph 219 of the Amended Complaint.

220.    Cisco admits that the allegations set forth in paragraph 220 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 29. Given the number of allegations in paragraph 220 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 220, such statements should be read within the broader

context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 220 of the Amended Complaint.

221.    Cisco admits that the allegations set forth in paragraph 221 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 29. Given the number of allegations in paragraph 221 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 221, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 221 of the Amended Complaint.

222.    Cisco denies the allegations in paragraph 222 of the Amended Complaint and further states that the material attached as Exhibit 25 speaks for itself but has not been presented in a form appropriate for an admission or denial.

223.    Cisco denies the allegations in paragraph 223 of the Amended Complaint and further states that the material attached as Exhibit 25 speaks for itself but has not been presented in a form appropriate for an admission or denial.

224.    Cisco admits that the allegations set forth in paragraph 224 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 224 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25 speaks for itself and that, to the extent Centripetal has taken selected statements from that

45

material as an allegation in paragraph 224, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 224 of the Amended Complaint.

225.    Cisco denies the allegations in paragraph 225 of the Amended Complaint.

226.    Cisco denies the allegations in paragraph 226 of the Amended Complaint.

227.    With regard to the allegations in paragraph 227, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 227 of the Amended Complaint in view of that Motion.

228.    With regard to the allegations in paragraph 228, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Subject to the arguments made in that Motion, Cisco admits that in 2014 Centripetal licensed a threat intelligence solution from ThreatGRID, LLC. Cisco denies that it acquired ThreatGRID in 2016. Cisco denies that it "gained increased exposure to Centripetal's patented technology as a result of the acquisition of ThreatGRID." Cisco admits that the material attached as Exhibit 31 to the Amended Complaint is a document announcing the acquisition of ThreatGRID. Cisco further states that the reference to Exhibit 31 to the Amended Complaint is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Cisco denies any remaining allegations in paragraph 228.

229.    Based on its current investigation, Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 229 and therefore denies them.

230.    With regard to the allegations in paragraph 230 of the Amended Complaint, Cisco understands that Centripetal attended the Cisco Live event in 2016. Cisco admits that the material attached as Exhibit 32 to the Amended Complaint appears to be taken from the cisco.com website and that it identifies a number of companies, including Centripetal, as having integrated Threat Grid into their products. Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 230 and therefore denies them.

231.    With regard to the allegations in paragraph 231, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38). Cisco therefore denies the allegations in paragraph 231 of the Amended Complaint in view of that Motion and specifically denies that it copied Centripetal's technology.

232.    With regard to the allegations in paragraph 232, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38). Cisco therefore denies the allegations in paragraph 232 of the Amended Complaint in view of that Motion.

## TWELFTH CAUSE OF ACTION
### (Indirect Infringement of the '713 Patent pursuant to 35 U.S.C. § 271(b))

In answering the allegations contained in paragraphs 233-239, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).

233.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

234.    Cisco denies the allegations in paragraph 234 of the Amended Complaint.

235.    Cisco denies the allegations in paragraph 235 of the Amended Complaint.

236.    Cisco denies the allegations in paragraph 236 of the Amended Complaint.

237.    With regard to the allegations in paragraph 237 of the Amended Complaint, Cisco admits that it maintains a website containing marketing materials and other documentation for its product offerings. Cisco denies any remaining allegations set forth in paragraph 237 of the Amended Complaint, and further states that the material attached as Exhibits 34-45 and 16-19 speaks for itself but has not been presented in a form appropriate for an admission or denial.

238.    Cisco denies the allegations in paragraph 238 of the Amended Complaint and further states that the material attached as Exhibit 42 speaks for itself but has not been presented in a form appropriate for an admission or denial.

