# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **CENTRIPETAL NETWORKS, INC.,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **CISCO SYSTEMS, INC.** ) <br> ) <br> Defendant. ) | Case No. 2:18cv00094-MSD-LRL |

### DEFENDANT CISCO SYSTEMS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF (NOS. 1- 23)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Cisco Systems, Inc. ("Cisco"), hereby propounds these Interrogatories (each, an "Interrogatory," collectively, the "Interrogatories") on Plaintiff Centripetal Networks, Inc. ("Centripetal"). Each Interrogatory is to be answered separately, fully, in writing and under oath within thirty (30) days of service, pursuant to the Federal Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

Each of these definitions and instructions is incorporated into each of the Interrogatories.

1. The term "Action" means the above-captioned lawsuit, Civil Action No. 2:18-cv-00094-MSD-LRL, in the United States District Court for the Eastern District of Virginia, Norfolk Division.

2. The terms "Cisco" and "Defendant" shall mean the Defendant in this Action, Cisco Systems, Inc.

3. The terms "Centripetal", "Plaintiff", "you", and "your" shall mean the entity identified in Paragraph 1 of Plaintiff's First Amended Complaint for Patent Infringement, filed March 29, 2018 (Dkt. No. 29) and its predecessors.

4. The term "'193 Patent" means U.S. Patent No. 9,686,193.

1

5. The term "'176 Patent" means U.S. Patent No. 9,560,176.

6. The term "'077 Patent" means U.S. Patent No. 9,560,077.

7. The term "'722 Patent" means U.S. Patent No. 9,413,722.

8. The term "'806 Patent" means U.S. Patent No. 9,203,806.

9. The term "'713 Patent" means U.S. Patent No. 9,160,713.

10. The term "'552 Patent" means U.S. Patent No. 9,124,552.

11. The term "'213 Patent" means U.S. Patent No. 9,565,213.

12. The term "'205 Patent" means U.S. Patent No. 9,137,205.

13. The term "'148 Patent" means U.S. Patent No. 9,674,148.

14. The term "'856 Patent" means U.S. Patent No. 9,917,856.

15. The phrase "Patents-in-Suit" means the '193, '176, '806, and '856 Patents, and claims 49-90, and corresponding description, of the '205 Patent.

16. The phrase "Asserted Claims" means any claims of the Patents-in-Suit that Centripetal is permitted to assert in this Action.

17. The phrase "Related Patent" shall mean and refer to any U.S. or foreign patent or application in any jurisdiction worldwide which claims priority from the Patents-in-Suit or to which the Patents-in-Suit claim priority, including but not limited to any and all parent applications, originals, divisionals, renewals, continuations, continuations-in-part, continuation prosecution applications, provisional applications, reissues, re-examinations, extensions, patents of importation, patents of addition, utility models, and foreign counterparts of any of the foregoing, and all patents claiming priority based on or in common with any of the foregoing.

18. The phrase "IPR Patents" means the '077, '722, '713, '552, '213, and '148 Patents, and claims 1-48 and 91-96, and corresponding description, of the '205 Patent.

19. The term "'725 Patent" means U.S. Pat. No. 8,495,725.

20. The phrase "Great Wall Patents" means the '725 Patent, any U.S. or foreign patent or application in any jurisdiction worldwide which claims priority from the '725 Patent or to which the '725 Patent claims priority, including but not limited to U.S. Pat. App. Ser. No.

13/940,240, any and all parent applications, originals, divisionals, renewals, continuations including but not limited to U.S. Pat. App. Ser. No. 13/940,240, continuations-in-part, continuation prosecution applications, provisional applications including but not limited to U.S. Provisional Pat. App. Ser. No. 61/237,974, reissues, re-examinations, extensions, patents of importation, patents of addition, utility models, and foreign counterparts of any of the foregoing including but no limited to International Pat. Pub. No. WO/2011038420A2, Australian Pat. Pub. No. 2010297968B2, European Pat. App. No. 2471218, and Canadian Pat. App. No. 2772630, and all patents claiming priority based on or in common with any of the foregoing.

21. The phrases "Accused Product or Service" or "Accused Products or Services" means any of Cisco's products, devices, programs, applications, clouds, systems, methods, apparatuses, or services that Centripetal contends infringe any claim of the Patents-in-Suit.

22. The phrase "Plaintiff's Patent Practicing Products" means any software and/or appliances designed, developed, and/or sold by Centripetal that Centripetal contends practice any claims of the Patents-in-Suit.

23. The term "Document" is synonymous in meaning and equal in scope to the usage of this term in the Federal Rules.

24. The terms "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

25. The terms "Person" or "Persons" means any natural person or any business, legal, or governmental entity or association.

