**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| **CENTRIPETAL NETWORKS, INC.,**   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. 2:18cv00094-HCM-LRL |
| ) | |
| **CISCO SYSTEMS, INC.**   ) | |
| ) | |
| Defendant.   ) | |

## DEFENDANT CISCO SYSTEM INC.'S MEMORANDUM IN SUPPORT OF MOTION TO FILE MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE OPINIONS OF MR. LANCE GUNDERSON AND CERTAIN EXHIBITS THERETO UNDER SEAL

Defendant Cisco Systems, Inc. ("Cisco"), by counsel, states as follows in support of its Motion to File its Memorandum in Support of Motion to Exclude Opinions of Mr. Lance Gunderson and Certain Exhibits Thereto Under Seal ("Cisco's Motion").

## BACKGROUND

Pursuant to E.D. Va. Local Rule 5(C), Defendant Cisco Systems, Inc. ("Cisco"), by counsel, moves the Court for an Order sealing portions of its Memorandum in Support of Motion to Exclude the Opinions of Mr. Lance Gunderson (the "Confidential Memorandum") as well as Exhibits 1-5 thereto (the "Confidential Exhibits").

The sealed portions of the Confidential Memorandum reference (1) the Binding Term Sheet entered into between Plaintiff Centripetal Networks, Inc. ("Centripetal") and third party, Keysight/Ixia designated by Centripetal as "Highly Confidential – Attorneys' Eyes' Only" under the Protective Order [Dkt. 194], (2) Cisco's confidential financial information related to the accused products designated by Cisco as "Highly Confidential – Attorneys' Eyes' Only" under the Protective Order [Dkt. 194], and (3) deposition testimony of Centripetal employees Christopher

Gibbs and Jess Parnell designated by Centripetal as "Highly Confidential – Attorneys' Eyes' Only" under the Protective Order [Dkt. 194].

The Confidential Exhibits are:

- Ex. 1 – Excerpts from the Expert Report of Lance E. Gunderson designated as "Highly Confidential – Attorneys' Eyes' Only" under the Protective Order [Dkt. 194], which contains Cisco's confidential sales information related to the accused products the disclosure of which would cause competitive harm to Cisco;

- Ex. 2 – Excerpts from the Expert Report of Stephen L. Becker, Ph.D., designated by Cisco as "Highly Confidential – Attorneys' Eyes' Only" under the Protective Order [Dkt. 194], which contains Cisco's confidential sales information relating to the accused products, the disclosure of which would cause competitive harm to Cisco;

- Ex. 3 – Excerpts from the deposition of Christopher Gibbs designated by Centripetal as "Highly Confidential – Attorneys' Eyes' Only" under the Protective Order [Dkt. 194];

- Ex. 4 – Excerpts from the Expert Report of William G. Krieger designated by Centripetal as "Highly Confidential – Attorneys' Eyes' Only" under the Protective Order [Dkt. 194];

- Ex. 5 – Excerpts from the deposition of Jess Parnell designated by Centripetal as "Highly Confidential – Attorneys' Eyes' Only" under the Protective Order [Dkt. 194].

Cisco is filing the Confidential Memorandum and the Confidential Exhibits as sealed documents through the Court's ECF system pending the Court's decision on this Motion.

## ARGUMENT

The Fourth Circuit has established both substantive and procedural requirements that a district court must follow in reviewing a motion to seal materials or testimony. *Virginia Dep't. of State Police v. The Washington Post*, 386 F.567, 576 (4th Cir. 2004).[1] Substantively, the Court must determine the source of the public's right to access and then weigh the appropriate competing interests. *Id*. Procedurally, the district court must: (A) provide notice to the public and give the public an opportunity to object to the sealing, (B) consider less drastic alternatives, and (C) provide specific findings in support of the decision to seal and the rejection of alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). These prerequisites are satisfied here.

There are two sources for the public's right of access to trial proceedings and materials used in trial proceedings – the common law and the First Amendment. *Washington Post*, 386 F.3d at 575. While the common law recognizes a general right to inspect and copy public records and documents, including judicial records and documents, that right is not absolute and courts may properly deny access to court records and files where such access "might become a vehicle for improper purposes." *Nixon v. Warner Comm's., Inc.*, 435 U.S. 589, 597-98 (1978). Whether to allow access to court records under the common law right of public access is "left to the sound discretion of the court … in light of the relevant facts and circumstances of the particular case." *Id*. at 598. In particular, "courts have refused to permit their files to serve … as sources of business information that might harm a litigant's competitive standing." *Id*. Thus, the common law presumption of common law access to all judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*,

---

[1] While Federal Circuit law governs substantive issues in patent cases, the law of the Fourth Circuit governs motions to seal. *Level 3 Comm's., LLC v. Limelight Networks, Inc.*, 611 F.Supp.2d 572, 575 (E.D.Va. 2009).

3

846 F.2d 249, 253 (4th Cir. 1988). The Court must weigh the competing public and private interests to determine if the party seeking to overcome the common law presumption in favor of public access has met its burden of showing "some significant interest that outweighs the presumption." *Id*.

