FILED
APR 23 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CENTRIPETAL NETWORKS, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CISCO SYSTEMS, INC., )<br>)<br>Defendants. ) | Civil Action No. 2:18cv94 |

## ORDER

This matter is before the Court on Defendant Cisco Systems, Inc, ("Cisco") Motion Opposing Trial Entirely by Videoconference. Doc. 387. For the following reasons herein, Cisco's Motion is **DENIED**. In light of the ongoing national emergency with respect to the coronavirus pandemic, the United States District Court for the Eastern District of Virginia has issued the following general orders, providing temporary emergency video and teleconferencing for civil and criminal hearings, including the use of Zoomgov for remote proceedings, when consent is provided in accordance with applicable statutes and rules of the Judicial Conference of the United States. See General Order 2020-09/ Authorization to Use Video Teleconferencing Pursuant to the CARES Act; General Order 2020-11/ Public Access to Remote Hearings.

In its Motion, Cisco raises a variety of objections to the Court decision to hold the trial of the case by Zoom's videoconference platform. Cisco objects to the lack of security on the Zoom platform stating that their confidential material may be made available to the public during a video trial. This is not a meritorious argument to warrant the non-use of Zoom because a trial in the courtroom would similarly be open to the public. As a solution to other security concerns, Cisco suggests the Court should use Cisco's platform WebEx as an alternative to Zoom. The

Court declines this suggestion as any technological failure that may occur while using the WebEx software would open Cisco up to prejudicial accusations. Nevertheless, Counsel is free to use any software of their choosing to communicate between each other during trial. The Court notes that the use of outside communication software during the video trial enhances the ability of co-counsel to easily communicate when compared to sitting in the courtroom.

Moreover, national security has been presented as a reason to expedite the trying of this case by Zoom during the COVID-19 pandemic. Cisco, now, objects to these concerns noting that Plaintiff Centripetal's technology is not currently used in any national security context. However, Cisco's technology is currently used in the national security context and to the extent, if any, it overlaps with Centripetal technology, it may have a direct impact on national security. Additionally, this trial concerns the protection of intellection property. The protection of intellectual property is of paramount concern and the Court seeks to resolve the matter with a sense of urgency. Therefore, for these reasons, the Court finds ample grounds to proceed expeditiously with the resolution of this case.

Next, Cisco cites concerns about its ability to effectively cross examine witnesses by video. This objection fails for two reasons. First, both parties are required to disclose all exhibits, except those for used for purposes of impeachment, in advance of trial and therefore both sides will know what evidence is intended to be presented at trial. Second, both parties are required to prepare an exhibit book. These books are not required to be exchanged until the beginning of direct examination and cross examination of each witness. Therefore, Cisco's concerns regarding cross examination are unfounded. Cisco's has cited additional concerns regarding the Rule of Sequestration. If called upon to do so, the Court will impose its usual limitation upon witness discussing testimony with one another or counsel discussing past testimony with the witness in

advance of future testimony. There still exists the normal exception for the ability of an expert witness to listen to witness testimony. Additionally, the general prohibition on televising, recording or photographing any civil or criminal court proceedings remains in effect for remote proceedings. See E.D. Va. Loc. Civ. R. 83.3. The Court finds that the operation of any video or audio recording device by any lawyer, litigant, participant or observing member of the public or press is prohibited during remote proceedings. The Court will not presume that counsel or any witnesses will violate any separation or recording rules that it imposes.

Moreover, during a previous telephonic hearing, Cisco cited the high dollar amount in controversy as a reason for postponing trial. This objection was not raised again on the papers and the Court shall not address it further. Lastly, the Court has previously asked the parties if there were any objections to the Court's review of the Centripetal v. Keysight trial transcript. The Court did not recall any objection raised by the Defendant. Considering this, the Court has had the transcript prepared but has not reviewed it. The Court has decided that it will not review any of the transcript for the reasons cited in by Cisco in its brief.

Accordingly, for the following reasons, Cisco's Motion is **DENIED**. The Clerk is **REQUESTED** to electronically deliver a copy of this Order to all counsel of record.

It is **SO ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

April 23rd, 2020
Norfolk, Virginia