**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | | |
|---|---|---|
| **CENTRIPETAL NETWORKS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:18cv00094-HCM-LRL** |
| | ) | |
| **CISCO SYSTEMS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT CISCO SYSTEM INC.'S MEMORANDUM IN SUPPORT OF
MOTION TO FILE UNDER SEAL**

Defendant Cisco Systems, Inc. ("Cisco"), by counsel, states as follows in support of its
Motion to File Under Seal its Motion for Miscellaneous Relief (the "Motion"), the Memorandum
in Support of the Motion and Exhibits A and B thereto (the "Confidential Pleadings").

**BACKGROUND**

Pursuant to E.D. Va. Local Rule 5(C), Defendant Cisco Systems, Inc. ("Cisco"), by
counsel, moves the Court for an Order sealing the Confidential Pleadings.  The Confidential
Pleadings include information which Cisco believes the Court would consider confidential.  Cisco
is filing the Confidential Pleadings as sealed documents through the Court's ECF system pending
the Court's decision on this Motion.  Should the Court deny this Motion, Cisco will promptly file
the Confidential Pleadings publicly.

**ARGUMENT**

The Fourth Circuit has established both substantive and procedural requirements that a
district court must follow in reviewing a motion to seal materials or testimony.  *Virginia Dep't. of
State Police v. The Washington Post*, 386 F.567, 576 (4th Cir. 2004).  Substantively, the Court
must determine the source of the public's right to access and then weigh the appropriate competing

interests. *Id*. Procedurally, the district court must: (A) provide notice to the public and give the public an opportunity to object to the sealing, (B) consider less drastic alternatives, and (C) provide specific findings in support of the decision to seal and the rejection of alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

There are two sources for the public's right of access to trial proceedings and materials used in trial proceedings – the common law and the First Amendment. *Washington Post*, 386 F.3d at 575. While the common law recognizes a general right to inspect and copy public records and documents, including judicial records and documents, that right is not absolute, and courts may properly deny access to court records and files where such access "might become a vehicle for improper purposes." *Nixon v. Warner Comm's., Inc.*, 435 U.S. 589, 597-98 (1978). Whether to allow access to court records under the common law right of public access is "left to the sound discretion of the court … in light of the relevant facts and circumstances of the particular case." *Id*. at 598. In particular, "courts have refused to permit their files to serve … as sources of business information that might harm a litigant's competitive standing." *Id*. Thus, the common law presumption of common law access to all judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The Court must weigh the competing public and private interests to determine if the party seeking to overcome the common law presumption in favor of public access has met its burden of showing "some significant interest that outweighs the presumption." *Id*.

The First Amendment to the U.S. Constitution also presumes a public right to access to civil trials and some civil filings. *See e.g. ACLU v. Holder*, 2011 U.S. App. LEXIS 6216 at *18 (4th Cir. Mar. 28, 2011). The First Amendment guarantee of access to civil court proceedings,

however, extends only to trial proceedings and to dispositive motions and hearings. *Id*. at 578-79. Here, since the Confidential Pleadings are not being filed in connection with trial proceedings, only the common law right of public access applies.

Cisco takes no position on whether the Confidential Pleadings contain information which requires sealing and is moving to seal the Confidential Pleadings only because they contain information which has not been made public and which Cisco believes the Court would consider confidential. Given the nature of the Confidential Pleadings and the necessity of filing those documents with the Court, however, there is no alternative that will protect the information in the Confidential Pleadings from disclosure while the Court considers whether the Confidential Pleadings should remain sealed. Cisco therefore seeks the sealing of the Confidential Pleadings pursuant to Local Rule 5.

A. Public Notice

Cisco has filed contemporaneously herewith a Notice of this Motion to be docketed by the Clerk, which will provide the public with an opportunity to bring objections, if any, to sealing the Confidential Pleadings. The Court does not need to provide individual notice to the public of each document that is to be sealed. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). It is sufficient to docket the notice "reasonably in advance of deciding the issue." *Id.*

B. Less Drastic Alternatives

Cisco moves to seal the Confidential Pleadings because those documents contain information which Cisco believes the Court would consider confidential. Sealing the Confidential Pleadings is necessary to avoid the public disclosure of this information because no procedure other than filing under seal pending the resolution of this Motion.

C.  Specific Findings

As stated above, the Confidential Pleadings, which have been appropriately marked and filed under seal pending the resolution of this Motion, include information which Cisco believes the Court would consider confidential.  This confidential information has not been made public. Given the necessity of filing those documents with the Court, there is no alternative other than filing under seal that will protect the information in the Confidential Pleadings from disclosure during the pendency of the motion.

**CONCLUSION**

For the foregoing reasons, Defendant requests that the Court grant its Motion and enter the attached proposed Order providing for the sealing of the Confidential Pleadings.  Should the Court deny this Motion, Cisco will promptly refile the Confidential Pleadings publicly.

Dated: August 21, 2020                                CISCO SYSTEMS, INC.


By /s/ *Dabney J. Carr, IV*
Of Counsel

Dabney J. Carr, IV, VSB No. 28679
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com

**DAVIS POLK & WARDWELL LLP**
Neil H. MacBride, VSB No. 79883
neil.macbride@davispolk.com
901 15th Street, NW
Washington, DC 20005
Tel:    (202) 962-7000
Fax:    (202) 962-7111

**DUANE MORRIS LLP**
Louis N. Jameson (admitted pro hac vice)

Matthew C. Gaudet (pro hac vice pending)
John R. Gibson, VSB No. 72968
Jennifer H. Forte (admitted pro hac vice)
1075 Peachtree Street, N.E., Suite 2000
Atlanta, Georgia 30309-3929
Telephone: (404) 253-6900
Facsimile: (404) 253-6901
wjameson@duanemorris.com
jrgibson@duanemorris.com
jhforte@duanemorris.com

Joseph A. Powers (admitted pro hac vice)
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 689-3797
japowers@duanemorris.com

John M. Baird, VSB No. 77827
Christopher J. Tyson, VSB No. 81553
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776 7851
Facsimile: (202) 478 2620
jmbaird@duanemorrris.com
cjtyson@duanemorris.com

Nicole E. Grigg (formerly Johnson) (admitted *pro hac vice*)
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: (650) 847-4176
Facsimile: (650) 618-2713
NEGrigg@duanemorris.com

*Counsel for Defendant Cisco Systems, Inc.*