**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| CENTRIPETAL NETWORKS, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:18-cv-00094–EWH-LRL |
| ) | |
| v. ) | |
| ) | |
| CISCO SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

### CENTRIPETAL NETWORKS, INC.'S
### PROPOSAL ON HOW THE CASE SHOULD PROCEED

Judge Morgan thoughtfully, thoroughly, and equitably conducted a six-week bench trial generating over 3,500 pages of testimony, approximately 300 trial exhibits, and a lengthy technology tutorial. The Court allowed the parties a fair and ample chance to argue all of their positions and reached decisions that are still binding in this matter. This Court's efforts to complete this case after remand should build on that extensive work and not shortcut nor side step it in any way.

Consistent with this conclusion, the Federal Circuit ordered that upon remand this case should proceed pursuant to Rule 63, which provides:

> If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

Fed. R. Civ. P. 63.

Centripetal proposes that the Court, after reviewing the entire case record and certifying familiarity with it, should build on this work and decide this case based on the current record,

1

with the exception of addressing the issue of further damages.  In the two years since trial, Cisco continues to sell products that infringe Centripetal's patents.  Thus, supplemental discovery into the sales of those products is required to assess Centripetal's damages.  If, after reviewing the record, the Court determines that the case requires credibility determinations as to the testimony of witnesses, the Court may recall certain witnesses.  *See Henry A. Knott Co. v. Chesapeake & Potomac Tel. Co.*, 772 F.2d 78, 85, 87 (4th Cir. 1985) ("A hearing *de novo* . . . must be conducted if the case requires the trier of fact to make credibility determinations concerning the testimony of witnesses.").  Centripetal expects that will be unnecessary and wasteful in light of the robust 3,507-page trial record (including a technology tutorial) and approximately 300 exhibits that will enable the Court to familiarize itself with and decide the case, including credibility determinations based on conflicts in testimony and as between contemporaneous documents and testimony.

During the parties' meet and confer, Cisco proposed a redo "summary judgment process" that is improper and should be rejected.  First, Cisco's prior summary judgment motion was denied, and Cisco improperly seeks a second bite at the apple.  *See, e.g., Campers' World Int'l, Inc. v. Perry Ellis Int'l, Inc*., 221 F.R.D. 409, 409 (S.D.N.Y. 2004) ("it is improper for a party to file a successive motion for summary judgment which is not based upon new facts and which seeks to raise arguments it could have raised in its original motion.") (citation omitted).  Indeed, the Federal Circuit made clear that "the only rulings subject to vacatur are those issued after Judge Morgan learned of his wife's financial interest in Cisco." *Centripetal Networks, Inc. v. Cisco Sys., Inc.*, 38 F.4th 1025, 1039 (Fed. Cir. 2022).  Thus, there is no question that his earlier decisions, including those denying Cisco's summary judgment motion (Dkt. No. 412) and

Cisco's motion for judgment on partial findings under Rule 52(c) (Dkt. No. 444; Dkt. No. 521, Trial Tr. 1636:22-1656:13), remain intact.

Second, the legal authorities Cisco cited during the meet and confer do not reflect its summary judgment process proposal. Neither Wright & Miller nor the Ninth Circuit in *Patelco Credit Union v. Sahni*, 262 F.3d 897, 906 (9th Cir. 2001), suggest that summary judgment motion practice is advisable in a case like this one, where a party seeks a second bite at summary judgment after a lengthy and extensive trial. To the contrary, Wright & Miller makes clear that "Rule 63 is not an invitation to reargument before a new judge of legal questions already determined by the original judge." Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2922 (3d ed).

Third, Cisco asserted in the parties' meet and confer that through its proposed summary judgment process the Court "will have been introduced to key issues without having to wade through the entire trial record in the first instance." That assertion is misplaced. Cisco's suggestion that the Court need not review the "entire trial record" before deciding the case is contrary to Rule 63's mandate that the Court may only proceed *after* "certifying familiarity with the record." Fed. R. Civ. P. 63. In any event, the Court does not need summary judgment motions to be introduced to the issues; both parties filed Proposed Findings of Fact and Conclusions of Law that contain citations to the trial record (Dkt. Nos. 474, 475, 477, 478) which the Court will review.

Finally, because summary judgment is improper here, Cisco's suggestion to appoint a Special Master to address the summary judgment briefing should likewise be rejected. To the extent Cisco suggests that a Special Master can relieve a district court of its obligation to familiarize itself with the record under Rule 63, Cisco is incorrect. The remand in this case should not be an invitation to redo, delegate, or cast aside the hard work of Judge Morgan. This

Court is well able to review the extensive trial record presented and make appropriate rulings without resorting to short cuts or second chances.

                                      Respectfully submitted,

Dated: October 11, 2022                */s/ Stephen E. Noona*
                                              Stephen Edward Noona
                                              Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W Main St., Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com

Paul J. Andre (*pro hac vice*)
Lisa Kobialka (*pro hac vice*)
James Hannah (*pro hac vice*)
Hannah Lee (*pro hac vice*)
Kristopher Kastens (*pro hac vice*)
Michael Lee (*pro hac vice*)
Melissa Brenner (*pro hac vice*)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
hlee@kramerlevin.com
kkastens@kramerlevin.com
mhlee@kramerlevin.com
mbrenner@kramerlevin.com

Eileen Patt (*pro hac vice*)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
epatt@kramerlevin.com

**ATTORNEYS FOR PLAINTIFF
CENTRIPETAL NETWORKS, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of electronic filing to all counsel of record.

                                                */s/ Stephen E. Noona*
                                                Stephen E. Noona
                                                Virginia State Bar No. 25367
                                                KAUFMAN & CANOLES, P.C.
                                                150 West Main Street, Suite 2100
                                                Norfolk, VA 23510
                                                Telephone: (757) 624-3239
                                                Facsimile: (888) 360-9092
                                                senoona@kaufcan.com