**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | | |
|---|---|---|
| CENTRIPETAL NETWORKS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:18-cv-00094–RCY-LRL |
| | ) | |
| CISCO SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S STATEMENT REGARDING REMAND PROCEEDINGS**

Defendant Cisco Systems, Inc. ("Cisco") respectfully files this statement setting forth its

position regarding proceedings before this Court on remand.

**I.      Procedural Posture of the Case**

Before setting forth Cisco's proposal, there are several important background points the

Court should consider regarding the current posture of this case and related proceedings in the

Patent Office.

**A.      The Federal Circuit's Decision and Federal Rule 63**

A unanimous panel of the Federal Circuit vacated Judge Morgan's final judgment on

June 23, 2022, with instructions to "remand for further proceedings before a newly appointed

judge, who shall decide the case without regard for the vacated opinions and orders…."  Doc.

646 at 27.  The Federal Circuit directed that the remand be governed by Federal Rule of Civil

Procedure 63.  Doc. 646 at 19.  Under Rule 63, this Court can proceed with a summary judgment

process based on the existing trial record, and then recall witnesses on any remaining disputed

issues that cannot be resolved via summary judgment.  *See, e.g.*, *Patelco Credit Union v. Sahni*,

262 F.3d 897, 906 (9th Cir. 2001) ("[a] significant body of case law supports" the principle that a

new judge can "examine the trial transcript as if it were 'supporting affidavits' for summary

judgment purposes and enter summary judgment if no credibility determinations are required"

(quoting 12 Moore's Federal Practice §63.05[3] (3d ed. 1999)).  The Federal Circuit did not

reach the merits of Cisco's non-infringement positions, but a review of the record shows that it

does not infringe any asserted patent under any legally proper analysis of the asserted claims.

### B.      Centripetal's Pending Petition for Certiorari

On September 13, 2022, Centripetal filed a petition for writ of certiorari in the Supreme

Court of the United States, seeking to reverse the Federal Circuit's decision in this case.  Cisco's

response to Centripetal's petition is due on November 16, 2022.  Cisco does not believe that

Centripetal's petition warrants Supreme Court review.  Nonetheless, awaiting a ruling on the

petition for certiorari is a logical step in this case to ensure there are not potentially parallel

proceedings in the Supreme Court and in this Court.

### C.      Patent Office Proceedings That Can Streamline Merits Issues

There are several post-trial developments in the Patent Office that will impact the merits

of this case, and which may simplify the issues before this Court.  By way of background, the

original trial in this case involved five patents.  Before the trial, the Court required Centripetal to

elect no more than two specific claims from each of those five patents to assert at trial.  Doc. 75

at 1.  The asserted claims of one of those five patents have been conclusively invalidated by the

Patent Office, and it may invalidate the asserted claims of another patent by no later than May

2023.  Both of these patents are discussed below.

The '205 Patent.  The Patent Office invalidated the asserted claims (*i.e.*, claims 63 and

77) of U.S. Patent No. 9,137,205 (the '205 Patent) after the trial via an *ex parte* reexamination.

*See Ex Parte Re-examination Certificate of the '205 Patent* (issued March 28, 2022), attached

hereto as Exhibit A. The time to appeal from that decision has expired.  The invalidation of those

claims is therefore final, and so Centripetal can no longer assert the '205 Patent in this case.

The '856 Patent.  The asserted claims of U.S. Patent No. 9,917,856 (the '856 Patent) are currently the subject of an instituted *inter partes* review, in which the Patent Office has already stated that the merits of the invalidity arguments "seem particularly strong."  *Palo Alto Networks, Inc. v. Centripetal Networks, Inc.*, IPR2022-0182, Paper 11 at 21 (PTAB May 25, 2022).[1]  The Final Written Decision on that patent is due by May 25, 2023.  If the Patent Office stands by its initial findings, the asserted claims of the '856 Patent would be held unpatentable, and that patent would be removed from this case as well.

## II.    Cisco's Proposal on Remand Under Rule 63

As a threshold matter, Cisco believes it would be an inefficient use of this Court's resources to undertake Rule 63 proceedings on remand until the Supreme Court disposes of Centripetal's petition for certiorari and the Patent Office concludes its *inter partes* review of the '856 Patent.  Cisco thus proposes that the Court resume proceedings on remand *after* the Patent Office's decision on the validity of the claims of the '856 Patent.  At that point – no later than May 25, 2023 – the Court and the parties will know the exact scope of the necessary proceedings under Rule 63, and Centripetal's petition for certiorari will also have been resolved.

