# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

| | |
|---|---|
| CENTRIPETAL NETWORKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-00094-EWH-LRL |
| ) | |
| CISCO SYSTEMS, INC. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF CISCO SYSTEMS, INC.'S MOTION FOR PARTIAL STAY OF THE CASE AS TO U.S. PATENT NO. 9,917,856, PENDING RESOLUTION OF *INTER PARTES* REVIEW PROCEEDING**

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND.............................................2

III.    ARGUMENT AND CITATIONS TO AUTHORITY ............................................2

    A.    Legal Standard ........................................................................................... 2

    B.    All Three Factors Support a Partial Stay ................................................... 3

        1.    A Partial Stay Will Simplify the Case ........................................... 3

        2.    A Partial Stay Would Not Unduly Prejudice Centripetal ............................ 4

        3.    The Early Stage of This Remanded Case Favors a Stay............................ 6

IV.    CONCLUSION.......................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Audio MPEG, Inc. v. Hewlett-Packard Comp.*, Civil Action No. 2:15-cv-73, 2015 WL 5567085 (E.D. Va. Sept. 15, 2015) ................................................................................6

*Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353 (Fed. Cir. 2017) ..............................................3

*Ethicon v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988) ........................................................................2

*NTP, Inc. v. T-Mobile USA, Inc.*, No. 3:07-CV-548, 2007 WL 3254796 (E.D. Va. Nov. 2, 2007) ...............................................................................................................5

*PersonalWeb Techs., LLC v. Facebook, Inc.,* No. 5:13-CV-01356-EJD, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014) ..............................................................................4

*Sharpe Innovations, Inc. v. T-Mobile, USA, Inc.,* Civil No. 2:17-cv-351-RGD-DEM, ECF. No. 41 (E.D. Va. Jan. 10, 2018) ........................................................ 5-6

*In re: TLI Commc'ns Inc. Patent Litig.*, No. 1:14-cv- 02534, 2014 WL 12615711 (E.D. Va. Aug. 11, 2014) ...............................................................................................3

*Univ. of Va. Patent Found. v. Hamilton Co.,* Civil Action No. 3:13-cv-33, 2014 WL 4792941 (E.D. Va. 2014) ...............................................................................................3

*Va. Innovation Sci., Inc. v. Samsung Elecs. Co. Ltd., et. al.,* Case No. 2:14-cv-217, ECF No. 59 (E.D. Va. Nov. 18, 2014) ..........................................................................6

*VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed. Cir. 2014) .................................6

*XR Comms., LLC v. D-Link Sys., Inc. et al.*, Case 8:17-cv-00596-DOC-JDE, Doc. 548 (C.D. Cal. Oct. 26, 2022) .............................................................................................6

**Other Authorities**

*Changes to Implement Inter Partes Review Proceedings*, 77 Fed. Reg. 157 (Aug. 14, 2012) ............................................................................................................................2

## I.     INTRODUCTION

Cisco moves the Court for a partial stay of proceedings, respectfully requesting a stay of proceedings regarding U.S. Patent No. 9,917,856 ("the '856 Patent") until the Patent Trial and Appeal Board ("PTAB") issues its final written decision in the pending '856 Patent *inter partes* review ("IPR"), which is expected by May 25, 2023.  Cisco would then request a continuation of this partial stay on appeal <u>only if</u> the PTAB invalidates the asserted claims of the '856 Patent in the final written decision.

On May 25, 2022, the PTAB instituted IPR regarding the '856 Patent (the "'856 Patent IPR"), which is one of the four patents currently at issue in this case.[1]  The PTAB did so in a 91-page Decision that found that the merits of the unpatentability arguments "seem particularly strong."  *See Palo Alto Networks, Inc. v. Centripetal Networks, Inc.,* IPR2022-0182, Paper 11 at 21 (PTAB May 25, 2022) (the "Institution Decision"), attached hereto as Exhibit A.  The statutory deadline for the final written decision ("FWD") is May 25, 2023.

