THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| CENTRIPETAL NETWORKS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | Case No.: No. 2:18-cv-00094-EWH-LRL |

**PLAINTIFF CENTRIPETAL NETWORKS, LLC'S SUPPLEMENTAL
PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

# TABLE OF CONTENTS

**Page**

PROPOSED FINDINGS OF FACT ............................................................................................ 1

CONCLUSIONS OF LAW ........................................................................................................... 3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
    239 F.3d 1343 (Fed. Cir. 2001)..................................................................................................3

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
    535 U.S. 722 (2002).....................................................................................................................4

*Kimberly-Clark Corp. v. Johnson & Johnson*,
    745 F.2d 1437 (Fed. Cir. 1984)..................................................................................................3

*Mass. Inst. of Tech. v. Shire Pharms., Inc.*,
    839 F.3d 1111 (Fed. Cir. 2016)..................................................................................................4

*Omega Eng'g, Inc. v. Raytek Corp.*,
    334 F.3d 1314 (Fed. Cir. 2003)..................................................................................................4

*Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*,
    599 F.3d 1308 (Fed. Cir. 2010)..................................................................................................5

*Scripps Clinic & Research Found. v. Genentech, Inc.*,
    927 F.2d 1565 (Fed. Cir. 1991), *overruled on other grounds by Abbott Labs.
    v. Sandoz, Inc.*, 566 F.3d 1282 (Fed. Cir. 2009) ........................................................................3

*Sterner Lighting, Inc. v. Allied Elec. Supply, Inc.*,
    431 F.2d 539 (5th Cir. 1970) .....................................................................................................3

*Trading Techs. Int'l, Inc. v. Open E Cry, LLC*,
    728 F.3d 1309 (Fed. Cir. 2013)..................................................................................................3

*Verizon Servs. Corp. v. Vonage Holdings Corp.*,
    503 F.3d 1295 (Fed. Cir. 2007)..................................................................................................4

*W.L. Gore & Assocs., Inc. v. Garlock, Inc.*,
    842 F.2d 1275 (Fed. Cir. 1988), *abrogated on other grounds by eBay Inc. v.
    MercExchange, LLC,* 547 U.S. 388 (2006) ...............................................................................3

Plaintiff Centripetal Networks, LLC ("Centripetal") respectfully submits the following Supplemental Proposed Findings of Fact and Conclusions of Law addressing DTX-1717, DTX-1718, and Cisco's arguments relating to U.S. Patent No. 9,560,176 ("the '176 Patent"), pursuant to the Court's July 7, 2023 Order (Dkt. No. 763) and the parties' Joint Stipulation Regarding Supplemental Proposed Findings of Fact and Conclusions of Law (Dkt. No. 760).  Centripetal incorporates by reference its Proposed Findings of Fact and Conclusions of Law relating to its technology tutorial and the '176 Patent.  *See* Dkt. No. 725, Findings of Fact, Sections IV, VII; *id.*, Conclusions of Law, Sections II, III, VII(C).

## PROPOSED FINDINGS OF FACT

1.  On September 17, 2018, Defendant Cisco Systems, Inc. ("Cisco") filed two Petitions for *Inter Partes* Review of the '176 Patent ("Cisco IPRs").  Dkt. No. 46-1, ¶ 9 (Declaration of Daniel McCloskey in Support of Cisco's Motion to Stay Pending IPRs).

2.  In both Petitions, Cisco argued, *inter alia*, that the combination of prior art references disclosed the "responsive to correlating" limitation of the '176 Patent.  DTX-1717 at 3, 9-10, 21-23 (discussing Cisco's '176 Patent Petitions in IPR2018-01654, IPR2018-01655).

3.  Centripetal applied consistent claim construction and scope in responses to both of the IPRs and in this case, and Cisco cannot point to any record evidence that Centripetal's response to the IPR petitions were inconsistent with the positions Centripetal took in this case.

4.  In 2021, Palo Alto Networks, Inc., ("PAN") filed a Petition for *Inter Partes* Review of the '176 Patent ("PAN IPR").

