**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| CENTRIPETAL NETWORKS, LLC, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 2:18-cv-00094-EWH-LRL |
| ) | |
| v. ) | |
| ) | |
| CISCO SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF CENTRIPETAL NETWORKS, LLC'S RESPONSE TO
DEFENDANT CISCO SYSTEMS, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Centripetal Networks, LLC ("Centripetal") respectfully submits this response to Defendant Cisco Systems, Inc.'s ("Cisco") Notice of Supplemental Authority ("Notice"), Dkt. No. 777. The case cited in the Notice, *Finjan, Inc. v. SonicWall, Inc.*, No. 2022-1048 (Fed. Cir. Oct. 13, 2023), is not analogous because Dr. Striegel did not use the same analysis presented in *SonicWall*, despite Cisco's assertion otherwise.

The apportionment methodology in *SonicWall* involved grouping different accused products into categories. *See Finjan, Inc. v. SonicWall, Inc.*, No. 17-cv-4467-BLF, Order on Motions *In Limine*, Dkt. No. 477 at 17 (N.D. Cal. May 12, 2021) ("grouped the accused products into ten categories, [then] opined that each group consisted of various top-level functions . . ."), attached hereto as Exhibit 1.

Here, by contrast, Dr. Striegel identified the top-level functions specific to each accused product. *See* Centripetal's Proposed Findings of Fact and Conclusions of Law, Dkt. No. 725, at ¶¶ 501-88; Centripetal's Memorandum in Opposition to Defendant's Motion to Exclude the Apportionment-Related Opinions of Dr. Aaron Striegel and the Related Royalty Base Opinions of Mr. Lance Gunderson, Dkt. No. 339, at 3-6, 10-24. He then performed this analysis on a

1

product-by-product and patent-by-patent basis for each of the accused products.  *See id.*  For example, for the accused routers, he did a separate analysis of top-level functions for Integration Services Routers and separately for Aggregation Services Routers, and then he analyzed which top-level functions related to each asserted patent.  Centripetal's Proposed Findings of Fact and Conclusions of Law, Dkt. No. 725, at ¶¶ 533-59.  His approach was conservative because there was overlapping commodity functionality across different accused products that necessarily increased the number of top-level functions for certain combinations of accused products.  *See* Centripetal's Memorandum in Opposition to Defendant's Motion to Exclude the Apportionment-Related Opinions of Dr. Aaron Striegel and the Related Royalty Base Opinions of Mr. Lance Gunderson, Dkt. No. 339, at 20-21.

Dr. Striegel based his evaluation on Cisco's technical product specifications, and his testimony as to the accused product functionalities was consistent with weeks of trial testimony presented to the Court—including the testimony of Cisco's employees and other experts.  *See id.*  Dr. Striegel's apportionment here tracked the approved methodology in *Blue Coat* because he identified functions for each asserted patent consistent with reliable evidence presented at trial.  *See Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1312-13 (Fed. Cir. 2018) (approving "top level function[s]" methodology that was presented at trial).  Though Blue Coat contended that there were additional features behind the top-level functions, the Federal Circuit disagreed.  *Id.* at 1313 (top-level functions analysis sufficient to apportion to footprint of the invention despite testimony that there were "many, many things behind" them).  The fact finder is entitled to credit the evidence that a given top-level function is appropriate.  *See id.*

Moreover, the *SonicWall* case and this case were in markedly different postures at the time of evaluating the sufficiency of Dr. Striegel's testimony.  In this case, the Court received

2

Dr. Striegel's apportionment testimony after hearing extensive evidence regarding the accused products' functionalities and confirmed that testimony was credible in light of the full trial record. In the *SonicWall* case, the court did not have a complete record before it in making its decision. *See SonicWall* at 22-23 (affirming striking of expert opinion *before it went to a jury*, and distinguishing *Blue Coat* as an appeal of a jury damages award after trial).

In sum, nothing in *SonicWall* disturbs the Federal Circuit's precedential holding in *Blue Coat* that approved of the methodology Dr. Striegel used here. *See Blue Coat*, 879 F.3d at 1313 (upholding apportionment).

                                              Respectfully submitted,

Dated: October 20, 2023               By: */s/ Stephen E. Noona*
                                               Stephen Edward Noona
                                               Virginia State Bar No. 25367
                                               KAUFMAN & CANOLES, P.C.
                                               150 W Main St., Suite 2100
                                               Norfolk, VA 23510
                                               Telephone: (757) 624-3239
                                               Facsimile: (888) 360-9092
                                               senoona@kaufcan.com

                                               Paul J. Andre
                                               Lisa Kobialka
                                               James Hannah
                                               Hannah Lee
                                               KRAMER LEVIN NAFTALIS
                                               & FRANKEL LLP
                                               333 Twin Dolphin Drive, Suite 700
                                               Redwood Shores, CA 94065
                                               Telephone: (650) 752-1700
                                               Facsimile: (650) 752-1800
                                               pandre@kramerlevin.com
                                               lkobialka@kramerlevin.com
                                               jhannah@kramerlevin.com
                                               hlee@kramerlevin.com

                                               Cristina L. Martinez (pro hac vice)
                                               KRAMER LEVIN NAFTALIS
                                                & FRANKEL LLP

        1177 Avenue of the Americas
        New York, NY  10036
        Telephone:  (212) 715-9000
        Facsimile:  (212) 715-8000
        cmartinez@kramerlevin.com

*ATTORNEYS FOR PLAINTIFF*
CENTRIPETAL NETWORKS, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of electronic filing to counsel of record.

> */s/ Stephen E. Noona*
> Stephen E. Noona
> Virginia State Bar No. 25367
> **KAUFMAN & CANOLES, P.C.**
> 150 West Main Street, Suite 2100
> Norfolk, VA 23510
> Telephone: (757) 624-3239
> Facsimile: (888) 360-9092
> senoona@kaufcan.com