IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **CENTRIPETAL NETWORKS, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18cv00094-EWH-LRL |
| ) | |
| **CISCO SYSTEMS, INC.** ) | |
| ) | |
| Defendant. ) | |

**CISCO SYSTEMS, INC.'S REPLY TO CENTRIPETAL NETWORKS, LLC'S RESPONSE TO THE NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Cisco Systems, Inc. ("Cisco"), by counsel, submits this short reply to correct the effort by Plaintiff Centripetal Network Inc. ("Centripetal") to create a distinction between Dr. Striegel's analysis in *Finjan LLC v. SonicWall, Inc.* and here that does not exist.

Centripetal asserts that Dr. Striegel's method of grouping and identifying the accused products in this case was different than in *SonicWall*. ECF No. 778, at 1 ("The apportionment methodology in *SonicWall* involved grouping different accused products into categories," whereas here Dr. Striegel "identified the top-level functions specific to each accused product."). This is incorrect. In both cases, Dr. Striegel first grouped products together, and then identified "top-level functions" for each product group based on a product datasheet. In both cases, however, he did not analyze the value of the sub-features identified in those same datasheets.

In *SonicWall*, for example, Dr. Striegel grouped the various accused SonicWall gateways into a product category, and then he relied on a single datasheet for one of those products (the SuperMassive gateways) to identify "top-level functions" across the entire category. *See* Ex. 1 hereto (SonicWall Inc.'s Motion to Exclude Dr. Striegel's Technical Apportionment Opinions and Dr. McDuff's Reliance Thereon, *Finjan, LLC v. SonicWall Inc.*, No. 5:17-cv-04467-BLF-VKD,

ECF No. 362, (N.D. Cal. Mar. 4, 2021) and Ex. 21 thereto (SuperMassive datasheet)). He did the same thing here: he grouped together different Cisco accused products into broad categories (*e.g.*, switches, firewalls, etc.)[1] and then identified "top-level functions" for each product category by relying on a data sheet for one of the products in that category.[2]

In *SonicWall*, the Federal Circuit affirmed the district court's decision to exclude this analysis as methodologically flawed, because the "SonicWall documents relied upon by Finjan's expert to identify the purported 'top-level functions' divide those functions into additional sub-features" but Dr. Striegel "admitted that he presented no analysis to assess the value of the sub-features." *Finjan LLC v. SonicWall, Inc.*, No. 2022-1048, 2023 WL 6775035, at *10 (Fed. Cir. Oct. 13, 2023). Dr. Striegel made the same error here. For example, he identified the "top-level function" of "Risk Mitigation with Multilevel Security" for the accused ISR routers based on the ISR 1000 datasheet (PTX-412) and credited Centripetal with all of the value of that "top-level function". ECF No. 725, at ¶¶ 537, 539, 542, 545. As in *SonicWall*, that "top-level function" comes directly from a datasheet for one of the accused Cisco products (the ISR 1000) that identifies seven sub-features under this heading. ECF No. 725, at ¶ 533 (reproducing PTX-412, at -899).[3] Likewise, Dr. Striegel admitted here that he did not analyze the value of these sub-features.

---

[1] For example, according to Centripetal, the "accused ASA firewalls include Cisco's Adaptive Security Appliance 5500 with Firepower services (version 9.4 and later). The accused Firepower firewalls include Cisco's Firepower Appliance 1000, 2100, 4100, and 9300 series that run Firepower Threat Defense 6.0 and later." ECF No. 725, at ¶ 78.

[2] Using the accused firewalls as an example again, Dr. Striegel relied upon the datasheet for the Cisco ASA 5500 Series (PTX-1106) as representative of each of the different accused products. ECF No. 725, at ¶¶ 560-561.

[3] *See also* ECF No. 725, at ¶¶ 512 (showing PTX-409 for Catalyst switches), 547 (PTX-575 for ASR routers), 561 (PTX-1106 for firewalls), 573 (PTX-410 for DNA Center), 582 (PTX-577 for Stealthwatch).

*Compare SonicWall*, 2023 WL 6775035, at *10, *with* Trial Tr. at 1421:2-10.  Other examples for other accused products can be found at ECF No. 737, at ¶ 495.

More broadly, in *SonicWall*, the Federal Circuit rejected the basic structure of Centripetal's damages case (which Centripetal predicated on its reading of *Blue Coat*): "[i]n *Blue Coat*, we held—as we do here—that Finjan's expert failed to apportion the value of unpatented elements from patented elements." 2023 WL 6775035, at *10.  It went on to hold that the "portion of *Blue Coat* on which Finjan's appeal focuses"—the same portion that Centripetal relied upon here (ECF No. 725, at ¶ 154)—is "inapposite".  *SonicWall*, 2023 WL 6775035, at *10.

CISCO SYSTEMS, INC.

By_____/s/_____
Of Counsel

Dabney J. Carr, IV, VSB No. 28679
**TROUTMAN PEPPER**
  **HAMILTON SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutman.com

Charles K. Seyfarth, VSB No. 44530
**O'HAGAN MEYER**
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7137
Facsimile: (804) 237-0250
cseyfarth@ohaganmeyer.com

Louis N. Jameson (admitted pro hac vice)
Matthew C. Gaudet (admitted pro hac vice)
John R. Gibson, VSB No. 72968
Alice E. Snedeker (admitted pro hac vice)
**DUANE MORRIS, LLP**
1075 Peachtree Street, N.E., Suite 1700
Atlanta, Georgia 30309-3929
Telephone: (404) 253-6900
Facsimile: (404) 253-6901
wjameson@duanemorris.com
mcgaudet@duanemorris.com
jrgibson@duanemorris.com
aesnedker@duanemorris.com

Joseph A. Powers (admitted pro hac vice)
**DUANE MORRIS, LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 689-3797
japowers@duanemorris.com

John M. Baird, VSB No. 77827
Christopher J. Tyson, VSB No. 81553
**DUANE MORRIS, LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776 7851
Facsimile: (202) 478 2620
cjtyson@duanemorris.com

***Attorneys for Defendant
Cisco Systems, Inc.***