239.    Cisco denies the allegations in paragraph 239 of the Amended Complaint.

## THIRTEENTH CAUSE OF ACTION
### (Direct Infringement of the '552 Patent pursuant to 35 U.S.C. § 271(a))

240.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

241.    Cisco denies the allegations in paragraph 241 of the Amended Complaint.

242.    Cisco denies the allegations in paragraph 242 of the Amended Complaint.

48

243.    Cisco denies the allegations in paragraph 243 of the Amended Complaint.

244.    Cisco denies the allegations in paragraph 244 of the Amended Complaint.

245.    Cisco denies the allegations in paragraph 245 of the Amended Complaint.

246.    Cisco denies the allegations in paragraph 246 of the Amended Complaint.

247.    Cisco admits that the allegations set forth in paragraph 247 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 16. Given the number of allegations in paragraph 247 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 16 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 247, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 247 of the Amended Complaint.

248.    Cisco admits that the allegations set forth in paragraph 248 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 16. Given the number of allegations in paragraph 248 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 16 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 248, such statements should be read within the broader context of the complete materials from which they were taken. Paragraph 248 otherwise contains legal conclusions to which no response is required in that it refers to terms used in the claims of one or more of the Asserted Patents that have not yet been construed by the Court as a matter of

law. Cisco denies any remaining allegations set forth in paragraph 248 of the Amended Complaint.

249.    Cisco denies the allegations in paragraph 249 of the Amended Complaint.

250.    Cisco admits that the allegations set forth in paragraph 250 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 250 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 250, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 250 of the Amended Complaint.

251.    Cisco admits that the allegations set forth in paragraph 251 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 29. Given the number of allegations in paragraph 251 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 251, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 251 of the Amended Complaint.

252.    Cisco admits that the allegations set forth in paragraph 252 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended

DM2\9040596.4

Complaint as Exhibit 29. Given the number of allegations in paragraph 252 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 252, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 252 of the Amended Complaint.

253.    Cisco denies the allegations in paragraph 253 of the Amended Complaint.

254.    Cisco denies the allegations in paragraph 254 of the Amended Complaint.

255.    Cisco denies the allegations in paragraph 255 of the Amended Complaint.

256.    Cisco denies the allegations in paragraph 256 of the Amended Complaint.

257.    With regard to the allegations in paragraph 257, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 257 of the Amended Complaint in view of that Motion.

258.    With regard to the allegations in paragraph 258, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Subject to the arguments made in that Motion, Cisco admits that in 2014 Centripetal licensed a threat intelligence solution from ThreatGRID, LLC. Cisco denies that it acquired ThreatGRID in 2016. Cisco denies that it "gained increased exposure to Centripetal's patented technology as a result of the acquisition of ThreatGRID."

Cisco admits that the material attached as Exhibit 31 to the Amended Complaint is a document announcing the acquisition of ThreatGRID. Cisco further states that the reference to Exhibit 31 to the Amended Complaint is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Cisco denies any remaining allegations in paragraph 258.

259.    Based on its current investigation, Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 259 and therefore denies them.

260.    With regard to the allegations in paragraph 260 of the Amended Complaint, Cisco understands that Centripetal attended the Cisco Live event in 2016. Cisco admits that the material attached as Exhibit 32 to the Amended Complaint appears to be taken from the cisco.com website and that it identifies a number of companies, including Centripetal, as having integrated Threat Grid into their products. Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 260 and therefore denies them.

261.    With regard to the allegations in paragraph 261, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 261 of the Amended Complaint in view of that Motion and specifically denies that it copied Centripetal's technology.

262.    With regard to the allegations in paragraph 262, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of

Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 262 of the Amended Complaint in view of that Motion.

## FOURTEENTH CAUSE OF ACTION
### (Indirect Infringement of the '552 Patent pursuant to 35 U.S.C. § 271(b))

In answering the allegations contained in paragraphs 263-269, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).

263.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

264.    Cisco denies the allegations in paragraph 264 of the Amended Complaint.

265.    Cisco denies the allegations in paragraph 265 of the Amended Complaint.

266.    Cisco denies the allegations in paragraph 266 of the Amended Complaint.

267.    With regard to the allegations in paragraph 267 of the Amended Complaint, Cisco admits that it maintains a website containing marketing materials and other documentation for its product offerings. Cisco denies any remaining allegations set forth in paragraph 267 of the Amended Complaint, and further states that the material attached as Exhibits 34-45 and 16-19 speaks for itself but has not been presented in a form appropriate for an admission or denial.