26. The term "Concerning" means, in whole or in part, directly or indirectly, relating to, referring to, connected with, commenting on, responding to, showing, describing, evidencing, analyzing, reflecting, or constituting.

27. The term "Prior art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102–103, and includes, without limitation, any patent or printed publication, or any prior knowledge, prior use, prior sale or offer for sale in the United States, or other act, event, or thing defined in 35 U.S.C. § 102, taken individually or in combination.

28. The terms and phrases "Referring to", "Relating to", or "Regarding" mean concerning, containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising, or otherwise pertinent to the matter or any aspect thereof.

29. The terms "Infringement", "Infringe", "Infringes", "Infringed", or "Infringing" mean direct infringement, contributory infringement, induced infringement, joint infringement, literal infringement, and/or infringement under the doctrine of equivalents.

30. The phrase "Describe in Detail" means to state and describe, with specificity, each and every fact, ultimate fact, circumstance, incident, act, omission, event, date, and/or legal contention pertaining to the matter(s) inquired on in the interrogatory.

31. Whenever used herein, the singular includes the plural and vice versa; the words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope; the words "all" or "any" shall mean "any and all"; the word "including" means "including without limitation."

32. The use of a verb in any tense includes use of the verb in all other tenses.

33. Where knowledge or information in your possession is requested, the request extends to knowledge or information in the possession of Your predecessors and/or successors, as well as to information in the possession of Your officers, directors, agents, employees, servants, representatives, and unless privileged, attorneys.

34. When referring to a Person, "Identify" or "To Identify" means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.

35. When referring to documents, "Identify" or "To Identify" means to give, to the extent known, the type of document, the general subject matter, the date of the document, the author(s), addressee(s) and recipient(s), and production numbers.

36.     If You allege privilege or immunity as to information or documents, or if an interrogatory is otherwise not answered in full, You shall state the specific grounds for not answering in full, identify all information or documents for which privilege or immunity is claimed, and answer the interrogatory to the extent to which there is no objection.

37.     If You elect to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit Defendants to locate and identify, as readily as You can, the business records from which the answer may be ascertained, as required by Fed. R. Civ. P. 33(d).

**INTERROGATORIES**

1.      For each Asserted Claim of the Patents-in-Suit, Describe in Detail how the claim is infringed by each Accused Product or Service, and for each claim, Your answer should Identify (i) each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality of Cisco's of which You are aware, (ii) where each element of each asserted claim is found within each Accused Product or Service, including for each element that You contend is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Product or Service that performs the claimed function; and (iii) whether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the Accused Product or Service.

2.      For each allegation that Cisco has induced the infringement of an Asserted Claim, identify the complete legal and factual basis for such allegation including by (i) Identifying the acts of direct infringement (including the Accused Products giving rise thereto) on which You intend to rely, (ii) Identifying the direct infringer(s) on which You intend to rely, (iii) Describing in Detail the acts of Cisco that You contend induce that direct infringement, (iv) Identifying the basis of Your contention that Cisco had the requisite knowledge of the Patent(s)-in-Suit *and* knowledge of the infringement thereof during any period of alleged inducement, and (v) Identifying all Documents and evidence that relate to such alleged inducement.

3.      Separately for each Asserted Claim, state the alleged priority date for the claim and Describe in Detail the basis for such priority date, including the column and line numbers of any patent or patent application in which You contend the subject matter claimed in the Patents-in-Suit is described in accordance with 35 U.S.C. § 112.

4.      Separately for each Asserted Claim, Describe in Detail all facts concerning any and all alleged evidence of "secondary considerations" (including but not limited to commercial success, industry recognition or praise, copying, long-felt need, failure of others, commercial acquiescence, unexpected results, improved results, and/or new results) that You contend should be considered in determining whether that claim is non-obvious under 35 U.S.C. § 103, Identify

6

all persons with knowledge of such evidence, and Identify all Documents that support Your contention.

5. Separately for each Patent-In-Suit and each Accused Product or Service, Identify the date on which You contend Cisco received actual notice of infringement of each Patent-In-Suit, and Identify all Documents supporting Your contention, each Person with personal knowledge of facts or documents supporting Your contention, and any Communications with Cisco regarding the Patents-in-Suit.

6. Separately for each Patent-In-Suit, Identify the date on which You contend Cisco received actual or constructive notice of each Patent-In-Suit, and Identify all Documents supporting Your contention, each Person with personal knowledge of facts or documents supporting Your contention, and any Communications with Cisco regarding the Patents-in-Suit.