The First Amendment to the U.S. Constitution also presumes a public right to access to civil trials and some civil filings. *See e.g. ACLU v. Holder*, 2011 U.S. App. LEXIS 6216 at *18 (4th Cir. Mar. 28, 2011). While the common law right of access attaches to all judicial records and documents, however, the First Amendment guarantee of access to civil court proceedings extends only to trial proceedings and to dispositive motions and hearings. *Id*. at 578-79.

Here, since the Confidential Memorandum and the Confidential Exhibits are being filed in connection with a non-dispositive Motion, only the common law right of public access applies. The Confidential Memorandum and the Confidential Exhibits, which have been appropriately marked and filed under seal pending the resolution of this Motion, include Cisco's confidential sales and financial information regarding Cisco's accused products which has been marked confidential. This confidential information has not been made public and Cisco has a legitimate interest in maintaining the confidential nature of its sales and financial information which overcomes the common law presumption in favor of public access. In addition, the Confidential Memorandum and Confidential Exhibits include information which Centripetal has marked as confidential, which Cisco is obligated to file under seal under the provisions of the Protective Order [Dkt. 194]. As recognized by Federal Rule of Civil Procedure 26(c) and case law, it is appropriate for federal courts to protect the confidentiality of information such as that referenced in the Confidential Memorandum and the Confidential Exhibits.

Given the confidential nature of the Confidential Memorandum and the Confidential Exhibits and the necessity of filing those documents with the Court, there is no alternative other than filing under seal that will protect such information from disclosure to the public. Cisco therefore seeks the sealing of the Confidential Memorandum and the Confidential Exhibits pursuant to Local Civil Rule 5.

A. Public Notice

Cisco has filed contemporaneously herewith a Notice of this Motion to be docketed by the Clerk, which will provide the public with an opportunity to bring objections, if any, to sealing the Confidential Memorandum and the Confidential Exhibits. The Court does not need to provide individual notice to the public of each document that is to be sealed. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). It is sufficient to docket the notice "reasonably in advance of deciding the issue." *Id.*

B. Less Drastic Alternatives

Cisco requests sealing of the Confidential Memorandum and the Confidential Exhibits because those documents contain Cisco's highly confidential sales and financial information related to the accused Cisco products which is subject to the disclosure restrictions set forth in the parties proposed Protective Order [Dkt. No. 194] and which Cisco has previously marked as "Highly Confidential – Attorneys' Eyes Only."

Sealing the Confidential Memorandum and the Confidential Exhibits is necessary to avoid the public disclosure of Cisco's confidential sales and financial information because no procedure other than filing under seal will be sufficient to preserve the confidentiality of the information. *See, e.g.*, *Walker Systems, Inc. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W. Va. 1999) (stating "[w]here … the information sought to be protected concerns documents that the parties in good

5

faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted") (*citing Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995); Fed. R. Civ. P. 26(c)).

C. Specific Findings

As stated above, the Confidential Memorandum and the Confidential Exhibits, which have been appropriately marked and filed under seal pending the resolution of this Motion, include confidential information relating to Cisco's sales and financial information related to the accused Cisco products. This confidential information has not been made public, and Cisco has a legitimate interest in maintaining the confidential nature of the information in these documents which overcomes the common law presumption in favor of public access. As recognized by Federal Rule of Civil Procedure 26(c) and case law, it is appropriate for federal courts to protect the confidentiality of information such as that referenced in the Confidential Memorandum and the Confidential Exhibits, and there is no competing interest which would justify disclosure of this information. Given the confidential nature of the Confidential Memorandum and the Confidential Exhibits and the necessity of filing those documents with the Court, there is no alternative other than filing under seal that will protect such information from disclosure to the public. Cisco therefore seeks the sealing of the Confidential Memorandum and the Confidential Exhibits pursuant to Local Civil Rule 5.

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant its Motion and enter the attached proposed Order providing for the sealing of the Confidential Memorandum and the Confidential Exhibits.

Dated: March 2, 2020　　　　　　　　　　　　　　　　　　CISCO SYSTEMS, INC.

By /s/ *Dabney J. Carr, IV*
Of Counsel

Dabney J. Carr, IV, VSB No. 28679
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com

**DUANE MORRIS LLP**
Louis N. Jameson (admitted pro hac vice)
Matthew C. Gaudet (pro hac vice pending)
John R. Gibson, VSB No. 72968
Jennifer H. Forte (admitted pro hac vice)
1075 Peachtree Street, N.E., Suite 2000
Atlanta, Georgia 30309-3929
Telephone: (404) 253-6900
Facsimile: (404) 253-6901
wjameson@duanemorris.com
jrgibson@duanemorris.com
jhforte@duanemorris.com

Joseph A. Powers (admitted pro hac vice)
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 689-3797
japowers@duanemorris.com

John M. Baird, VSB No. 77827
Christopher J. Tyson, VSB No. 81553
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776 7851
Facsimile: (202) 478 2620
jmbaird@duanemorrris.com
cjtyson@duanemorris.com

Nicole E. Grigg (formerly Johnson) (admitted *pro hac vice*)
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: (650) 847-4176
Facsimile: (650) 618-2713
NEGrigg@duanemorris.com

*Counsel for Defendant Cisco Systems, Inc.*