Then, the first step of the remand proceedings under Rule 63 should be a round of summary judgment briefing on the remaining patents.  As the Federal Circuit noted, the case potentially could be resolved "based on the transcript from the previous trial."  Doc. 646 at 19.  In its footnote 13, the Federal Circuit cited Wright & Miller (*see* Doc. 646 at 19-20 n.13), which explains that, "[o]n a motion for summary judgment, the successor judge may treat the record of

---

[1] As permitted by the applicable statute, Cisco timely sought to join this *inter partes* review after the Patent Office instituted the review proceeding, and Centripetal opposed.  The Patent Office has not yet ruled on Cisco's proposed joinder, but that ruling will not impact the May 25, 2023 deadline for the Patent Office to determine whether the asserted claims of the '856 Patent are unpatentable.

any trial before the predecessor judge as 'supporting affidavits,' and rule on the basis of it." Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2922 (3d ed).  For example, the Ninth Circuit explained that a succeeding judge may examine the trial transcript as if it were "supporting affidavits" for summary judgment and enter summary judgment if no credibility determinations are required to resolve a claim as a matter of law (*i.e.*, the normal summary judgment standard). *Patelco*, 262 F.3d at 906.

Cisco proposes that the parties brief issues that they respectively believe can be resolved based on the trial record without the need to make credibility determinations.[2]  For Cisco, such issues would include at least non-infringement of the three patents whose validity was not reexamined by the Patent Office after the trial – *i.e.*, U.S. Patent Nos. 9,203,806 (the '806 Patent); 9,560,176 (the '176 Patent); and 9,686,193 (the '193 Patent) – and potentially non-infringement of the '856 Patent if it survives the pending *inter partes* review referenced above.[3]  While Cisco believes it is entitled to summary judgment on these issues, at the very least

---

[2] An option within the Court's discretion is the appointment of a Special Master to evaluate the summary judgment motions in the first instance, similar to Judge Young's recent use of a Special Master to issue a Report and Recommendation on claim construction issues in *Daedalus Blue LLC v. Microstrategy Inc.,* Civil Action No. 2:20CV551 (RCY) (E.D. Va.), Doc. 77 (10/28/21 Order).  If the Court were to determine that this is a helpful approach, this case fits squarely within the purpose of Federal Rule of Civil Procedure 53 for appointing a Special Master.  *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1566 (Fed. Cir. 1988) ("Masters can properly aid the court in evaluating issues of patent validity and infringement in the context of motions for summary judgment.").

[3] Two sets of post-trial proceedings relating to the '806,'176, and '193 Patents demonstrate the reasonableness of Cisco's position that this case can *at least* be narrowed further through a Rule 63 summary judgment proceeding.  First, Centripetal brought proceedings in Germany against Cisco alleging infringement of the foreign counterparts of the '806 and '176 Patents, which foreign counterparts have the same key claim requirements as these two U.S. patents, and the same accused Cisco products.  In December 2021, the German court found Cisco's accused products (the same products as issue here) do *not* infringe either of these patents based on the same facts that were undisputed in this case.  Second, the asserted claims of the '193 Patent were the subject of a post-trial *ex parte* reexamination, in which Centripetal made further statements limiting the scope of its claimed invention to convince the Patent Office not to

the summary judgment process will effectively "road map" key issues for the Court.  Regardless of how the Court ultimately rules on any of the summary judgment issues, therefore, the Court will have been introduced to key issues without having to wade through the entire trial record in the first instance.

Finally, for any issues the Court determines cannot be resolved as a matter of law based on that briefing, and for which the Court decides it needs to hear witness testimony and make credibility determinations (per Rule 63), the Court could then set a hearing, as necessary.

---

cancel the claims.  Those statements now restrict what Centripetal can attempt to cover with the '193 Patent, and makes its infringement theory against Cisco impossible as a matter of law.

Dated:  October 11, 2022

Respectfully submitted,

*/s/ Dabney J. Carr*
Dabney J. Carr, IV, VSB No. 28679
**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutman.com

Louis N. Jameson (admitted pro hac vice)
Matthew C. Gaudet (admitted pro hac vice)
John R. Gibson, VSB No. 72968
Jennifer H. Forte (admitted pro hac vice)
**DUANE MORRIS, LLP**
1075 Peachtree Street, N.E., Suite 1700
Atlanta, Georgia 30309-3929
Telephone: (404) 253-6900
Facsimile: (404) 253-6901
wjameson@duanemorris.com
mcgaudet@duanemorris.com
jrgibson@duanemorris.com
jhforte@duanemorris.com

Joseph A. Powers (admitted pro hac vice)
**DUANE MORRIS, LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 689-3797
japowers@duanemorris.com

John M. Baird, VSB No. 77827
Christopher J. Tyson, VSB No. 81553
**DUANE MORRIS, LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776 7851
Facsimile: (202) 478 2620
cjtyson@duanemorris.com

*Attorneys for Defendant*
*Cisco Systems, Inc.*