Granting a partial stay will promote judicial economy.  The outcome of the '856 Patent IPR has the potential to eliminate the '856 Patent from this case, just as occurred with the '205 Patent after the original trial in this case.  Continuing to litigate the claims of the '856 Patent while the IPR is pending will consume substantial resources of the parties and potentially the Court, all of which may be rendered moot if the PTAB holds the asserted '856 Patent claims unpatentable.  Alternatively, even if the claims survive the '856 Patent IPR, statements made by Centripetal during the '856 Patent IPR will be relevant to further proceedings in this case, as they will be

---

[1] The Federal Circuit remanded five patents to this Court, but at the parties' October 18, 2022 status conference, Centripetal conceded that U.S. Patent No. 9,137,205 is no longer at issue in this case.  *See* Transcript of Status Conference, at 9 (Oct. 18, 2022) (D.I. 663).

binding representations as to the permissible scope of the claims, which will be relevant to this Court's evaluation of Centripetal's infringement contentions regarding the '856 Patent.

Furthermore, granting a partial stay will not unduly prejudice Centripetal, particularly given that Rule 63 proceedings involving the other three patents at issue in this action will not be subject to the partial stay and will continue pursuant to the schedule that the Court establishes.

Accordingly, Cisco moves for a partial stay of proceedings regarding the '856 Patent pending resolution of the '856 Patent IPR.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In the prior trial of this matter, Centripetal asserted two claims from each of the five patents. Only four of those patents remain in this case, because the '205 Patent has now been conclusively invalidated by the Patent Office. Of the four remaining patents, only the asserted claims of the '856 Patent are currently the subject of an instituted IPR. The Patent Office has already stated that the merits of the invalidity arguments "seem particularly strong." *Palo Alto Networks, Inc. v. Centripetal Networks, Inc.*, IPR2022-0182, Paper 11 at 21 (PTAB May 25, 2022). The Final Written Decision on that patent is due by May 25, 2023. If the Patent Office stands by its initial view, therefore, the asserted claims of the '856 Patent would be held unpatentable in May 2023.

## III. ARGUMENT AND CITATIONS TO AUTHORITY

### A. Legal Standard

Congress established the IPR procedure in order to "establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Changes to Implement Inter Partes Review Proceedings*, 77 Fed. Reg. 157 (Aug. 14, 2012). To achieve this end, courts can employ their inherent power to stay district court litigation pending the resolution of IPR proceedings. *See Ethicon v. Quigg*, 849

F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to enter a stay pending conclusion of a PTO reexamination." (citations omitted)).

In deciding whether to grant a stay, courts in this district consider the totality of the circumstances, including weighing three non-exclusive factors: (i) whether a stay would simplify the matters at issue, (ii) whether a stay would unduly prejudice or clearly disadvantage the non-moving party, and (iii) the stage of the litigation, including whether discovery is complete and a trial date is scheduled.  *See In re: TLI Commc'ns Inc. Patent Litig.*, No. 1:14-cv- 02534, 2014 WL 12615711, *1 (E.D. Va. Aug. 11, 2014) (granting stay of district court proceedings after filing of IPR petitions).  Here, all three factors weigh in favor of granting Cisco's request for a partial stay.

  **B.**  **All Three Factors Support a Partial Stay**

    **1.**  **A Partial Stay Will Simplify the Case**

Granting a stay of proceedings as to the '856 Patent until May 2023 pending the '856 Patent IPR likely will simplify this case, narrow its scope, and reduce the burden on the Court and the parties.  *See Univ. of Va. Patent Found. v. Hamilton Co.,* Civil Action No. 3:13-cv-33, 2014 WL 4792941, *2 (E.D. Va. 2014) ("granting a stay pending IPR may simplify, or even eliminate, many issues before the court, whereas denying the stay may result in duplicative efforts in two venues.").

If the PTAB's evaluation that the challenges to this patent "seem particularly strong" is borne out in a final written decision holding the asserted claims unpatentable, then the Court will not need to evaluate Centripetal's infringement allegations regarding those claims.