5.  Centripetal pointed out that the claims require generating rules responsive to correlating packets and that the prior art "takes remedial steps, e.g., taking corrective actions, based upon determining that a device is potentially infected with malicious software code," not

1

"responsive to correlating packets. DTX-1717 ('1521 Centripetal Prelim. Resp. at 46–47). Accordingly, Centripetal noted that the prior art in the PAN IPR shared the same deficiencies as the prior art in the Cisco IPRs because to the extent that any rules are generated in the combination, they would be (as PAN admitted) generated upon the detection of malicious activity, not responsive to correlating. *Id*. at 47.

6. The PTAB agreed that, at best, the prior art in the PAN IPR would generate rules responsive to detecting malicious activity, not in response to correlating packets. DTX-1718 ('1521 Decision Denying Institution at 17-18) ("As described by Petitioner, the combination before us does not explain why or how Paxton's correlation would be the basis for any particular rule that may be created by Sutton.") (citing DTX-1717, Centripetal Prelim. Resp. at 46-47).

7. Centripetal took the same position regarding the scope of the "responsive to correlating" limitation in the Cisco and PAN IPRs, and that position involved nothing more than interpreting the term "responsive to correlating" according to its plain and ordinary meaning.

8. Centripetal has never "disavowed" any scope relating to the "responsive to correlating" limitation. The '176 Patent claims specified that the rules must be generated in response to, and based on, the correlating. *See, e.g.*, DTX-1718 at 6-7 (quoting Claim 1 of '176 Patent). Centripetal maintained the same arguments, based on the same language, in the three unsuccessful IPRs challenging the '176 Patent, so the claim scope was dictated by the actual claim language, not disavowal of scope.

## **CONCLUSIONS OF LAW**

1. The PTAB, Centripetal, Cisco, and the Court agree that the Responsive to Correlating limitation of the '176 Patent requires rule generation to be "responsive to" to the correlating.

2. Centripetal consistently has maintained the same claim construction and claim scope for the '176 Patent throughout this case, the IPRs filed by Cisco, and the IPRs filed by Palo Alto Networks. Conversely, Cisco violated black letter law that patent "claims must be construed the same way for validity and for infringement." *Scripps Clinic & Research Found. v. Genentech, Inc.,* 927 F.2d 1565, 1583 (Fed. Cir. 1991), *overruled on other grounds by Abbott Labs. v. Sandoz, Inc.,* 566 F.3d 1282 (Fed. Cir. 2009); *W.L. Gore & Assocs., Inc. v. Garlock, Inc.,* 842 F.2d 1275, 1279 (Fed. Cir. 1988) ("Having construed the claims one way for determining their validity, it is axiomatic that the claims must be construed in the same way for infringement."), *abrogated on other grounds by eBay Inc. v. MercExchange, LLC,* 547 U.S. 388, 391–94 (2006) (citation omitted); *Kimberly-Clark Corp. v. Johnson & Johnson,* 745 F.2d 1437, 1449 (Fed. Cir. 1984) (claims "must be construed in the identical way for both infringement and validity."); *Amazon.com, Inc. v. Barnesandnoble.com, Inc.,* 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("A patent may not, like a 'nose of wax,' be twisted one way to avoid anticipation and another to find infringement.") (quoting *Sterner Lighting, Inc. v. Allied Elec. Supply, Inc.,* 431 F.2d 539, 544 (5th Cir. 1970) (other citation omitted)).

3. Cisco improperly conflates prosecution history estoppel and prosecution history disclaimer to attempt to shirk its burden of proof. *Trading Techs. Int'l, Inc. v. Open E Cry, LLC,* 728 F.3d 1309, 1322 (Fed. Cir. 2013) (distinguishing prosecution disclaimer, which "affects claim construction," from prosecution history estoppel, which "applies as part of an infringement

3

analysis"). Prosecution history estoppel prevents recapturing claim scope that was disclaimed during prosecution of a patent through the doctrine of equivalents. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733-34 (2002) (estoppel prevents a patentee from re-capturing what is surrendered through a doctrine of equivalents theory). Prosecution history disclaimer prevents recapturing claim scope that is *clearly and unequivocally disclaimed* during prosecution or post-grant proceedings. *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1306 (Fed. Cir. 2007) ("To operate as a disclaimer, the statement in the prosecution must be clear and unambiguous, and constitute a clear disavowal of scope.") (citation omitted); *see also Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1325-26 (Fed. Cir. 2003) (disclaimer requires statements "*so unmistakable as to be unambiguous evidence of disclaimer.*") (citation omitted) (emphasis added). Importantly, the burden is on the party asserting disclaimer to prove by clear and convincing evidence that a disclaimer occurred. *Mass. Inst. of Tech. v. Shire Pharms., Inc.*, 839 F.3d 1111, 1119 (Fed. Cir. 2016) (the party seeking to have disclaimer apply "bears the burden of proving the existence of a clear and unmistakable disclaimer that would have been evident to one skilled in the art.") (internal quotation marks and citation omitted).