268.    Cisco denies the allegations in paragraph 268 of the Amended Complaint and further states that the material attached as Exhibit 42 speaks for itself but has not been presented in a form appropriate for an admission or denial.

269.    Cisco denies the allegations in paragraph 269 of the Amended Complaint.

## FIFTEENTH CAUSE OF ACTION
### (Direct Infringement of the '213 Patent pursuant to 35 U.S.C. § 271(a))

53

270.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

271.    Cisco denies the allegations in paragraph 271 of the Amended Complaint.

272.    Cisco denies the allegations in paragraph 272 of the Amended Complaint.

273.    Cisco denies the allegations in paragraph 273 of the Amended Complaint.

274.    Cisco denies the allegations in paragraph 274 of the Amended Complaint.

275.    Cisco denies the allegations in paragraph 275 of the Amended Complaint.

276.    Cisco denies the allegations in paragraph 276 of the Amended Complaint.

277.    Cisco denies the allegations in paragraph 277 of the Amended Complaint.

278.    Cisco denies the allegations in paragraph 278 of the Amended Complaint.

279.    Cisco admits that the allegations set forth in paragraph 279 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 29. Given the number of allegations in paragraph 279 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 279, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 279 of the Amended Complaint.

280.    Cisco admits that the allegations set forth in paragraph 280 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended

Complaint as Exhibit 29. Given the number of allegations in paragraph 280 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 29 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 280, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 280 of the Amended Complaint.

281.    Cisco admits that the allegations set forth in paragraph 281 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 281 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 281, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 281 of the Amended Complaint.

282.    Cisco admits that the allegations set forth in paragraph 282 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 281 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25

speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 282, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 282 of the Amended Complaint.

283.    Cisco denies the allegations in paragraph 283 of the Amended Complaint.

284.    Cisco admits that the allegations set forth in paragraph 284 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 17. Given the number of allegations in paragraph 284 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 17 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 284, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 284 of the Amended Complaint.

285.    Cisco admits that the allegations set forth in paragraph 285 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 281 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 285, such statements should be read within the broader context of the complete materials from which they were taken. Cisco denies any remaining allegations set forth in paragraph 285 of the Amended Complaint

286.     Cisco denies the allegations in paragraph 286 of the Amended Complaint.

287.     Cisco denies the allegations in paragraph 287 of the Amended Complaint.

288.     With regard to the allegations in paragraph 288, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 288 of the Amended Complaint in view of that Motion.

289.     With regard to the allegations in paragraph 289, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Subject to the arguments made in that Motion, Cisco admits that in 2014 Centripetal licensed a threat intelligence solution from ThreatGRID, LLC. Cisco denies that it acquired ThreatGRID in 2016. Cisco denies that it "gained increased exposure to Centripetal's patented technology as a result of the acquisition of ThreatGRID." Cisco admits that the material attached as Exhibit 31 to the Amended Complaint is a document announcing the acquisition of ThreatGRID. Cisco further states that the reference to Exhibit 31 to the Amended Complaint is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Cisco denies any remaining allegations in paragraph 289.

290.     Based on its current investigation, Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 290 and therefore denies them.

291.     With regard to the allegations in paragraph 291 of the Amended Complaint, Cisco understands that Centripetal attended the Cisco Live event in 2016. Cisco admits that the

material attached as Exhibit 32 to the Amended Complaint appears to be taken from the cisco.com website and that it identifies a number of companies, including Centripetal, as having integrated Threat Grid into their products. Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 291 and therefore denies them.

292.   With regard to the allegations in paragraph 292, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 292 of the Amended Complaint in view of that Motion and specifically denies that it copied Centripetal's technology.