7. Identify and Describe in Detail any and all Communications You have had with Cisco or any of its predecessors, including ThreatGRID, including without limitation with respect to Centripetal's alleged participation in CiscoLive, and regardless of whether such Communications were direct or indirect, including without limitation through an intermediary such as Granite Hill Capital Partners, and Identify all Documents relating thereto, and each Person with personal knowledge of facts or Documents relating to such Communications.

8. Identify the complete legal and factual basis for any allegation by You that Cisco copied any item of Centripetal's patented technology, including by specifically Identifying (i) each item of Centripetal's patented technology You allege Cisco copied, (ii) the specific features of the Accused Products or Services that allegedly copy each item of Centripetal's patented technology, (iii) the claim(s) and claim limitation(s) of the Patents-in-Suit that You contend render each allegedly copied item "patented", (iv) the specific Centripetal product, literature, document, program code or other material that You contend Cisco copied, and (v) the facts and circumstances of each alleged instance of copying (including who copied what, where, when and how), and (vi) Identifying all Documents and Evidence that relate to such alleged copying.

7

9. Identify each category of damages Centripetal is seeking for the alleged infringement, as well as all theories of recovery, factual support for those theories, and computations of damages within each category, including with respect to: (a) lost profits; (b) price erosion; (c) convoyed or collateral sales; (d) reasonable royalty; and any other form of damages.

10. Separately for each Asserted Claim, describe in detail the patented improvement of the claim over the Prior Art, and in doing so, describe in detail what elements of the claim were conventional or previously known aspects of that Asserted Claim, including but not limited to describing the incremental value added by the patented invention over the Prior Art.

11. To the extent that You contend that Your damages are substantiated by a quantitative metric (e.g., counting the lines of code, counting the pages of manuals, etc.) that You contend pertain to an Accused Product or Service, Identify, for each Accused Product or Service, (i) the specific portions of the items counted (e.g. the specific lines of code, the specific pages of manuals, etc.) that pertain to just the portion of each Asserted Claim representing the patented improvement over the prior art that You identified in response to Interrogatory No. 10, and (ii) which, if any, items You are counting to substantiate Your damages (e.g. the specific lines of code, the specific pages of manuals, etc.) that You contend were not present in the prior art, including the prior art versions of the Accused Product or Service.

12. Identify and Describe in Detail all valuations, including all valuations embodied in a report, study or other document, for any purpose, including without limitation tax and/or fund-raising purposes, that have analyzed the value of or valued, in whole or in part, Centripetal or Centripetal's patents, patent applications, trade secrets, or any other intellectual property of Centripetal, including but not limited to one or more of the Patents-in-Suit, the IPR Patents, and/or the Great Wall Patents.

13. Describe in Detail each offer, Communication, discussion, and/or negotiation to license (in whole or in part), buy, or sell one or more of the Patents-in-Suit, any Related Patents, or any IPR Patents, by or to Centripetal, including but not limited to the Identity of each Person who participated on behalf of Centripetal and any entity other than Centripetal, the dates and

terms of any such offers, discussions, or negotiations, and the terms of any resulting license(s), sale, or purchase, and the Identity of all Documents Relating to the foregoing.

14. Separately for each Asserted Claim, Describe in Detail all facts and circumstances Relating to the conception and first reduction to practice (both actual and constructive) of the claimed invention, the basis for any allegation that such reduction to practice was diligent, including without limitation the Identity of each Person with knowledge Relating to or corroborating Your response, including Persons not named as inventors, and the Identity of all Documents Relating to or corroborating Your response.

15. Separately for each Asserted Claim, Describe in Detail the facts and circumstances of the first to occur of the following events concerning the claimed invention: first offer for sale, first sale, first public disclosure, first public use, or first disclosure to another of the claimed invention, including without limitation the date on which such event occurred, the Identity of each person with knowledge Relating to or corroborating your response, and the Identity of all Documents Relating to or corroborating Your response.

16. Excluding all Prior Art cited during prosecution, or reexamination, or public post-grant proceeding at the USPTO (e.g. *inter partes* reviews), Identify all Prior Art or potential Prior Art to the Patents-in-Suit or Related Patents known or made known to each person or entity that has ever claimed rights to the Patents-in-Suit, including but not limited to Centripetal, and any person or entity on behalf of the foregoing, including a detailed description of when, by whom, and under what circumstances such Prior Art was discovered or identified.