But even if the '856 Patent survives the IPR, statements made by Centripetal during the IPR regarding the scope of its patent claims form a part of the prosecution history for the '856 Patent that must be considered in evaluating Centripetal's infringement allegations.  *See Aylus*

3

*Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361 (Fed. Cir. 2017) (holding that "statements made by a patent owner during an IPR proceeding" can constitute "prosecution disclaimer.") Specifically, Centripetal already has made—and likely will continue to make—statements during the '856 Patent IPR proceeding that are binding on Centripetal in this case, and therefore will narrow the permissible scope of Centripetal's infringement allegations regarding the '856 Patent.[2] It would be premature and wasteful for this Court to assess Centripetal's infringement allegations regarding the '856 Patent if the work may have to be re-done in light of new statements made by Centripetal in the IPR in an effort to save the patent.

Because a partial stay has the potential to significantly streamline this case, this factor weighs heavily in favor of a stay.

### 2. A Partial Stay Would Not Unduly Prejudice Centripetal

Centripetal will not be unduly prejudiced by a partial stay. The other three patents would be the subject of Rule 63 proceedings between now and May 2023, and so there is already plenty of work to do.

The delay as to the '856 Patent associated with the IPR is statutorily limited and cannot itself constitute a basis for undue prejudice. *See PersonalWeb Techs., LLC v. Facebook, Inc.,* No. 5:13-CV-01356-EJD, 2014 WL 116340, at *5 (N.D. Cal. Jan. 13, 2014) ("a delay inherent to a stay does not constitute, by itself, undue prejudice." (citations omitted)). As courts here have

---

[2] This is not merely hypothetical, as Centripetal has already made statements in the '856 Patent IPR that will impact Centripetal's infringement case in front of this Court. As one example of what Centripetal has done already to try and save this patent, Centripetal has *distinguished* (i) what the '856 claims require to prove infringement (the "filtering" of "packets comprising encrypted data") *versus* (ii) merely filtering "decrypted data" (which is what Centripetal accused Cisco's products of doing to infringe the patent -- but Centripetal now is telling the PTAB is not even covered by its claims). *See, e.g.,* IPR2022-01151 Patent Owner's Preliminary Response (October 7, 2022), 36 ("[the prior art]'s policy-based filtering is performed on **decrypted data**, not "packets comprising encrypted data" as claimed."), attached hereto as Exhibit B; *id.* at 44.

4

explained, "the statutory time constraints on IPR proceedings limit the extent of prejudice to the non-movant, particularly where a stay would not diminish the amount of monetary damages recoverable by the plaintiff." *Sharpe Innovations, Inc. v. T-Mobile, USA, Inc.,* Civil No. 2:17-cv-351-RGD-DEM, ECF. No. 41, at *7 (E.D. Va. Jan. 10, 2018).

If Centripetal has claims to pursue relating to the '856 Patent after the IPR is resolved, a stay will not limit its ability to recover damages, provided it can show infringement of the '856 Patent. *See NTP, Inc. v. T-Mobile USA, Inc*., No. 3:07-CV-548, 2007 WL 3254796, at *3 (E.D. Va. Nov. 2, 2007) ("By filing these suits, [plaintiff] is eligible to recover damages for any infringement of the patents-at-issue that occurs while reexamination is proceeding."). Likewise, the prospect of continuing the stay during a Centripetal appeal if the '856 Patent is invalidated in the May 23, 2023 FWD is not a unique circumstance; Cisco is not aware of any decisions where courts in this district have proceeded to trial on a patent that already stands invalidated in an IPR while that decision is on appeal.

Nor does the timing of this Motion—after appeal and remand—prejudice Centripetal. Although the procedural posture of this case is unique (*i.e.*, a remand for Rule 63 proceedings), the overarching principal at issue is not: if a patent is found invalid by the PTAB, the Court need not proceed to decision regarding infringement of that patent.

Finally, Cisco has acted reasonably and timely in seeking a partial stay by raising it at the earliest opportunity during the remand proceedings.

In sum, Centripetal will not suffer undue prejudice from a partial stay. This factor weighs strongly in favor of partially staying this case pending the resolution of the '856 Patent IPR.