4. Here, the Court applies the standard for prosecution disclaimer, because Cisco contends that Centripetal disavowed literal claim scope during IPR proceedings. Cisco has failed to prove a clear and unmistakable disavowal of scope by clear and convincing evidence.

5. Moreover, it is not clear what Cisco really contends was disclaimed. Cisco's incorrect allegation that Centripetal did not prove, as a matter of fact, that the accused products generate or provision rules in response to the correlation of packets does not somehow mean that Centripetal is interpreting its claims to cover systems that do not provision or generate rules responsive to correlating. Cisco argues that factually speaking, it performs correlation and then

4

does not use that information.  Cisco has failed to provide evidence to support that counterfactual contention.

6. As shown, Centripetal has consistently interpreted its claims the same way. Cisco's unremarkable non-infringement position, *i.e.*, that Cisco purportedly does not practice a claim limitation, does not create an issue of claim construction or suggest that Centripetal has somehow broadened its claims.

7. Thus, Cisco's introduction of DTX-1717 and DTX-1718 has no effect on the meaning of the '176 Patent.  The Court applies the plain and ordinary meaning of the "responsive to" limitation.

8. Cisco waived any claim construction arguments based on DTX-1717 and DTX-1718 because it inexplicably waited until May 26, 2023 to raise them—seven months after the Court requested on October 18, 2022 that the parties identify any issues that they would seek to resolve during this Rule 63 remand procedure.  Dkt. No. 663 (Oct. 18, 2022 status conference); Dkt. 698 (Cisco's trial brief).  Cisco has still not made clear, through testimony or documents, what construction it is seeking or how it is different from the plain and ordinary meaning of the "responsive to" claim limitation.  *See Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1315-16 (Fed. Cir. 2010) (when District Court engages in rolling claim construction, it should do so "early enough in the trial to give [the parties] an opportunity to consider the new construction and adjust its arguments to account for the change.").  Applying an after-trial construction at this point would be wholly prejudicial and improper.

                                              Respectfully submitted,

Dated:  July 14, 2023              By:  */s/ Stephen E. Noona*
                                                    Stephen Edward Noona
                                                    Virginia State Bar No. 25367
                                                    KAUFMAN & CANOLES, P.C.
                                                    150 W Main St., Suite 2100
                                                    Norfolk, VA 23510
                                                    Telephone: (757) 624-3239
                                                    Facsimile: (888) 360-9092
                                                    senoona@kaufcan.com

                                                    Paul J. Andre
                                                    Lisa Kobialka
                                                    James Hannah
                                                    Hannah Lee
                                                    KRAMER LEVIN NAFTALIS
                                                    & FRANKEL LLP
                                                    333 Twin Dolphin Drive, Suite 700
                                                    Redwood Shores, CA 94065
                                                    Telephone: (650) 752-1700
                                                    Facsimile: (650) 752-1800
                                                    pandre@kramerlevin.com
                                                    lkobialka@kramerlevin.com
                                                    jhannah@kramerlevin.com
                                                    hlee@kramerlevin.com

                                                    Cristina L. Martinez (pro hac vice)
                                                    KRAMER LEVIN NAFTALIS
                                                     & FRANKEL LLP
                                                    1177 Avenue of the Americas
                                                    New York, NY  10036
                                                    Telephone:  (212) 715-9000
                                                    Facsimile:  (212) 715-8000
                                                    cmartinez@kramerlevin.com

                                                    *ATTORNEYS FOR PLAINTIFF*
                                                    CENTRIPETAL NETWORKS, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of electronic filing to counsel of record.

*/s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
**KAUFMAN & CANOLES, P.C.**
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3239
Facsimile:  (888) 360-9092
senoona@kaufcan.com