293.   With regard to the allegations in paragraph 293, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 293 of the Amended Complaint in view of that Motion.

## SIXTEENTH CAUSE OF ACTION
### (Indirect Infringement of the '213 Patent pursuant to 35 U.S.C. § 271(b))

In answering the allegations contained in paragraphs 294-300, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).

294.   Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

295.    Cisco denies the allegations in paragraph 295 of the Amended Complaint.

296.    Cisco denies the allegations in paragraph 296 of the Amended Complaint.

297.    Cisco denies the allegations in paragraph 297 of the Amended Complaint.

298.    With regard to the allegations in paragraph 298 of the Amended Complaint, Cisco admits that it maintains a website containing marketing materials and other documentation for its product offerings. Cisco denies any remaining allegations set forth in paragraph 267 of the Amended Complaint, and further states that the material attached as Exhibits 34-45 and 16-19 speaks for itself but has not been presented in a form appropriate for an admission or denial.

299.    Cisco denies the allegations in paragraph 299 of the Amended Complaint and further states that the material attached as Exhibit 42 speaks for itself but has not been presented in a form appropriate for an admission or denial.

300.    Cisco denies the allegations in paragraph 300 of the Amended Complaint.

## SEVENTEENTH CAUSE OF ACTION
### (Direct Infringement of the '205 Patent pursuant to 35 U.S.C. § 271(a))

301.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

302.    Cisco denies the allegations in paragraph 302 of the Amended Complaint.

303.    Cisco denies the allegations in paragraph 303 of the Amended Complaint.

304.    Cisco denies the allegations in paragraph 304 of the Amended Complaint.

305.    Cisco denies the allegations in paragraph 305 of the Amended Complaint.

306.    Cisco denies the allegations in paragraph 306 of the Amended Complaint.

307.    Cisco denies the allegations in paragraph 307 of the Amended Complaint.

308.    Cisco denies the allegations in paragraph 308 of the Amended Complaint.

309.    Cisco denies the allegations in paragraph 309 of the Amended Complaint.

310. Cisco admits that the allegations set forth in paragraph 310 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 17. Given the number of allegations in paragraph 310 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 17 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 310, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 310 of the Amended Complaint.

311. Cisco admits that the allegations set forth in paragraph 311 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 311 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 311, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 311 of the Amended Complaint.

312. Cisco denies the allegations in paragraph 312 of the Amended Complaint.

313.    Cisco denies the allegations in paragraph 313 of the Amended Complaint.

314.    With regard to the allegations in paragraph 314, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 314 of the Amended Complaint in view of that Motion.

315.    With regard to the allegations in paragraph 315, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Subject to the arguments made in that Motion, Cisco admits that in 2014 Centripetal licensed a threat intelligence solution from ThreatGRID, LLC. Cisco denies that it acquired ThreatGRID in 2016. Cisco denies that it "gained increased exposure to Centripetal's patented technology as a result of the acquisition of ThreatGRID." Cisco admits that the material attached as Exhibit 31 to the Amended Complaint is a document announcing the acquisition of ThreatGRID. Cisco further states that the reference to Exhibit 31 to the Amended Complaint is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Cisco denies any remaining allegations in paragraph 315.

316.    Based on its current investigation, Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 316 and therefore denies them.

317.    With regard to the allegations in paragraph 317 of the Amended Complaint, Cisco understands that Centripetal attended the Cisco Live event in 2016. Cisco admits that the material attached as Exhibit 32 to the Amended Complaint appears to be taken from the

cisco.com website and that it identifies a number of companies, including Centripetal, as having integrated Threat Grid into their products. Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 317 and therefore denies them.

318.   With regard to the allegations in paragraph 318, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 318 of the Amended Complaint in view of that Motion and specifically denies that it copied Centripetal's technology.

319.   With regard to the allegations in paragraph 319, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 319 of the Amended Complaint in view of that Motion.