17. Separately for each Patent-in-Suit, Identify each product or method developed, demonstrated, imported, manufactured, marketed, offered for sale, or sold by You, any current or prior owner, or any inventor of any of the Patents-in-Suit, including without limitation the RuleGATE product, Threat Intelligence Gateway, and any product associated with the CleanINTERNET service that You assert, or have asserted, embodies, in whole or in part, any of the purported inventions claimed in the Patents-in-Suit, and Identify the claim(s) of the Patents-in-Suit that you assert, or have asserted, are embodied by such product or method.

18.     Separately for each product and method that You identified in Your response to Interrogatory No. 17, Describe in Detail the facts and circumstances of the first to occur of the following events Concerning such product or method: first offer for sale, first sale, first public disclosure, or first public use, including without limitation the date on which such event occurred, the Identity of each person with knowledge Relating to or corroborating your response, and the Identity of all Documents Relating to or corroborating Your response.

19.     To the extent that You contend that one or more claims of one or more Patents-in-Suit covers the ability of or enables any product or method developed, demonstrated, imported, manufactured, marketed, offered for sale, or sold by You, any current or prior owner, or any inventor of any of the Patents-in-Suit, including without limitation the RuleGATE product, to scale to larger networks, and/or to scale the number of rules that the product or method could apply into the millions of rules, Identify the claim(s) of the Patents-in-Suit that You contend covers or enables such scalability, and separately for each Identified claim, Identify (i) the particular claim element in such claim that You contend covers or enables such scalability and (ii) the column and line numbers of the corresponding Patent-in-Suit is described in accordance with 35 U.S.C. § 112.

20.     Describe in Detail each offer, Communication, discussion, and/or negotiation to license (in whole or in part), buy, or sell one or more of the Great Wall Patents, by or to Centripetal, including but not limited to the Identity of each Person who participated on behalf of Centripetal and any entity other than Centripetal, the dates and terms of any such offers, discussions, or negotiations, and the terms of any resulting license(s), sale, or purchase, and the Identity of all Documents Relating to the foregoing.

21.     Separately for each Patent-In-Suit, Describe in Detail the level of knowledge, schooling, experience, expertise, or relevant technical information of a person having ordinary skill in the art to which the inventions claimed in the Patent-in-Suit or Related Patents pertain.

22.     Describe in Detail all facts and circumstances Relating to Your contention that Cisco's infringement has been willful, including your allegation that Cisco, "despite its

knowledge of Centripetal's patent rights, engaged in egregious behavior warranting enhanced damages," and Identify all Documents supporting Your contention, each Person with personal knowledge of facts or documents supporting Your contention and all Communications Relating to Your contention.

23. Describe in Detail the factual and legal bases supporting Your contention that You are entitled to a permanent injunction against Cisco and Identify all Documents supporting Your contention.

        CISCO SYSTEMS, INC.

        By: /s/ Nicole E. Grigg
        Nicole E. Grigg (formerly Johnson)
        Counsel for Defendant

Dabney J. Carr, IV, VSB No. 28679
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com

Louis N. Jameson (admitted pro hac vice)
Matthew C. Gaudet (admitted pro hac vice)
John R. Gibson, VSB No. 72968
Jennifer H. Forte (admitted pro hac vice)
**DUANE MORRIS, LLP**
1075 Peachtree Street, N.E., Suite 2000
Atlanta, Georgia 30309-3929
Telephone: (404) 253-6900
Facsimile: (404) 253-6901
wjameson@duanemorris.com
mcgaudet@duanemorris.com
jrgibson@duanemorris.com
jhforte@duanemorris.com

Joseph A. Powers (admitted pro hac vice)
**DUANE MORRIS, LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 689-3797
japowers@duanemorris.com

Nicole E. Grigg (formerly Johnson) (pro hac vice pending)
**DUANE MORRIS, LLP**
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: 650-847-4176
Facsimile: 650-523-4780
negrigg@duanemorris.com

Christopher J. Tyson, VSB No. 81553
**DUANE MORRIS, LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776 7851
Facsimile: (202) 478 2620
cjtyson@duanemorris.com

*Counsel for Defendant Cisco Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2019, a complete copy of the following DEFENDANT CISCO SYSTEMS, INC.'S FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF (NOS. 1-23) was served via electronic mail upon the following counsel of record for Plaintiff Centripetal Networks, Inc.:

Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimilie: (888) 360-9092
senoona@kaufcan.com

Paul J. Andre
Lisa Kobialka
James Hannah
Hannah Lee
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
hlee@kramerlevin.com

_____/s/ Nicole E. Grigg_____
Nicole E. Grigg (formerly Johnson) (pro hac vice pending)
**DUANE MORRIS, LLP**
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: 650-847-4176
Facsimile: 650-523-4780
negrigg@duanemorris.com
*Counsel for Defendant Cisco Systems, Inc.*

14