5

### 3. The Early Stage of This Remanded Case Favors a Stay

As courts in this district and others have recognized, stays early in the case are favored because of their potential effectiveness in conserving the parties' and the Court's resources. *See Va. Innovation Sci., Inc. v. Samsung Elecs. Co. Ltd., et. al.,* Case No. 2:14-cv-217, ECF No. 59, *4 (E.D. Va. Nov. 18, 2014) ("A stay pending IPR at the early stages of a lawsuit has the potential to save 'a significant amount of time and effort by all parties involved through a simplification of the issues presented.'" (quoting *TLI Commc'ns,* 2014 WL 12615711, at *1)); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014) (holding that early stage of litigation "heavily favors" a stay). Generally, the time for assessing the stage of the litigation is when the stay motion is filed. *See VirtualAgility*, 759 F.3d at 1317.

Here, the early stage of the Rule 63 remand proceedings favors a partial stay. Since the case has been remanded, the only substantive proceeding has been an initial status conference. The Court has not set any deadlines other than those associated with this Motion. The Court has not yet determined how the case will proceed given the Federal Circuit's direction that the case shall be governed by Rule 63. The partial stay can be built into the forthcoming schedule by having the parties focus on the other three patents between now and May 2023.

Courts in this district and elsewhere have granted stays of entire cases in favor of post-grant review proceedings when cases were at similar early stages. *See Audio MPEG, Inc. v. Hewlett-Packard Comp.*, Civil Action No. 2:15-cv-73, 2015 WL 5567085, *4 (E.D. Va. Sept. 15, 2015). Furthermore, a court in this district granted a stay even though it had scheduled a claim construction hearing and trial date and discovery had begun but remained "far from complete." *Sharpe Innovations, Inc. v. T-Mobile, USA, Inc*., ECF. No. 41, at *4. Likewise, stays for IPRs can issue even when discovery has closed and trial is only a few months away. *See*, *e.g*., *XR Comms.,*

6

*LLC v. D-Link Sys., Inc. et al.*, Case 8:17-cv-00596-DOC-JDE, Doc. 548 at 2, 3 (C.D. Cal. Oct. 26, 2022) (staying for recently instituted IPR even though "fact discovery is complete and a trial date has been set" because "[a]lthough this matter has progressed to its later phases, there is still considerable work before the Court"). Here, the remand proceedings are at an early stage, which favors a stay until the '856 Patent IPR is resolved.

## IV. CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court grant this Motion and enter a partial stay of proceedings regarding the '856 Patent pending resolution of the '856 Patent IPR proceeding. As part of an Order granting the requested stay, Cisco proposes that the parties be directed to file a status report advising the Court of the status of the '856 IPR proceedings within 10 days of the FWD.

November 1, 2022                                        CISCO SYSTEMS, INC.


                                                        By:    */s/ Dabney J. Carr*
                                                                  Of Counsel

Dabney J. Carr, IV, VSB No. 28679
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutman.com

7

Charles K. Seyfarth, VSB No. 44530
O'HAGAN MEYER
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7137
Facsimile: (804) 237-0250
cseyfarth@ohaganmeyer.com

Louis N. Jameson (admitted pro hac vice)
Matthew C. Gaudet (admitted pro hac vice)
John R. Gibson, VSB No. 72968
Jennifer H. Forte (admitted pro hac vice)
**DUANE MORRIS, LLP**
1075 Peachtree Street, N.E., Suite 1700
Atlanta, Georgia 30309-3929
Telephone: (404) 253-6900
Facsimile: (404) 253-6901
wjameson@duanemorris.com
mcgaudet@duanemorris.com
jrgibson@duanemorris.com
jhforte@duanemorris.com

Joseph A. Powers (admitted pro hac vice)
**DUANE MORRIS, LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 689-3797
japowers@duanemorris.com
John M. Baird, VSB No. 77827
Christopher J. Tyson, VSB No. 81553
**DUANE MORRIS, LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776 7851
Facsimile: (202) 478 2620
cjtyson@duanemorris.com

*Attorneys for Defendant*
*Cisco Systems, Inc.*

8