## EIGHTEENTH CAUSE OF ACTION
### (Indirect Infringement of the '205 Patent pursuant to 35 U.S.C. § 271(b))

In answering the allegations contained in paragraphs 320-326, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).

320.   Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

321.   Cisco denies the allegations in paragraph 321 of the Amended Complaint.

322.    Cisco denies the allegations in paragraph 322 of the Amended Complaint.

323.    Cisco denies the allegations in paragraph 323 of the Amended Complaint.

324.    With regard to the allegations in paragraph 324 of the Amended Complaint, Cisco admits that it maintains a website containing marketing materials and other documentation for its product offerings. Cisco denies any remaining allegations set forth in paragraph 324 of the Amended Complaint, and further states that the material attached as Exhibits 34-45 and 16-19 speaks for itself but has not been presented in a form appropriate for an admission or denial.

325.    Cisco denies the allegations in paragraph 325 of the Amended Complaint and further states that the material attached as Exhibit 42 speaks for itself but has not been presented in a form appropriate for an admission or denial.

326.    Cisco denies the allegations in paragraph 326 of the Amended Complaint.

## NINETEENTH CAUSE OF ACTION
### (Direct Infringement of the '148 Patent pursuant to 35 U.S.C. § 271(a))

327.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

328.    Cisco denies the allegations in paragraph 328 of the Amended Complaint.

329.    Cisco denies the allegations in paragraph 329 of the Amended Complaint.

330.    Cisco denies the allegations in paragraph 330 of the Amended Complaint.

331.    Cisco denies the allegations in paragraph 331 of the Amended Complaint.

332.    Cisco denies the allegations in paragraph 332 of the Amended Complaint.

333.    Cisco denies the allegations in paragraph 333 of the Amended Complaint.

334.    Cisco admits that the allegations set forth in paragraph 334 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 16. Given the number of allegations in paragraph 334 and the larger

context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 16 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 334, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 334 of the Amended Complaint.

335.    Cisco denies the allegations in paragraph 335 of the Amended Complaint.

336.    Cisco denies the allegations in paragraph 336 of the Amended Complaint.

337.    Cisco admits that the allegations set forth in paragraph 337 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 16. Given the number of allegations in paragraph 337 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 16 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 337, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 337 of the Amended Complaint.

338.    Cisco admits that the allegations set forth in paragraph 338 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended

DM2\9040596.4

Complaint as Exhibit 47. Given the number of allegations in paragraph 338 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 47 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 338, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 338 of the Amended Complaint.

339.    Cisco admits that the allegations set forth in paragraph 339 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 30. Given the number of allegations in paragraph 339 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 30 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 339, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 339 of the Amended Complaint.

340.    Cisco denies the allegations in paragraph 340 of the Amended Complaint.

341.    Cisco denies the allegations in paragraph 341 of the Amended Complaint.

DM2\9040596.4

342.    With regard to the allegations in paragraph 342, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 342 of the Amended Complaint in view of that Motion.

343.    With regard to the allegations in paragraph 343, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).   Subject to the arguments made in that Motion, Cisco admits that in 2014 Centripetal licensed a threat intelligence solution from ThreatGRID, LLC. Cisco denies that it acquired ThreatGRID in 2016. Cisco denies that it "gained increased exposure to Centripetal's patented technology as a result of the acquisition of ThreatGRID." Cisco admits that the material attached as Exhibit 31 to the Amended Complaint is a document announcing the acquisition of ThreatGRID. Cisco further states that the reference to Exhibit 31 to the Amended Complaint is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Cisco denies any remaining allegations in paragraph 343.

344.    Based on its current investigation, Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 344 and therefore denies them.

345.    With regard to the allegations in paragraph 345 of the Amended Complaint, Cisco understands that Centripetal attended the Cisco Live event in 2016. Cisco admits that the material attached as Exhibit 32 to the Amended Complaint appears to be taken from the cisco.com website and that it identifies a number of companies, including Centripetal, as having

integrated Threat Grid into their products. Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 345 and therefore denies them.

346. With regard to the allegations in paragraph 346, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38). Cisco therefore denies the allegations in paragraph 346 of the Amended Complaint in view of that Motion and specifically denies that it copied Centripetal's technology.

347. With regard to the allegations in paragraph 347, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38). Cisco therefore denies the allegations in paragraph 347 of the Amended Complaint in view of that Motion.

## TWENTIETH CAUSE OF ACTION
### (Indirect Infringement of the '148 Patent pursuant to 35 U.S.C. § 271(b))

In answering the allegations contained in paragraphs 348-354, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).

348. Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

349. Cisco denies the allegations in paragraph 349 of the Amended Complaint.

350. Cisco denies the allegations in paragraph 350 of the Amended Complaint.

351.    Cisco denies the allegations in paragraph 351 of the Amended Complaint.

352.    With regard to the allegations in paragraph 352 of the Amended Complaint, Cisco admits that it maintains a website containing marketing materials and other documentation for its product offerings. Cisco denies any remaining allegations set forth in paragraph 352 of the Amended Complaint, and further states that the material attached as Exhibits 34-45 and 16-19 speaks for itself but has not been presented in a form appropriate for an admission or denial.

353.    Cisco denies the allegations in paragraph 353 of the Amended Complaint and further states that the material attached as Exhibit 42 speaks for itself but has not been presented in a form appropriate for an admission or denial.

354.    Cisco denies the allegations in paragraph 354 of the Amended Complaint.

## TWENTY-FIRST CAUSE OF ACTION
### (Patent Infringement of the '856 Patent)

355.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

356.    Cisco denies the allegations in paragraph 356 of the Amended Complaint.

357.    Cisco denies the allegations in paragraph 357 of the Amended Complaint.

358.    Cisco denies the allegations in paragraph 358 of the Amended Complaint.

359.    Cisco denies the allegations in paragraph 359 of the Amended Complaint.

360.    Cisco denies the allegations in paragraph 360 of the Amended Complaint.

361.    Cisco denies the allegations in paragraph 361 of the Amended Complaint.

362.    Cisco admits that the allegations set forth in paragraph 362 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 362 and the larger context from which they were taken and that the material has not been presented in a form

appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 362, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 362 of the Amended Complaint.

363.    Cisco admits that the allegations set forth in paragraph 363 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 363 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 363, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 363 of the Amended Complaint.

364.    Cisco admits that the allegations set forth in paragraph 364 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 364 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25

speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 364, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 364 of the Amended Complaint.

365.    Cisco denies the allegations in paragraph 365 of the Amended Complaint.

366.    Cisco admits that the allegations set forth in paragraph 366 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 33. Given the number of allegations in paragraph 366 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 33 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 366, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 366 of the Amended Complaint.

367.    Cisco admits that the allegations set forth in paragraph 367 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 33. Given the number of allegations in paragraph 367 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 33

70

speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 367, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 367 of the Amended Complaint.

368.    Cisco denies the allegations in paragraph 368 of the Amended Complaint.

369.    Cisco admits that the allegations set forth in paragraph 369 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 33. Given the number of allegations in paragraph 369 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 33 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 369, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 369 of the Amended Complaint.

370.    Cisco denies the allegations in paragraph 370 of the Amended Complaint.

371.    Cisco admits that the allegations set forth in paragraph 371 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 33. Given the number of allegations in paragraph 371 and the larger context from which they were taken and that the material has not been presented in a form

DM2\9040596.4

appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 33 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 371, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 371 of the Amended Complaint.

372.    Cisco admits that the allegations set forth in paragraph 372 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 33. Given the number of allegations in paragraph 372 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 33 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 372, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 372 of the Amended Complaint.

373.    Cisco admits that the allegations set forth in paragraph 373 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 33. Given the number of allegations in paragraph 373 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 33

speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 373, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 373 of the Amended Complaint.

374.     Cisco denies the allegations in paragraph 374 of the Amended Complaint.

375.     Cisco admits that the allegations set forth in paragraph 375 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 33. Given the number of allegations in paragraph 375 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 33 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 375, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 375 of the Amended Complaint.

376.     Cisco admits that the allegations set forth in paragraph 376 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 33. Given the number of allegations in paragraph 376 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 33

speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 376, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 376 of the Amended Complaint.

377.    Cisco denies the allegations in paragraph 377 of the Amended Complaint.

378.    Cisco admits that the allegations set forth in paragraph 378 of the Amended Complaint appear to selectively quote statements made in the material attached to the Amended Complaint as Exhibit 25. Given the number of allegations in paragraph 378 and the larger context from which they were taken and that the material has not been presented in a form appropriate for an admission or denial, Cisco admits only that the material attached as Exhibit 25 speaks for itself and that, to the extent Centripetal has taken selected statements from that material as an allegation in paragraph 378, such statements should be read within the broader context of the complete materials from which they were taken, and that the information has not been presented in a form appropriate for an admission or denial. To the extent a response is deemed required, Cisco denies the remaining allegations in paragraph 378 of the Amended Complaint.

379.    Cisco denies the allegations in paragraph 379 of the Amended Complaint.

380.    Cisco denies the allegations in paragraph 380 of the Amended Complaint.

381.    With regard to the allegations in paragraph 381, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of

Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 89 of the Amended Complaint in view of that Motion.

382.    With regard to the allegations in paragraph 382, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Subject to the arguments made in that Motion, Cisco admits that in 2014 Centripetal licensed a threat intelligence solution from ThreatGRID, LLC. Cisco denies that it acquired ThreatGRID in 2016. Cisco denies that it "gained increased exposure to Centripetal's patented technology as a result of the acquisition of ThreatGRID." Cisco admits that the material attached as Exhibit 31 to the Amended Complaint is a document announcing the acquisition of ThreatGRID. Cisco further states that the reference to Exhibit 31 to the Amended Complaint is vague and ambiguous as to what if anything is alleged, and the document speaks for itself. Cisco denies any remaining allegations in paragraph 382.

383.    Based on its current investigation, Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 383 and therefore denies them.

384.    With regard to the allegations in paragraph 384 of the Amended Complaint, Cisco understands that Centripetal attended the Cisco Live event in 2016. Cisco admits that the material attached as Exhibit 32 to the Amended Complaint appears to be taken from the cisco.com website and that it identifies a number of companies, including Centripetal, as having integrated Threat Grid into their products. Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 384 and therefore denies them.

385.    With regard to the allegations in paragraph 385, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 385 of the Amended Complaint in view of that Motion and specifically denies that it copied Centripetal's technology.

386.    With regard to the allegations in paragraph 386, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).  Cisco therefore denies the allegations in paragraph 386 of the Amended Complaint in view of that Motion.

## TWENTY-SECOND CAUSE OF ACTION
### (Indirect Infringement of the '856 Patent pursuant to 35 U.S.C. § 271(b))

In answering the allegations contained in paragraphs 387-392, Cisco does not waive, but expressly reserves, each of the arguments set forth in its Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement for Failure to State a Claim (ECF No. 37) and Memorandum of Law in Support thereof (ECF No. 38).

387.    Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

388.    Cisco denies the allegations in paragraph 388 of the Amended Complaint.

389.    Cisco denies the allegations in paragraph 389 of the Amended Complaint.

390.    With regard to the allegations in paragraph 390 of the Amended Complaint, Cisco admits that it maintains a website containing marketing materials and other documentation for its product offerings. Cisco denies any remaining allegations set forth in paragraph 390 of the

Amended Complaint, and further states that the material attached as Exhibits 34-45 and 16-19 speaks for itself but has not been presented in a form appropriate for an admission or denial.

391.     Cisco denies the allegations in paragraph 391 of the Amended Complaint and further states that the material attached as Exhibit 42 speaks for itself but has not been presented in a form appropriate for an admission or denial.

392.     Cisco denies the allegations in paragraph 392 of the Amended Complaint.

## PRAYER FOR RELIEF

Cisco denies the allegations contained in the Prayer for Relief and further denies that Centripetal is entitled to any relief whatsoever against Cisco.

## JURY DEMAND

Cisco admits that the Amended Complaint sets forth a demand for a trial by jury. Cisco likewise demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Cisco asserts the following affirmative and other defenses to the Amended Complaint. In so doing, Cisco does not assume or shift any burden of proof on any issue that is Centripetal's burden as a matter of law. Cisco reserves the right to amend or supplement these defenses as additional facts become known.

### First Affirmative Defense

### Invalidity/Ineligibility of the Patents-in-Suit

At least the asserted claims of the Patents-in-Suit are invalid or ineligible for patenting pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to claim the subject matter regarded as the invention, and failure to

DM2\9040596.4

satisfy the written description and/or enablement requirements), the rules, regulations, and laws pertaining thereto, and/or under other judicially-created bases for invalidity.

## Second Affirmative Defense

### Government Sales Exemption

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff accuses products or services that are provided by or for the government of the United States of America, there is no jurisdiction over such claims, pursuant to 28 U.S.C. § 1498(a), outside of the U.S. Court of Federal Claims.

## Reservation of Additional Defenses

Cisco's investigation of this matter is ongoing. It reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state or federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, Cisco prays for relief as follows:

A.      Denying all relief sought by Centripetal in this action with respect to Cisco, including dismissing Centripetal's Amended Complaint;

B.      Awarding Cisco its costs and disbursements in this action;

C.      Awarding such other and further relief as this Court may deem just and proper;

## DEMAND FOR JURY TRIAL

Cisco hereby demands a jury trial as to all issues so triable.

CISCO SYSTEMS, INC.

By_____/s/_____
              Of Counsel

78

Dabney J. Carr, IV, VSB No. 28679
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com

**DUANE MORRIS LLP**
Louis N. Jameson (admitted pro hac vice)
Matthew C. Gaudet (pro hac vice pending)
John R. Gibson, VSB No. 72968
Jennifer H. Forte (admitted pro hac vice)
1075 Peachtree Street, N.E., Suite 2000
Atlanta, Georgia 30309-3929
Telephone: (404) 253-6900
Facsimile: (404) 253-6901
wjameson@duanemorris.com
jrgibson@duanemorris.com
jhforte@duanemorris.com

Joseph A. Powers (admitted pro hac vice)
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 689-3797
japowers@duanemorris.com

John M. Baird, VSB No. 77827
Christopher J. Tyson, VSB No. 81553
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776 7851
Facsimile: (202) 478 2620
jmbaird@duanemorrris.com
cjtyson@duanemorris.com

Nicole E. Grigg (admitted *pro hac vice*)
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: (650) 847-4176
Facsimile: (650) 618-2713
NEGrigg@duanemorris.com

*Counsel for Defendant Cisco Systems, Inc.*

DM2\9040596.4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of October, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Kevin M. O'Donnell
> Jeffery T. Martin, Jr.
> HENRY & O'DONNELL, P.C.
> 300 N. Washington Street – Suite 204
> Alexandria, VA 22314
> kmo@henrylaw.com
> jtm@henrylaw.com
>
> Paul J. Andre
> Lisa Kobialka
> James Hannah
> KRAMER LEVIN NAFTALIS & FRANKEL LLP
> 990 Marsh Road
> Menlo Park, CA 94025
> pandre@kramerlevin.com
> lkobialka@kramerlevin.com
> jhannah@kramerlevin.com

> /s/ Dabney J. Carr, IV
> Dabney J. Carr, IV (VSB No. 28679)
> **TROUTMAN SANDERS** LLP
> 1001 Haxall Point
> Richmond, VA 23219
> Telephone:  (804) 697-1200
> Facsimile:  (804) 697-1339
> dabney.carr@troutmansanders.com

> *Counsel for Defendant Cisco Systems, Inc.*

DM2\9040596.4